UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 07-81091-Civ-Ryskamp/Vitunac

ARMOR SCREEN CORPORATION,
a Florida Corporation,

    Plaintiff,

vs.

STORM CATCHER, INC., a Florida
Corporation, *et al.*,

    Defendants.
_____/



FILED by _____ D.C.

JUL 2 2 2008

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## ORDER

THIS CAUSE is before this Court on Order of Reference (DE 36), filed April 9, 2008, from U.S. District Judge Kenneth L. Ryskamp "for a hearing . . . and decision on defendants' motion for claim construction **[DE 30]**," Order of Reference (DE 59), filed May 13, 2008, from U.S. District Judge Kenneth L. Ryskamp for this Court "to take all necessary and proper action as required by law, and/or to submit a Report and Recommendation to this Court on plaintiff's motions to strike an affirmative defense **[DE 24, 35]**, filed on March 17, 2008 and April 7, 2008, respectively; defendants' motion for a hearing on its motion for claim construction **[DE 31]**, filed on April 3, 2008; defendants' motion for protective order staying the litigation **[DE 37]** filed on April 10, 2008; and defendants' motion for summary judgment **[DE 39-43]**, filed under seal on April 14, 2008," and Order of Reference (DE 64), filed May 16, 2008, from U.S. District Judge Kenneth L. Ryskamp "for all pretrial matters and to take all necessary and proper action as required by law, and/or to submit a Report and Recommendation to this Court."

Before the Court is Plaintiff Armor Screen Corporation's Motion to Strike Defendants Storm Catcher Inc., Storm Smart Building Systems, Inc., Smart Tracks, Inc. And Brian Rist's Fourteenth Affirmative Defense of Unclean Hands (DE 24), filed March 17, 2008. Plaintiff filed a Motion to Strike Defendant Stephen Johnson's Fourteenth Affirmative Defense of Unclean Hands (DE 35) on April 7, 2008, which adopted by reference its March 17, 2008 Motion as to Defendant Stephen Johnson. Defendants' filed a Response (DE 33) on April 3, 2008. Plaintiff filed a Reply (DE 44) on April 14, 2008. This matter is ripe for review.

## BACKGROUND

Plaintiff and Defendants are in the business of manufacturing and installing hurricane protection systems in Florida. On November 16, 2007, Plaintiff filed a Complaint (DE 1) against Defendants alleging causes of action under federal and Florida law for patent infringement, unfair competition and false advertising, violation of Florida's Unfair and Deceptive Trade Practices Act, and tortious interference with business relationships. In the Complaint, Plaintiff claims it lawfully owns United States Patent Number 6,325,085, entitled "Flexible Protective System to Prevent Penetration of Wind Borne Missiles," ('085 Patent), and United States Patent Number 6,865,852, entitled "Flexible Wind Abatement System" ('852 Patent). The Complaint alleges Defendants are making, using, marketing, distributing, selling, and/or offering for sale flexible hurricane protection systems under the brand name "Storm Catcher" that infringe upon the '085 and '852 Patents. In their respective Answers (DE 12, 13, 14, 15, 26), each Defendant asserted as a fourteenth affirmative defense that "Plaintiff's claims relating to the '085 Patent and the '852 Patent are barred and the patents are unenforceable because Plaintiff has come to Court with unclean hands, by reason of the fraudulent transfer of the '085 and '852 Patents by the alleged inventor, Ted Gower, to the Plaintiff."

2

## PARTIES' CONTENTIONS

Plaintiff asks the Court to strike each Defendant's fourteenth affirmative defense of unclean hands as legally insufficient on grounds that the defense "has no nexus to the infringement claims against the Defendants that are at issue in this case." Specifically, Plaintiff contends that the alleged improper transfer of ownership of the '085 and '852 Patents by non-party Ted Gower to Plaintiff has no connection to the present validity of these patents or Defendants' alleged infringement. Plaintiff maintains that, as a matter of law, any alleged fraudulent transfer by Gower bears no impact on Plaintiff's legal rights with respect to the patents. Plaintiff contends that the equitable doctrine of unclean hands can only apply if alleged misconduct by Plaintiff is shown to have adversely affected and been directed towards any of the Defendants. Plaintiff argues that Defendants have made no such showing.

In response, Defendants argue that the alleged improper transfer by Gower to his closely held companies, including Plaintiff, was prompted by Gower's desire to shield the '085 and '852 Patents from his judgment creditors and business partners. Defendants contend that "[h]ad Gower not concealed these patents from his creditors and partners by transferring them to Plaintiff, it is highly probable that he would no longer own and control them, and thus, would be in no position to assert them now against Defendants." Plaintiff further asserts that "Gower's alleged fraudulent conduct with respect to the '085 and '852 Patents has sufficient nexus to this litigation to justify denying Gower the right to enforce" the patents.

In its Reply, Plaintiff argues that the "critical flaw" in Defendants' position is that none of the Defendants claims to be or to have ever been creditors of Plaintiff or Gower, nor has any produced evidence of the same. Thus, Plaintiff argues, Defendants' have improperly invoked the

3

equitable unclean hands doctrine by alleging misconduct with no bearing on the equities between the parties in this action. Plaintiff also argues that every assignment of the '085 and '852 Patents was registered with the U.S. Patent and Trademark Office (PTO), thus placing the world on notice of the transfers. According to Plaintiff, the fact that no creditor ever sought to avoid any transfer between Gower and Plaintiff means that Plaintiff's legal title to the patents is valid and effective.

## DISCUSSION

The issue before the Court is whether Defendants' unclean hands defense should be stricken as legally insufficient. Federal Rule of Civil Procedure 12(f) authorizes this Court to strike from a pleading immaterial matter or any defense that is insufficient as a matter of law. Fed. R. Civ. P. 12(f); Fabrica Italiana Lavorazione Materie Organiche, S.A.S. v. Kaiser Aluminum & Chem. Corp., 684 F.2d 776, 777 (11th Cir. 1982). While motions to strike are generally disfavored in federal practice, a motion to strike may be granted with regard to a defense that can have no possible bearing upon the subject matter of the litigation. Craig Funeral Home, Inc. v. State Farm Mut. Auto. Ins. Co., 254 F.2d 569, 572 (5th Cir. 1958);[1] see also Lafayette Corp., Ltd. v. Bank of Boston Int'l South, 723 F. Supp. 1461, 1466 (S.D.Fla. 1989) (defenses which are insufficient as a matter of law should be stricken "in order to avoid unnecessary time and money in litigating invalid and spurious issues"). An affirmative defense is insufficient as a matter of law if it appears that the defendant cannot succeed under any set of facts which it could prove. Equal Employment Opportunity Comm'n v. First Nat'l Bank, 614 F.2d 1004, 1008 (5th Cir. 1980), cert. denied, 450 U.S. 917 (1981).

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit rendered prior to the close of business on September 30, 1981.

A cardinal rule of equity is that "he who comes into equity must come with clean hands . . . [i]t is a self-imposed ordinance that closes the door . . . to one tainted with inequitableness or bad faith relative to the matter in which he seeks relief." Precision Instrument v. Auto. Maint. Mach., 324 U.S. 806, 814 (1945). The general principle that one who comes into equity must come with clean hands is a recognized equitable defense in patent infringement actions. Mylan Pharm. v.Thompson, 268 F.3d 1323 (Fed. Cir. 2001), 1331, cert. denied, 537 U.S. 941 (2002); Glaxo Inc. v. Novopharm Ltd., 52 F.3d 1043, 1055 (Fed. Cir. 1995) (acknowledging the Supreme Court's endorsement of application of the unclean hands doctrine in patent suits as stated in Precision Instrument). To avail itself of this defense, however, a defendant must satisfy two requirements. First, the defendant must demonstrate that the plaintiff's wrongdoing directly relates to the claim against which it is asserted. Calloway v. Partners Nat. Health Plans, 986 F.2d 446, 450-51 (11th Cir. 1993) (citing Keystone Driller Co. v. Gen. Excavator Co., 290 U.S. 240, 245 (1933)). Second, even if directly related, the plaintiff's wrongdoing does not bar relief unless the defendant can show that it was personally injured by plaintiff's conduct. Id. (citing Mitchell Bros. Film Group v. Cinema Adult Theater, 604 F.2d 852, 863 (5th Cir. 1979), cert. denied, 445 U.S. 917 (1980)).

Here, Defendants have not satisfied either requirement. As to the first requirement, Defendants assert that Gower's fraudulent transfer of the patents "has sufficient nexus to this litigation to justify denying Gower the right to enforce" the patents in this Court. This Court disagrees. In support of their argument, Defendants' rely primarily on their contention that Gower's motive in transferring the patents' ownership was to shield the patents from certain of his individual judgment creditors and business partners. Defendants have not alleged that Plaintiff corporation has anything to do with these third party judgment creditors and business partners. The fundamental

5

error in Defendants' argument is that Gower is not a party to the instant suit. It is Plaintiff, and not Gower, who seeks to restrain the alleged infringement of the patents it lawfully owns. The patents' prior history of transfers, even if fraudulent, bears no nexus to the instant litigation. Even assuming arguendo that Defendants' claims regarding Gower's motives for transferring ownership of the patents were true, such wrongdoing by Gower bears no connection with the matter involved in this suit, which is to restrain the alleged infringement by Defendants of patents legally owned by Plaintiff. As to the second requirement, an application of the unclean hands doctrine is improper in the absence of any alleged misconduct by Plaintiff directed towards or adversely affecting any Defendant. Defendants have made no such claim in this case. Instead, Defendants' point solely to misconduct by non-party Gower that may or may not have injured third party judgment creditors or business partners not involved in this suit.

Defendants' principal reliance on Hasbro, Inc. v. Amron, 419 F. Supp. 2d 678 (E.D. Pa. 2006) and Ott v. Goodpasture Inc., 40 U.S.P.Q.2d 1831 (N.D. Tx. 1996) is misplaced. In Hasbro, an appellate court affirmed an arbitrator's finding of unclean hands based on a corporation owner's failure to disclose a newly formed company and a patent application transfer during bankruptcy proceedings involving him, his corporation, and a second corporation to which the owner's corporation owed ten million dollars. Id. at 692. The arbitrator found that the corporation owner's failure to disclose this information warranted application of the unclean hands doctrine to bar him from later enforcing the patent against the petitioner corporation. Id. at 683. In affirming the decision, the appellate court noted that while it would not be proper to bar the corporation owner's enforcement of his patent as against the entire world, it was proper to bar his enforcement as against the petitioner corporation since his failure to disclose information about the newly formed company

and transferred patent application led to a settlement agreement between the parties, which would have likely been affected by disclosure of the concealed information. Id. The main driving force behind the court's decision was its finding that the arbitrator's decision was consistent with the terms of the parties' underlying settlement agreement. Id.

In Ott, a court barred a party from pursuing his patent infringement claims based upon his highly inequitable conduct in submitting an affidavit with statements he knew to be false to a PTO Examiner during prosecution of his patent in order to overcome the examiner's previous rejection of his claims. 40 U.S.P.Q.2d at 1835. His inequitable conduct also included defrauding a bankruptcy court and a trustee by claiming that he had "sold" the patent when, in fact, he had transferred the patent to his sister for a mere ten dollars before filing for bankruptcy. Id. at 1836. Although ownership had transferred to his sister, evidence revealed that it was he who maintained full control of the patent and its revenues during the pendency of the bankruptcy proceedings. Id.

Both Hasbro and Ott are distinguishable from the instant case. In both cases, unlike here, the party seeking to enforce a patent was the same party who had engaged in highly inequitable conduct involving that patent. Here, Defendants have not alleged any inequitable conduct by Plaintiff involving the patent. Instead, Defendants zero in on inequitable conduct by non-party Gower. Also, unlike Ott, which involved inequitable conduct involving fraud upon the PTO during prosecution of the patent, the alleged misconduct here involves fraud upon third-party creditors of non-party Gower. Such alleged conduct between non-parties cannot support an invocation of the unclean hands doctrine, which aims to balance the equities between the parties to an instant case.

In sum, any alleged transfer of the patents by non-party Gower to Plaintiff for the purpose of avoiding third-party judgment creditors of Gower is not misconduct warranting the application

of the unclean hands doctrine because such misconduct, even if true, bears no nexus to the instant patent infringement litigation. Stated differently, this Court finds no nexus between Gower's alleged transfer and Plaintiff corporation's claims of infringement. Defendants focus exclusively on alleged misconduct by non-party Gower and have failed to allege any conduct by Plaintiff that directly injured or adversely affected Defendants. Thus, Defendants have failed to satisfy the two requirements set forth in Calloway and cannot successfully avail themselves of the unclean hands doctrine under any set of facts which it could prove.

Based on the foregoing, it is hereby ORDERED AND ADJUDGED that:

(1) Plaintiff Armor Screen Corporation's Motion to Strike Defendants Storm Catcher Inc., Storm Smart Building Systems, Inc., Smart Tracks, Inc. And Brian Rist's Fourteenth Affirmative Defense of Unclean Hands (DE 24), filed March 17, 2008, is GRANTED.

(2) Plaintiff Armor Screen Corporation's Motion to Strike Defendant Stephen Johnson's Fourteenth Affirmative Defense of Unclean Hands (DE 35), filed April 7, 2008, is GRANTED.

DONE and ORDERED in Chambers at West Palm Beach in the Southern District of Florida, this 22 day of July, 2008.

ANN E. VITUNAC
United States Magistrate Judge

Copies to:
Honorable Kenneth L. Ryskamp
All counsel of record