UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-81091-CIV-RYSKAMP/VITUNAC

ARMOR SCREEN CORPORATION,
a Florida corporation,

       Plaintiff,

vs.

STORM CATCHER, INC. a Florida
Corporation, STORM SMART BUILDING
SYSTEMS, INC., a Florida Corporation,
SMART TRACKS, INC., a Florida
Corporation, BRIAN RIST, an Individual,
STEPHEN JOHNSON, an Individual, and
DOEs 1-5, inclusive,

       Defendants.
_____/

## UNOPPOSED MOTION FOR EXTENSION OF TIME

COMES NOW, Defendants, Storm Catcher, Inc., Storm Smart Building Systems, Inc., Smart Tracks, Inc., and Brian Rist, ("Defendants"), by and through undersigned counsel, and, with the agreement of counsel for Plaintiff, Armor Screen Corporation, ("Plaintiff") and for Defendant Stephen Johnson, ("Defendant Johnson"), request an extension of time in which for the parties to disclose expert witnesses and engage in patent claim construction disclosures and filings pursuant to this Court's current scheduling orders. In particular, the extension sought are as follows: (1) designate experts – extending the time from August 21, 2008 to September 22, 2008; (2) designate rebuttal experts – extending time from September 25, 2008 to October 27, 2008; (3) exchange "Proposed Claim Construction" – extending time from August 27, 2008 to September 29, 2008; (4) file "Joint Claim Construction Statement" – extending time from October 12, 2008 to November 13, 2008; and (5) notification to Court as to whether Markman (claim construction) hearing is sought – extending time from October 22, 2008 to November 21, 2008.

1

This extension is not requested for purposes of mere delay.  Rather, it is necessitated because of the recent substitution of counsel for Defendants, in which the undersigned firm has appeared as new counsel for Defendants as of August 6, 2008.  In addition, it is noted that two additional Defendants have been added to this case via the recently Amended Complaint, for which the undersigned has not formally entered an appearance, but for whom it is anticipated that the undersigned may shortly enter an appearance.

Counsel for Plaintiff and Defendant Johnson have been contacted, and have agreed to the above relief.

## **MEMORANDUM**

This is a patent infringement case, involving two separate U.S. patents, with additional Federal and State claims. The Complaint in this case was served on the various original Defendants in January and February of 2008, with answers being served in February and March of 2008.  The Complaint and Answers were recently amended, including adding several parties, via this Court's Omnibus Order of August 11, 2008. (Docket #100).

On March 5, 2008, prior to the recent amendments to the pleadings, this Court issued its Scheduling Order, (Docket #21), setting deadlines of August 21, 2008 and September 25, 2008, respectively, to exchange expert and rebuttal expert information.  In addition, on July 3, 2008, also prior to the recent pleading amendments, this Court further entered its Omnibus Order, therein further setting an August 27, 2008 deadline for exchange of claim construction, including inter alia, "both intrinsic and extrinsic evidence, that supports the parties' claim construction." (Docket # 77), and further deadlines of October 12, 2008 for the filing of a "Joint Claim Construction Statement," and October 22, 2008  as to  notification to  Court as to whether a Markman (claim construction) hearing is sought.

A determination of patent infringement requires a two-step analysis: first, the meaning and scope of the patent claims are construed, and second the properly construed claims are compared to the accused device.  AquaTex Indus, Inc. v. Techniche Solutions, 419 F.3d 1374, 1380 (Fed. Cir. 2005); see also, Markman v. Westview Instruments, Inc., 52 F.3d 967, 976 (Fed. Cir. 1995).  As to claim construction, the Court may potentially look to the patent specification and the prosecution history (intrinsic evidence), and extrinsic evidence concerning relevant scientific principles, the meaning of technical terms, and the state of the art.  While "extrinsic evidence" is not uniformly necessary, or admissible, evidence external to the patent document

and prosecution history, including expert testimony, dictionaries, and learned treatises testimony would fall into the category of "extrinsic evidence." See Phillips v. AWH Corp., 415 F.3d 1303, 1312 (Fed. Cir. 2005).  Thus, potentially, claim construction may require or this court may benefit from the introduction of extrinsic evidence beyond the patent file, and possibly expert testimony.

The undersigned firm, having only within the past week entered as counsel in this matter, requests an extension of time to better allow evaluation of the need for such evidence, as well as other expert testimony, and in addition to preparation of appropriate claim construction analysis. In particular, on August 6, 2008, the undersigned firm entered its Notice of Appearance in this matter, on behalf of the above Defendants, substituting as defense counsel for the since withdrawn firm of Feldman Gale.  The undersigned firm is in the process of obtaining literally thousands of pages of production, evidence, pleadings and work product documents, and needs sufficient time to review and process these documents and information in this complex patent litigation, determine and obtain potential expert reports related thereto, if necessary, and make further determinations as to proper claim construction and evidence thereof. [1]  In order to undertake this task, the brief extensions of time sought above are requested.  It is believed that should these extensions be granted, it should not impact any other court ordered deadlines, including but not limited to the January 2009 discovery cut-off in this matter, or the April 2009 trial.

However, the extension will permit the undersigned firm to assimilate and process the voluminous files, evidence and production in this matter, to more properly determine and prepare any expert reports, claim construction, and evidence related thereto.  Moreover, the extensions of time would equitably apply to all parties, and not just Defendants.

WHEREFORE, it is respectfully requested that extensions of time set forth above be granted. A proposed order is attached.

/
/

---

[1] Defendants' Claim Construction Memorandum was filed by former counsel for Defendants on April 3, 2008,  (Docket #30), but was ultimately not accepted by this Court, in favor of the new claim construction schedule.  (Order, Docket # 77).  Moreover, the Claim Chart filed by Plaintiff (Docket #84) identifies additional claims at issue than those addressed via said Defendants Claim Construction Memorandum.

Respectfully submitted,

Dated:  August 15, 2008
       Miami, Florida

s/ Andrew W. Ransom.
John Cyril Malloy, III
Florida Bar No. 964,220
jcmalloy@malloylaw.com
Peter A. Matos
Florida Bar No. 992.879
pmatos@malloylaw.com
Andrew W. Ransom
Florida Bar No. 964,344
aransom@malloylaw.com
John Fulton, Jr.
Florida Bar No. 173,800
jfulton@malloylaw.com
MALLOY & MALLOY, P.A.
2800 S.W. Third Avenue
Miami, Florida  33129
Telephone: (305) 858-8000
Facsimile:  (305) 858-0008
Attorneys for Defendants Storm Catcher, Inc., Storm Smart Building Systems, Inc., Smart Tracks, Inc. and Brian Rist.

**CERTIFICATE OF COMPLIANCE WITH S.D. Fla. L.R. 7.1(A)(3)**

The undersigned hereby certifies that counsel of record for the parties have been consulted, and have no objection to the relief sought.

s/ Andrew W. Ransom
Andrew W. Ransom
Florida Bar No. 964,344

**CERTIFICATE OF SERVICE**

I hereby certify that on August 15, 2008, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.

s/ Andrew W. Ransom
Andrew W. Ransom
Florida Bar No. 964,344

# SERVICE LIST
ARMOR SCREEN CORPORATION v. STORM CATCHER, INC., ET AL.
United States District Court, Southern District of Florida
Case No. 07-81091-CIV-RYSKAMP/VITUNAC

Robert C. L. Vaughan
rvaughan@ssd.com
Javier A. Lopez
jalopez@ssd.com
SQUIRE, SANDERS & DEMPSEY, LLP
200 South Biscayne Boulevard
Suite 4000
Miami, Florida 33131
Telephone: (305) 577-7000
Facsimile:  (305) 577-7001
Attorneys for Plaintiff.
Notices of Electronic Filing
generated by CM/ECF.

John A. Burlingame
jburlingame@ssd.com
Jeremy W. Dutra
jdutra@ssd.com
SQUIRE, SANDERS & DEMPSEY, LLP
1201 Pennsylvania Avenue NW
Suite 500
Washington, DC 20004
Telephone: (202) 626-6871
Facsimile:  (202) 626-6780
Attorneys for Plaintiff.
Served via first class U.S. mail,
postage pre-paid.

Lawrence D. Smith
lsmith@waltonlantaff.com
Francis A. Scaglia
fscaglia@waltonlantaff.com
WALTON, LANTAFF, SCHROEDER & CARLSON, LLP
9350 South Dixie Highway
10th Floor
Miami, Florida 33156
Telephone: (305) 671-1300
Facsimile:  (305) 670-7065
Attorneys for Defendant
Stephen Johnson.
Notices of Electronic Filing
generated by CM/ECF.

John Cyril Malloy, III
jcmalloy@malloylaw.com
Peter A. Matos
pmatos@malloylaw.com
Andrew W. Ransom
Florida Bar No. 964,344
aransom@malloylaw.com
John Fulton, Jr.
Florida Bar No. 173,800
jfulton@malloylaw.com
MALLOY & MALLOY, P.A.
2800 S.W. Third Avenue
Miami, Florida  33129
Telephone: (305) 858-8000
Facsimile:  (305) 858-0008
Attorneys for Defendants Storm Catcher, Inc., Storm Smart Building Systems, Inc., Smart Tracks, Inc. and Brian Rist.
Notices of Electronic Filing
generated by CM/ECF.