UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 07-81091-Civ-Ryskamp/Vitunac

ARMOR SCREEN CORPORATION,
a Florida Corporation,

    Plaintiff,

vs.

STORM CATCHER, INC.,
a Florida Corporation, *et al.*,

    Defendants.
_____/



FILED by ___ D.C.
AUG 2 0 2008
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

ORDER GRANTING EXTENSION OF TIME

THIS CAUSE is before this Court on Order of Reference (DE 36), filed April 9, 2008, from U.S. District Judge Kenneth L. Ryskamp "for a hearing . . . and decision on defendants' motion for claim construction **[DE 30]**," Order of Reference (DE 59), filed May 13, 2008, from U.S. District Judge Kenneth L. Ryskamp for this Court "to take all necessary and proper action as required by law, and/or to submit a Report and Recommendation to this Court on plaintiff's motions to strike an affirmative defense **[DE 24, 35]**, filed on March 17, 2008 and April 7, 2008, respectively; defendants' motion for a hearing on its motion for claim construction **[DE 31]**, filed on April 3, 2008; defendants' motion for protective order staying the litigation **[DE 37]** filed on April 10, 2008; and defendants' motion for summary judgment **[DE 39-43]**, filed under seal on April 14, 2008," and Order of Reference (DE 64), filed May 16, 2008, from U.S. District Judge Kenneth L. Ryskamp "for all pretrial matters and to take all necessary and proper action as required by law, and/or to submit a Report and Recommendation to this Court."

Before the Court is Defendants Storm Catcher, Inc., Storm Smart Building Systems, Inc., Smart Tracks, Inc. and Brian Rist's Unopposed Motion for Extension of Time (DE 102), filed August 15, 2008. In the Motion, Defendants seek approval to extend deadlines previously established by the Court in this case. Specifically, Defendants request extensions of time as to each of the existing deadline dates by which the parties were to designate experts, designate rebuttal experts, exchange proposed claim construction statements, file a joint claim construction statement, and notify the Court as to whether a Markman hearing is sought.

Defendants contend that the requested extensions are necessitated because of the recent substitution of counsel for Defendants and recent amendments to both parties' initial pleadings. Defendants contend that the extensions will permit Defendants' counsel "to assimilate and process the voluminous files, evidence and production in this matter, to more properly determine and prepare any expert reports, claim construction, and evidence related thereto," and that the extensions "should not impact any other court ordered deadlines, including but not limited to the January 2009 discovery cut-off in this matter, or the April 2009 trial." Counsel for Plaintiff and Defendant Johnson do not oppose the requested extensions.

Having considered the Motion, and being otherwise fully advised in the premises, it is hereby

ORDERED AND ADJUDGED that Defendants' Unopposed Motion for Extension of Time (DE 102) is GRANTED. The following deadlines are extended, as follows:

| | |
|---|---|
| September 22, 2008 | Each party shall furnish opposing counsel with a written list containing the name and address of all expert witnesses intended to be called at trial for the issues for which that party has the burden of proof, and only those expert witnesses listed shall be permitted to testify. Within the 30 day period following this disclosure, each party shall make their experts |

| | |
|---|---|
| | available for deposition by the opposing party. The experts' depositions may be conducted without further order from the Court. |
| October 27, 2008 | Each party shall furnish opposing counsel with a written list containing the name and address of all expert witnesses intended to be called at trial as rebuttal witnesses for the issues for which the opposing party has the burden of proof, and only those rebuttal expert witnesses listed shall be permitted to testify. Within the 30 day period following this disclosure, each party shall make their experts available for deposition by the opposing party. The experts' depositions may be conducted without further order from the Court. |
| September 29, 2008 | The parties shall exchange "Proposed Claim Construction Statements" identifying (1) claim terms they believe the court must construe; (2) any contentions regarding specialized meaning to be given claim language; (3) a description of each element of the claim together with supporting specifications or material in the prosecution history; and (4) evidence, both intrinsic and extrinsic, that supports the parties' proposed constructions. The parties shall thereafter, and no later than November 4, 2007, meet and confer for the purpose of finalizing a list, narrowing or resolving differences, and facilitating the ultimate preparation of a joint claim construction statement. |
| November 13, 2008 | The parties shall file a "Joint Claim Construction Statement" identifying (1) the construction of the claims and terms to which the parties agree; (2) each parties' respective proposed construction of disputed claims and terms including all references and extrinsic evidence that the parties rely upon in support of such constructions; and (3) each parties' rebuttal to the proposed construction submitted by the opposing party. |
| November 21, 2008 | The parties shall notify the Court as to whether they request that the Court schedule a Markman Hearing limited to claim construction issues. Such notification shall set forth, based on the remaining disputed claim terms and the complexity of the technology, why a hearing is appropriate, and, if a hearing were to be held, what type of evidence would be presented to aid the Court in construing the disputed claims. If any party believes a Markman Hearing is not necessary, the party shall provide the reason to the Court. |

DONE and ORDERED in Chambers at West Palm Beach in the Southern District of Florida, this 20 day of August, 2008.

                                                ANN E. VITUNAC
                                                United States Magistrate Judge

Copies to:
Honorable Kenneth L. Ryskamp
All counsel of record