**EXHIBIT 1**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.: 07-81091-CIV-RYSKAMP/VITUNAC

| | |
|---|---|
| ARMOR SCREEN CORPORATION,<br>a Florida corporation,<br><br>*Plaintiff,*<br><br>v.<br><br>STORM CATCHER, INC.,<br>a Florida corporation,<br><br>STORM SMART INDUSTRIES, INC.,<br>a Florida corporation,<br><br>STORM SMART BUILDING SYSTEMS, INC.<br>a Florida corporation,<br><br>STORM SMART SALES, INC.<br>a Florida corporation,<br><br>SMART TRACKS, INC.,<br>a Florida corporation,<br><br>BRIAN RIST, an individual, and<br><br>STEPHEN JOHNSON, an individual,<br><br>*Defendants.* | **COMPLAINT FOR PATENT INFRINGEMENT, LANHAM ACT VIOLATIONS, DECEPTIVE AND UNFAIR TRADE PRACTICES, AND TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIPS**<br><br>**JURY DEMAND** |

**FIRST AMENDED COMPLAINT**

Plaintiff, Armor Screen Corporation ("Armor Screen"), by its undersigned attorneys, alleges in its Complaint against Defendants Storm Catcher, Inc. ("Storm Catcher"), Storm Smart Industries, Inc. ("Storm Smart Industries"), Storm Smart Building Systems, Inc. ("Storm Smart

Building"), Storm Smart Sales, Inc. ("Storm Smart Sales"), Smart Tracks, Inc. ("Smart Tracks"), Brian Rist ("Rist"), and Stephen Johnson ("Johnson") (collectively, the "Defendants") as follows:

## JURISDICTION AND VENUE

1. This is an action for (a) patent infringement arising under the patent laws of the United States, Title 35, U.S.C. §§ 271 and 281-285; (b) unfair competition and false statements in commerce arising under the Section 42(a) of the Lanham Act, Title 15, U.S.C. § 1125(a); (c) violation of the deceptive trade practices laws of the State of Florida; and (d) tortious interference with business relationships. This Court has jurisdiction of the subject matter pursuant to 28 U.S.C. §§ 1331, 1338(a)-(b) and 1367.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400 because defendants are subject to personal jurisdiction and, a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## THE PARTIES

3. Armor Screen is a Florida corporation with its principal place of business in Riviera Beach, Florida.

4. Storm Catcher is a Florida corporation having a principal, regular and established business at 6182 Idlewild Street, Fort Myers, Florida.

5. Storm Smart Industries is a Florida corporation having a principal, regular and established business at 6182 Idlewild Street, Fort Myers, Florida.

6. Storm Smart Building is a Florida corporation having a principal, regular and established business at 6182 Idlewild Street, Fort Myers, Florida.

7. Storm Smart Sales is a Florida corporation having a principal, regular and established business at 6182 Idlewild Street, Fort Myers, Florida.

8. Smart Tracks is a Florida corporation having a principal, regular and established business at 6182 Idlewild Street, Fort Myers, Florida.

9. Rist, an individual, is a resident of Lee County, Florida.

10. Johnson, an individual, is a resident of Sarasota County, Florida.

11. Armor Screen alleges on information and belief a unity of interest and ownership between defendant Rist on the one hand, and defendants Storm Catcher, Storm Smart Industries, Storm Smart Building, Storm Smart Sales and Smart Tracks (collectively, the "Rist Entities") on the other, such that any individuality and separateness between them has ceased to exist and Rist is the alter ego of the Rist Entities. Armor Screen alleges on information and belief that the separate existence of the Rist Entities should be ignored because such defendants were are shells, instrumentalities and conduits through which Rist carries on his business, exercising complete control and dominance over the Rist Entities to such extent that any individuality or separateness of Rist and the Rist Entities does not, and at all relevant times, did not exist. Armor Screen alleges on information and belief that adherence of the fiction of the separate existence of the Rist Entities as entities distinct from Rist would permit an abuse of the corporate privilege and promote injustice.

## FACTUAL BACKGROUND

**A.   The Patents in Suit.**

12. On December 4, 2001, United States Patent No. 6,325,085, entitled "Flexible Protective System to Prevent Penetration of Wind Borne Missiles," ("the '085 patent") was duly and legally issued. A true copy of the '085 patent is attached as Exhibit A.

13. On March 15, 2004, United States Patent No. 6,865,852, entitled "Flexible Wind Abatement System," ("the '852 patent") was duly and legally issued. A true copy of the '852 patent is attached as Exhibit B.

14. Armor Screen is the owner by assignment of all rights, title and interest in and to the '085 patent and '852 patent.

**B.      Armor Screen Commercializes its Patented Technology.**

15. Armor Screen markets, distributes, sells and installs products embodying the inventions of the '085 and '852 patents: the Armor Screen Wind, Rain and Missile Abatement System ("Armor Screen System").

16. The Armor Screen System received Florida Building Code approval (FL320, FL812, FL8363) and is approved for use in High Velocity Hurricane Zones.

17. Miami-Dade County, Florida Product Control Division issued a Notice of Allowance for the Armor Screen System, thus approving the product for use in Miami-Dade County, a High Velocity Hurricane Zone.

18. The quality and effectiveness of the Armor Screen System has been acknowledged through substantial success in the marketplace.

**C.      Johnson and Rist Exploit Confidential Information Obtained from Armor Screen.**

19. Armor Screen commercialized its patented technology and built its business in large part through its network of dealers.

20. On or about August 23, 2001, Tropical Storm Shield, Inc., which changed its name to TSS Holdings, Inc. on June 21, 2007 ("TSS-Tropical Storm"), entered into a Dealer Agreement with Armor Screen.

21. The TSS-Tropical Storm Dealer Agreement included a confidentiality provision and a non-compete clause that prohibited TSS-Tropical Storm, during the term of the agreement and for a twenty-four month period thereafter, from diverting business from Armor Screen or engaging in any business that sells flexible wind abatement systems.

22. Johnson is, and was at the time TSS-Tropical Storm entered the Dealer Agreement, the president and/or owner of TSS-Tropical Storm.

23. Through TSS-Tropical Storm's dealership arrangement with Armor Screen, TSS-Tropical Storm and Johnson obtained access to Armor Screen's confidential business information, including Armor Screen's technology, know-how, customer lists, supplier information and other relationships of Armor Screen.

24. After obtaining confidential information from Armor Screen, Johnson caused TSS-Tropical Storm to breach its Dealer Agreement with Armor Screen.

25. Johnson, individually and/or through TSS-Tropical Storm, and in coordination with Rist and/or the other Defendants named herein, exploited confidential information gained through the TSS-Tropical Storm dealership relationship with Armor Screen, including (a) employing the Armor Screen patented technology in direct competition with Armor Screen and (b) contacting other Armor Screen dealers and attempting to entice them to market the Storm Catcher System in violation of their respective Dealer Agreements with Armor Screen.

**D.  Defendants Willfully Infringe the Patents in Suit.**

26. Storm Catcher is making, using, marketing, distributing, selling, offering to sell and assisting others to make, use, distribute, market or sell under the brand name Storm Catcher®, a flexible hurricane protection or wind abatement system utilizing a lightweight, geo-synthetic fabric (i.e., polypropylene) and various mounting options (including grommets,

mounting track, hem cord, and straps and buckles) (the "Storm Catcher System"). The Storm Catcher System includes the Storm Catcher Strap and Buckle Screen, Storm Catcher Grommet Screen, Storm Catcher Slide Screen and Storm Catcher Rolling Screen. The Storm Catcher System, in each of its embodiments, infringes upon the '085 patent and the '852 patent. Storm Catcher is thus liable as a direct infringer, a contributory infringer and/or an inducer of the infringement of both patents.

27.  Storm Smart Industries, Storm Smart Building and/or Storm Smart Sales (collectively, the "Storm Smart Entities") are individually and/or collectively making, using, marketing, distributing, selling, offering to sell and assisting others to make, use, distribute, market or sell the Storm Catcher System, including an application of the Storm Catcher System marketed as the Storm Catcher® Smart Screen (the "Storm Catcher Smart Screen"). The Storm Smart Entities are thus liable as direct infringers, contributory infringers and/or inducers of the infringement of the '085 and '852 Patent.

28.  Smart Tracks is making, using, marketing, distributing, selling, offering to sell and assisting others to make, use, distribute, market or sell a product, Smart Trax, for use with the Storm Catcher System that infringes upon the '085 patent and the '852 patent. Smart Tracks is liable as a contributory infringer and/or an inducer of the infringement of both patents.

29.  Rist, individually and/or in conjunction with the other Defendants named in this complaint, is making, using, marketing, distributing, selling, offering to sell and assisting others to make, use, distribute, market or sell the Storm Catcher System and Storm Catcher Smart Screen, which infringe upon the '085 patent and the '852 patent. Rist is liable as a direct infringer, a contributory infringer and/or an inducer of the infringement of both patents.

30. Johnson, individually and/or in conjunction with the other Defendants named in this complaint, has made, used, marketed, distributed, sold, offered to sell and assisted others to make, use, distribute, market or sell the Storm Catcher System, which infringes upon the '085 patent and the '852 patent. Johnson is liable as a direct infringer, a contributory infringer and/or an inducer of the infringement of both patents.

31. Defendants have full knowledge of the '085 patent and the '852 patent as well as the rights these patents confer, and intend to continue infringing such rights. Defendants' infringement is willful.

**E.    Defendants Engage in False Advertising and Unfair Competition.**

32. Upon information and belief, Defendants individually and in concert have utilized photographs from Armor Screen promotional literature to depict the Storm Catcher System.

33. Upon information and belief, Storm Catcher, or those acting on its behalf or at its direction, installed its infringing Storm Catcher System and misrepresented that the installed system was the Armor Screen System.

34. Storm Catcher's marketing materials for the Storm Catcher System, including statements made on its website (www.stormcatcher.com), wrongfully imply that the Storm Catcher System received certification from Miami-Dade County or is otherwise approved for use in High Velocity Hurricane Zones by highlighting that the Storm Catcher System is a "New Fla. Building Code Compliant product" and claiming that the Storm Catcher System "can withstand wind loads of up to 200+ mph," "passed Dade County large missile tests," and "exceeds FBC [Florida Building Code] requirements for new construction."

35. The Storm Smart Entities' marketing materials for the Storm Catcher System, including statements made on their website (www.stormsmart.com), wrongfully imply that the

7

Storm Catcher System received certification from Miami-Dade County or is otherwise approved for use in High Velocity Hurricane Zones by claiming that the Storm Catcher System "guards against hurricane-force winds," "meets stringent Florida Building Codes," and "has been tested to and has passed" various American Society for Testing and Materials protocols (including ASTM E1996-02: "Standard Specification for Performance of Exterior Windows, Curtain Walls, Doors and Storm Shutter Impacted by Windborne Debris in Hurricanes") and meets the testing protocols necessary for receiving Miami-Dade Product Approval for use in High Velocity Hurricane Zones.

36. Storm Catcher, through Rist, Johnson and others acting under their direction, have sought and continue to seek to convince consumers that Storm Catcher is the innovator of the flexible wind abatement system, despite knowing that the Storm Catcher unlawfully appropriated Armor Screen's patented technology. Specifically, the aforementioned Defendants claim that the Storm Catcher System "is the first new development in hurricane protection in over 10 years."

37. Storm Catcher, through Rist, Johnson and others acting under their direction, have induced Armor Screen dealers to violate their Dealer Agreements by marketing, distributing, selling and offering to sell the Storm Catcher System.

## COUNT I
## PATENT INFRINGEMENT OF U.S. PATENT NO. 6,325,085
**(All Defendants)**

38. Armor Screen realleges and incorporates herein by this reference the allegations contained in paragraphs 1-37, inclusive, as though fully set forth herein.

39. Defendants have infringed, induced infringement and/or contributed to the infringement of the '085 patent by literal infringement and under the doctrine of equivalents by making, using, distributing, selling and/or offering for sale the Storm Catcher System, Storm

Catcher Smart Screen and/or components thereof, and will continue to do so unless enjoined by the Court.

40. Upon information and belief, Defendants' acts of patent infringement interfere with Armor Screen's sales to and relationships with, potential and existing customers for the Armor Screen System. Such acts have caused and will continue to cause irreparable harm to Armor Screen's business and cause the '085 patent to diminish greatly in value.

41. Defendants are liable to Armor Screen for damages for patent infringement.

42. All of the Defendants' acts are without the permission, license or consent of Armor Screen and, if allowed to continue, will cause irreparable injury to Armor Screen, unless enjoined by the Court.

43. Defendants' infringement has been willful and deliberate.

44. Defendants have been unjustly enriched and Armor Screen is entitled to an accounting and award of damages, interest, attorneys' fees and costs.

## COUNT II
### PATENT INFRINGEMENT OF U.S. PATENT NO. 6,865,852
**(All Defendants)**

45. Armor Screen realleges and incorporates herein by this reference the allegations contained in paragraphs 1-37, inclusive, as though fully set forth herein.

46. Defendants have infringed, induced infringement and/or contributed to the infringement of the '852 patent by literal infringement and under the doctrine of equivalents by making, using, distributing, selling and/or offering for sale the Storm Catcher System, Storm Catcher Smart Screen and/or components thereof, and will continue to do so unless enjoined by the Court.

47. Upon information and belief, Defendants' acts of patent infringement interfere with Armor Screen's sales to and relationships with, potential and existing customers for the Armor Screen System. Such acts have caused and will continue to cause irreparable harm to Armor Screen's business and cause the '852 patent to diminish greatly in value.

48. Defendants are liable to Armor Screen for damages for patent infringement.

49. All of the Defendants' acts are without the permission, license or consent of Armor Screen and, if allowed to continue, will cause irreparable injury to Armor Screen, unless enjoined by the Court.

50. Defendants' infringement has been willful and deliberate.

51. Defendants have been unjustly enriched and Armor Screen is entitled to an accounting and award of damages, interest, attorneys' fees and costs.

## COUNT III
### FEDERAL UNFAIR COMPETITION AND FALSE ADVERTISING UNDER THE LANHAM ACT – VIOLATION OF 15 U.S.C. § 1125(A)
**(Storm Catcher, Storm Smart Industries, Storm Smart Building, Storm Smart Sales)**

52. Armor Screen realleges and incorporates herein by this reference the allegations contained in paragraphs 1-37 inclusive, as though fully set forth herein.

53. Armor Screen is a competitor of Storm Catcher and the Storm Smart Entities (Storm Smart Industries, Storm Smart Building and Storm Smart Sales) for the sale of hurricane protection systems in Florida and other jurisdictions.

54. Armor Screen alleges, on information and belief, that Storm Catcher and the Storm Smart Entities, or their agents and/or others acting on their behalf, have misrepresented the nature, characteristics or qualities of the Storm Catcher System in commercial advertising by utilizing photographs from Armor Screen promotional literature to depict the Storm Catcher System and falsely claiming and/or suggesting that the Storm Catcher System has been favorably

tested by and/or received approval from Miami-Dade County or is otherwise approved for use in High Velocity Hurricane Zones.

55. Armor Screen alleges, on information and belief, that Storm Catcher and the Storm Smart Entities, or their agents and/or others acting on their behalf, have installed or are installing the Storm Catcher System and made and are making false express or implied representations that the installed Storm Catcher System is the Armor Screen System or is endorsed by, connected with, or otherwise authorized by Armor Screen.

56. Armor Screen alleges, on information and belief, that Storm Catcher and the Storm Smart Entities, or their agents and/or others acting on their behalf, have committed the acts set forth above with the intent to cause – or having the effect of causing – confusion and mistake and to deceive the public into believing that the Storm Catcher System is associated with or authorized by Armor Screen, received approval from Miami-Dade County and/or is approved for use in High Velocity Hurricane Zones.

57. The express or implied false representations set forth above and made by Storm Catcher and the Storm Smart Entities, or their agents and/or others acting on their behalf, constitute knowing and willful false advertising affecting interstate commerce in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

58. The express or implied false representations made by Storm Catcher and the Storm Smart Entities, or their agents and/or others acting on their behalf, have caused Armor Screen irreparable injury and monetary damages in an amount not presently known.

59. Armor Screen has no adequate remedy at law. Unless this court enjoins Storm Catcher and the Storm Smart Entities, or their agents and/or others acting on their behalf, from committing the unlawful acts as set forth above, Armor Screen will suffer irreparable harm.

## COUNT IV
## VIOLATION OF THE FLORIDA DECEPTIVE AND UNFAIR
## TRADE PRACTICES ACT (FLA. STAT. §§ 501.201 TO 501.213)
### (All Defendants)

60. Armor Screen realleges and incorporates herein by this reference the allegations contained in paragraphs 1-37, inclusive, as though fully set forth herein.

61. As alleged herein, the Defendants unlawfully have used intellectual property belonging to Armor Screen to obtain competitive advantage for their own products in the market.

62. As alleged herein, Storm Catcher and the Storm Smart Entities, or their agents and/or others acting on their behalf, have installed or are installing the Storm Catcher System and made and are making false express or implied representations that the installed Storm Catcher System is the Armor Screen System.

63. As alleged herein, Storm Catcher and the Storm Smart Entities, or their agents and/or others acting on their behalf, have misrepresented the nature, characteristics or qualities of the Storm Catcher System in commercial advertising by utilizing photographs from Armor Screen promotional literature to depict the Storm Catcher System and falsely claiming and/or suggesting that the Storm Catcher System has been favorably tested and/or certified by Miami-Dade County or is otherwise approved for use in High Velocity Hurricane Zones.

64. The actions of Defendants constitute unfair methods of competition and unfair or deceptive acts or practices in the conduct of trade or commerce in violation of Florida Statutes Section 501.204.

65. Defendants willfully have used or practiced these unlawful acts in violation of Florida Statutes Section 501.204, and knew or should have known that such uses or practices were unlawful.

66. Armor Screen has been damaged by Defendants' unlawful actions.

67. Armor Screen is entitled to recover actual damages, plus attorneys' fees and costs for Defendants' violation of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. §§ 501.201 *et seq*.

## COUNT V
## TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIPS
(Storm Catcher, Rist, Johnson)

68. Armor Screen realleges and incorporates herein by this reference the allegations contained in paragraphs 1-37, inclusive, as though fully set forth herein.

69. Armor Screen has business and contractual relationships with dealers of the Armor Screen System, which is reflected in Dealer Agreements.

70. Storm Catcher, Rist and Johnson knew and know of the existence of Armor Screen's dealership arrangements.

71. Storm Catcher, Rist, Johnson, or others acting on their behalf or at their direction, intentionally and unjustifiably interfered with Armor Screen's dealer relationships and caused Armor Screen dealers to breach their Dealer Agreements with Armor Screen.

72. Armor Screen has been damaged by the acts described herein and is entitled to damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Armor Screen prays that this Court:

A. Enter judgment against all Defendants named in this action for the infringement of United States Patent No. 6,325,085 and United States Patent No. 6,865,852;

B. Permanently enjoin all Defendants named in this action, their respective officers, agents, servants, employees, and all others acting in concert, from continuing their infringing activities;

      C.      Award treble damages to Plaintiff for Defendants' willful infringement of the patents in suit;

      D.      Award damages to Plaintiff for Defendants' violations of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a);

      E.      Award damages to Plaintiff for Defendants' violations of Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. §§ 501.201 *et seq*.;

      F.      Award punitive damages to Plaintiff for Defendants' willful acts of unfair competition;

      G.      Award damages to Plaintiff for tortious interference by Defendants Storm Catcher, Rist and Johnson with Plaintiff's business relationships;

      H.      Award prejudgment and post judgment interest;

      I.      Award attorneys' fees and costs of this action; and

      J.      Award such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands trial by jury.

Dated: July 28, 2008                            Respectfully submitted,

                                                **SQUIRE, SANDERS & DEMPSEY, L.L.P.**

                                                By: <u>Robert C.L. Vaughan</u>
                                                    Robert C.L. Vaughan (FBN 0130095)
                                                    RVaughan@ssd.com
                                                    200 South Biscayne Blvd., Ste. 4000
                                                    Miami, Florida 33131
                                                    Tel.: (305) 577-7000
                                                    Fax: (305) 577-7001

                                                    *Attorneys for Plaintiff*
                                                    *Armor Screen Corporation*

<u>OF COUNSEL</u>:

John A. Burlingame
Jeremy W. Dutra
**SQUIRE, SANDERS & DEMPSEY, L.L.P.**
1201 Pennsylvania Avenue, N.W.
Suite 5000
Washington, D.C. 20004
Tel.: (202) 626-6600
Fax.: (202) 626-6780

*Attorneys for Plaintiff,*
*Armor Screen Corporation*