UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 07-81091-CIV-RYSKAMP

ARMOR SCREEN CORPORATION,
a Florida corporation,

       Plaintiff,

v.

STORM CATCHER, INC., a Florida
corporation, STORM SMART
INDUSTRIES, INC., a Florida
corporation, STORM SMART
BUILDING SYSTEMS, INC., a
Florida corporation, STORM SMART
SALES, INC., a Florida corporation,
SMART TRACKS, INC., a Florida
corporation, BRIAN RIST, an individual,
and STEPHEN JOHNSON, an individual,

       Defendants.

_____/

## DEFENDANT BRIAN RIST'S ANSWER TO AMENDED COMPLAINT, AFFIRMATIVE DEFENSES. AND COUNTERCLAIMS

Defendant Brian Rist, by and through his undersigned counsel, Malloy & Malloy, P.A., hereby submits his Answer, Affirmative Defenses, and Counterclaims to Plaintiff's Amended Complaint and states as follows, with the numbered paragraphs responding to the correspondingly-numbered paragraphs of the Amended Complaint:

### Jurisdiction and Venue

1.      Paragraph 1 alleges purported legal basis for subject matter jurisdiction and does not require a response. To the extent a response is required, Brian Rist denies that Plaintiff has properly asserted or has standing to assert the referenced causes of action, that he has violated

any of the asserted laws or that Plaintiff is entitled to any relief from Brian Rist.

2.      Brian Rist admits that this Court has personal jurisdiction over Brian Rist and that venue properly lies within this district under 28 U.S.C. §§ 1391 and 1400(b).

### The Parties

3.      Brian Rist lacks information sufficient to form a belief as to the allegations of paragraph 3 and therefore denies same.

4.      Brian Rist admits that Storm Catcher is a Florida corporation with an address at 6182 Idlewild Street, Fort Myers, Florida.

5.      Brian Rist admits that Storm Smart Industries is a Florida corporation, with an address at 6182 Idlewild Street, Fort Myers, Florida.

6.      Brian Rist admits the allegations contained in paragraph 6.

7.      Brian Rist admits that Storm Smart Sales is a Florida corporation with an address at 6182 Idlewild Street, Fort Myers, Florida.

8.      Brian Rist admits the allegations contained in paragraph 8.

9.      Brian Rist admits that he is a resident of Lee County, Florida.

10.      Brian Rist lacks information sufficient to form a belief as to the allegations of paragraph 10 and therefore denies same.

11.      Brian Rist denies that he is the alter ego of Storm Catcher, Storm Smart Industries, Storm Smart Building, Storm Smart Sales and Smart Tracks (collectively referred to as the "Rist Entities" by Plaintiff).  Brian Rist denies the remaining allegations set forth in paragraph 11.

### Factual Background

12.      Brian Rist admits that Exhibit A to the Amended Complaint appears to be a copy

of United States Patent No. 6,325,085, entitled "Flexible Protective System to Prevent

Penetration of Wind Borne Missiles," ("the '085 patent") and admits that the '085 patent reflects

an issue date of December 4, 2001.  Brian Rist, however, denies that the '085 patent is valid or

enforceable.

13.    Brian Rist admits that Exhibit B to the Amended Complaint appears to be a copy

of United States Patent No. 6,865,852, entitled "Flexible Wind Abatement System," ("the '852

patent") and admits that the '852 patent reflects an issue date of March 15, 2005.  Brian Rist,

however, denies that the '852 patent is valid or enforceable.

14.    Brian Rist denies the allegations contained in paragraph 14.

15.    Brian Rist lacks information sufficient to form a belief as to the allegations of

paragraph 15 and therefore denies same.

16.    Brian Rist lacks information sufficient to form a belief as to the allegations of

paragraph 16 and therefore denies same.

17.    Brian Rist lacks information sufficient to form a belief as to the allegations of

paragraph 17 and therefore denies same.

18.    Brian Rist lacks information sufficient to form a belief as to the allegations of

paragraph 18 and therefore denies same.

19.    Brian Rist lacks information sufficient to form a belief as to the allegations of

paragraph 19 and therefore denies same.

20.    Brian Rist lacks information sufficient to form a belief as to the allegations of

paragraph 20 and therefore denies same.

21.    Brian Rist lacks information sufficient to form a belief as to the allegations of

paragraph 21 and therefore denies same.

22.     Brian Rist lacks information sufficient to form a belief as to the allegations of paragraph 22 and therefore denies same.

23.     Brian Rist lacks information sufficient to form a belief as to the allegations of paragraph 23 and therefore denies same.

24.     Brian Rist lacks information sufficient to form a belief as to the allegations of paragraph 24 and therefore denies same.

25.     Brian Rist denies the allegations contained in paragraph 25.

26.     Brian Rist denies the allegations contained in paragraph 26.

27.     Brian Rist denies the allegations contained in paragraph 27.

28.     Brian Rist denies the allegations contained in paragraph 28.

29.     Brian Rist denies the allegations contained in paragraph 29.

30.     Brian Rist denies the allegations contained in paragraph 30.

31.     Brian Rist denies the allegations contained in paragraph 31.

32.     Brian Rist denies the allegations contained in paragraph 32.

33.     Brian Rist denies the allegations contained in paragraph 33.

34.     Brian Rist denies the allegations contained in paragraph 34.

35.     Brian Rist denies the allegations contained in paragraph 35.

36.     Brian Rist denies the allegations contained in paragraph 36.

37.     Brian Rist denies the allegations contained in paragraph 37.

## COUNT I
## PATENT INFRINGEMENT OF U.S. PATENT NO. 6,325,085
### (All Defendants)

38.     Brian Rist repeats his answers to the Amended Complaint as set forth above in paragraphs 1-37.

39.     Brian Rist denies the allegations contained in paragraph 39.

40.     Brian Rist denies the allegations contained in paragraph 40.

41.     Brian Rist denies the allegations contained in paragraph 41.

42.     Brian Rist denies the allegations contained in paragraph 42.

43.     Brian Rist denies the allegations contained in paragraph 43.

44.     Brian Rist denies the allegations contained in paragraph 44.

## COUNT II
## PATENT INFRINGEMENT OF U.S. PATENT NO. 6,865,852
### (All Defendants)

45.     Brian Rist repeats his answers to the Amended Complaint as set forth above in paragraphs 1-37.

46.     Brian Rist denies the allegations contained in paragraph 46.

47.     Brian Rist denies the allegations contained in paragraph 47.

48.     Brian Rist denies the allegations contained in paragraph 48.

49.     Brian Rist denies the allegations contained in paragraph 49.

50.     Brian Rist denies the allegations contained in paragraph 50.

51.     Brian Rist denies the allegations contained in paragraph 51.

## COUNT III
## FEDERAL UNFAIR COMPETITION AND FALSE ADVERTISING UNDER THE
## LANHAM ACT- VIOLATION OF 15 U.S.C. § 1125(a)
### (Storm Catcher, Storm Smart Industries. Storm Smart Building, Storm Smart Sales)

52.     Brian Rist repeats his answers to the Amended Complaint as set forth above in paragraphs 1-37.

53.     This Count is not directed at Brian Rist.

54.     This Count is not directed at Brian Rist.

55.     This Count is not directed at Brian Rist.

56.     This Count is not directed at Brian Rist.

57.     This Count is not directed at Brian Rist.

58.     This Count is not directed at Brian Rist.

59.     This Count is not directed at Brian Rist.

**COUNT IV**
**VIOLATION OF THE FLORIDA DECEPTIVE AND UNFAIR**
**TRADE PRACTICES ACT (FLA. STAT. §§ 501.201 TO 501.213)**
**(All Defendants)**

60.     Brian Rist repeats his answers to the Amended Complaint as set forth above in paragraphs 1-37.

61.     Brian Rist denies the allegations contained in paragraph 61.

62.     Brian Rist denies the allegations contained in paragraph 62.

63.     Brian Rist denies the allegations contained in paragraph 63.

64.     Brian Rist denies the allegations contained in paragraph 64.

65.     Brian Rist denies the allegations contained in paragraph 65.

66.     Brian Rist denies the allegations contained in paragraph 66.

67.     Brian Rist denies the allegations contained in paragraph 67.

**COUNT V**
**TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIPS**
**(Storm Catcher, Rist, Johnson)**

68.     Brian Rist repeats his answers to the Amended Complaint as set forth above in paragraphs 1-37.

69.     Brian Rist lacks information sufficient to form a belief as to the allegations of paragraph 69 and therefore denies same.

70.     Brian Rist denies the allegations contained in paragraph 70.

71.     Brian Rist denies the allegations contained in paragraph 71.

72.     Brian Rist denies the allegations contained in paragraph 72.

73.     Any and all allegations that Brian Rist has not specifically admitted to herein are hereby denied.

## AFFIRMATIVE DEFENSES

Brian Rist ("Rist") asserts the following defenses on information and belief, without prejudice to its right to modify or withdraw any defense and/or assert additional defenses:

### First Affirmative Defense

No claim of the '085 Patent is infringed literally or under the doctrine of equivalents, by any activity of Rist or product that could be deemed to have been made, used, advertised, sold, or offered for sale by Rist.  Among other things, Rist has not manufactured, distributed, advertised offered for sale, and/or sold, and is not manufacturing, distributing, advertising, offering for sale and/or selling a hurricane protection system, or a hurricane protection system that: (a) is attached to an interior of a space or structure; and/or (b) has a fail strength between 61.3 and 675 psi, as required by each asserted claim of the '085 Patent.

### Second Affirmative Defense

The '085 Patent is invalid for failure to comply with the provisions of 35 U.S.C. §102 (b) because the alleged invention therein was in public use and/or on sale in this country, more than one year prior to the filing date of the application that resulted in the '085 Patent.  Among other things, the claimed invention was offered for sale and/or sold by Armor Screen and/or Targus at least as early as October 1997 which is more than one year before the filing date of new matter in the patent application that resulted in the '085 Patent.

### Third Affirmative Defense

The '085 Patent is invalid for failure to comply with the provisions of 35 U.S.C. §102 (b) because the alleged invention therein was first patented or described in a printed publication in this or a foreign country more than one year prior to the filing date of the application that resulted in the '085 Patent. Among other things, the claimed invention was patented in Israel on January 17, 1997 (Israeli Patent No. 102,215).

## Fourth Affirmative Defense

The '085 Patent is invalid for failure to comply with the provisions of 35 U.S.C. §112 because the specification of the '085 Patent does not contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same; or the specification does not conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the alleged inventor regards as his invention. For instance, the term "connectable" is indefinite.

## Fifth Affirmative Defense

The '085 Patent and each and every claim thereof is invalid for failure to comply with the provisions of 35 U.S.C. §103 because any differences between the subject matter sought to be patented in the '085 Patent and the prior art are such that the subject matter as a whole would have been obvious at the time the alleged invention was made to a person having ordinary skill in the art to which said subject matter pertains.

## Sixth Affirmative Defense

No claim of the '852 Patent is infringed literally or under the doctrine of equivalents, by any activity of Rist or product that could be deemed to have been made, used, advertised, sold, or

offered for sale by Rist.  Among other things, Rist has not manufactured, distributed, advertised offered for sale, and/or sold, and is not manufacturing, distributing, advertising, offering for sale and/or selling a hurricane protection system, or a hurricane protection system that protects the entire perimeter of the structure and/or is not attached to the roof of the structure such that it ties down the roof.

### Seventh Affirmative Defense

The '852 Patent and each and every claim thereof, is invalid for failure to comply with the provisions of 35 U.S.C. §102 (a) because the invention was known or used by others in this country or patented or described in a printed publication in this or a foreign country, before the alleged invention thereof by Ted Gower.  See eg; United States Patent Nos. 5,579,794 ("Sporta Patent"); 3,288,159 ("Corliss Patent"); 5,791,090 ("Gitlin Patent"); and French Patent, publication no. 2,698,119 ("Serge Patent").

### Eighth Affirmative Defense

The '852 Patent is invalid for failure to comply with the provisions of 35 U.S.C. §102(b) because the alleged invention therein was in public use and/or on sale in this country, more than one year prior to the filing date of any application for the '852 Patent.  Among other things, the claimed invention was offered for sale and/or sold by Armor Screen and/or Targus International Company at least as early as October 1997 which is more than one year before the filing date of new matter in the patent application that resulted in the '852 Patent.

### Ninth Affirmative Defense

The '852 Patent is invalid for failure to comply with the provisions of 35 U.S.C. §102 (b) because the alleged invention therein was first patented or described in a printed publication in

this or a foreign country or in public use or on sale in this country more than one year prior to the filing date of the application that resulted in the '852 Patent. See eg; United States Patent Nos. 5,579,794 ("Sporta Patent"); 3,288,159 ("Corliss Patent"); 5,791,090 ("Gitlin Patent"); and French Patent, publication no. 2,698,119 ("Serge Patent").

### Tenth Affirmative Defense

The '852 Patent is invalid under 35 U.S.C. §102(g) because the alleged invention was made by another in this country before the patentee of the alleged invention. Specifically, but not limited to the fact that, Warren Corliss, Brian Rist, Joseph Sporta, David Pfundt, Brian Foy and/or the FAA (a representative thereof) invented the claimed invention prior to the named inventor of the '852 Patent.

### Eleventh Affirmative Defense

The '852 Patent and each and every claim thereof is invalid for failure to comply with the provisions of 35 U.S.C. §103 because any differences between the subject matter sought to be patented in the '852 Patent and the prior art are such that the subject matter as a whole would have been obvious at the time the alleged invention was made to a person having ordinary skill in the art to which said subject matter pertains. The '852 Patent is obvious and therefore invalid in view of, but not limited to, the Sporta, Corliss, Gitlin, and Serge Patents and the following United States Patents: 3,355,745 (Jannuzzi); 3,715,843 (Ballinger); 3,787,272 (Nisbet); 3,806,391(Clay); 4,283,888 (Cros); 4,397,122 (Cros); 644,684 (Verbeeck); 4,848,386 (Cooper); 5,079,048 (Anitole); 5,174,073 (Sabo); 5,197,236 (Calhoun); 5,519,965 (Robinson); 5,915,449 (Schwartz); 6,070,629 (Whiteside) 6,412,540 (Hendee); and/or 6,964,447 (McNamee).

### Twelfth Affirmative Defense

The '852 Patent is invalid for failure to comply with the provisions of 35 U.S.C. §112 because the specification of the '852 Patent does not contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same; or the specification does not set forth the best mode contemplated by the inventor of carrying out his invention; or the specification does not conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the alleged inventor regards as his invention. Among other things,: (1) the phrases "maintain the integrity. . ." and "is resistant to" included in Claim 1 of the '852 Patent are indefinite; (2) the specification of the '852 Patent fails to adequately describe the formula for determining the spacing distance so as to enable one with ordinary skill in the art; and (3) the specification of the '852 Patent fails to disclose anchoring means to the top of the structure.

## Thirteenth Affirmative Defense

The '852 Patent, and each and every claim thereof, is invalid and unenforceable as a result of inequitable conduct on the part of one or more individuals associated with the filing and prosecution of the patent application that issued as the '852 Patent. Among other things (1) having knowledge of the materiality of the Sporta Patent and/or the Hendee Patent, neither the patentee nor his agents disclosed said references to the Patent Office; (2) having knowledge that the purported invention disclosed in the '852 Patent was the subject of an assignment, the patentee submitted a sworn statement to the contrary

## Fourteenth Affirmative Defense

Currently pending before the Court is a Motion to Correct Inventorship on the '852 Patent because Munn Reynolds Dodd made significant, material contributions to the conception

11

and reduction to practice of the wind abatement system described and claimed by the '852 Patent and is therefore at least a co-inventor, but was not named as a co-inventor in either the application resulting in said patent or in the said issued patent, also reflected in Counterclaim Count III hereof.

In the event the Court finds that the omission of Dodd as a co-inventor of the '852 Patent was without deceptive intent and issues a certificate correcting the inventorship of the '852 Patent, Defendant Brian Rist is the owner of the '852 Patent, as he has been assigned all of Dodd's rights and interests in the '852 Patent, and Defendant Storm Catcher and any other of the corporate Rist Defendants determined to have undergone activity covered by the '852 Patent are licensees and/or acted with permission of Brian Rist.

### Fifteenth Affirmative Defense

In the alternative, in the event the Court finds deceptive intent, and/or that patentee Ted Gower knowingly and willfully failed to disclose to the Patent Office that Dodd is a co-inventor, or otherwise determines that all inventors were not named, and does not correct inventorship under 35 U.S.C. §256, the '852 Patent is and remains invalid and unenforceable under the Patent Laws, including but not limited to 35 U.S.C. §§102(f), 116 and 256.

### Sixteenth Affirmative Defense

Plaintiff's claims relating to the '085 Patent and the '852 Patent are barred and the patents are unenforceable because Plaintiff has come to Court with unclean hands, by reason of the fraudulent transfer of the '085 and '852 Patents by the alleged inventor, Ted Gower, to the Plaintiff.

### Seventeenth Affirmative Defense

Plaintiff's claims are barred by the doctrine of waiver.

### Eighteenth Affirmative Defense

The '085 Patent and the '852 Patent are invalid and unenforceable because Ted Gower is not the inventor of the claimed invention.

### Nineteenth Affirmative Defense

Plaintiff's claims relating to the '085 Patent and the '852 Patent are barred by the doctrine of prosecution laches.  New matter and/or the claims disclosed in the continuation– in-part applications resulting in the '085 Patent and the '852 Patent respectively, should have been disclosed at least as early as the filing date of the parent application that was filed in May 1997.

### Twentieth Affirmative Defense

Plaintiff has not suffered any injury or damages.

### Twenty-First Affirmative Defense

Plaintiff lacks standing because it is not a true owner of any of the Patents in Suit.

### Twenty-Second Affirmative Defense

In the alternative, Plaintiff lacks standing because the co-owner of the '852 Patent or his successors in interest are not joined in this Action.

### Twenty-Third Affirmative Defense

Plaintiff's claims fail to state a claim upon which relief can be granted.

### Twenty-Fourth Affirmative Defense

The alleged misleading statements made by Rist are of opinion.

### Twenty-Fifth Affirmative Defense

The alleged misleading statements made by Rist  are true.

### Twenty-Sixth Affirmative Defense

The alleged misleading statements made by Rist are rhetorical hyperbole or puffery.

### Twenty-Seventh Affirmative Defense

No reasonable consumer is likely to be confused or misled by Rist's alleged commercial advertising.

## Twenty-Eighth Affirmative Defense

As to counts III, IV, V, the claims are barred by the applicable statute of limitations.

## Twenty-Ninth Affirmative Defense

As to counts III, IV, V, the claims are barred by laches and/or equitable estoppel.

## Thirtieth Affirmative Defense

There was not an objectively high likelihood that Rist's actions constituted infringement of the '085 Patent or the '852 Patent.  Therefore, any infringement was not willful under 35 U.S.C. § 284 of the Patent Statute.

## Thirty-First Affirmative Defense

Rist had a good faith belief that it did not infringe the '085 Patent or the '852 Patent, based in part on opinion of counsel.  Therefore, any infringement was not willful under 35 U.S.C. § 284 of the Patent Statute.

## Thirty-Second Affirmative Defense

Plaintiffs have failed to allege facts sufficient to pierce the corporate veil, or determine that liability to Brian Rist or the alleged "Rist Entities" should be based upon any theory of alter ego.  Brian Rist and the alleged Rist Entities are not alleged to and have not engaged in any legally cognizable improper conduct sufficient to support an alter ego theory or piercing of the corporate veil.  Brian Rist further should not be held liable for any activities conducted in his corporate capacity, and has not engaged in activities sufficient to create personal liability therefore.

## Thirty-Third Affirmative Defense

All alleged actions of Defendants set forth in Count V were and are privileged and justified.

**WHEREFORE**, Defendant Rist respectfully requests that the Amended Complaint be dismissed with prejudice and that it be awarded its costs, expenses and attorney's fees incurred in this action together with such other relief as this Court deems just and proper.

## COUNTERCLAIMS

Counter-Plaintiff Brian Rist  ("Rist" or "Counter-Plaintiff"), by and through undersigned counsel, sues Counter-Defendant Armor Screen, Inc. and alleges:

### Nature of the Action

1.    This is a civil action for declaratory relief under the Federal Declaratory Judgment Act, 28 U.S.C. §2201 and §2202, and for correction of inventorship of U.S. Patent No. 6,865,852 under 35 U.S.C. §256.

### Subject Matter Jurisdiction and Venue

2.    Subject matter jurisdiction over this action is conferred upon this Court by 28 U.S.C. §2201 and §2202 and 28 U.S.C. § 1338(a).  Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(b), in that Defendants reside in this District and conduct business in this District.

### The Parties

3.    Rist is an individual residing in Lee Count, Florida.

4.    On information and belief, Counter-Defendant Armor Screen Corporation

15

("Armor Screen" or "Counter-Defendant") is a Florida corporation having its principal place of business at 2001-A North Congress Avenue, Riviera Beach, Florida.

## General Allegations

5.     Armor Screen has filed suit and an Amended Complaint against Rist alleging direct infringement, contributory infringement, and inducing infringement of (a) U.S. Patent No. 6,325,085 for a "Flexible Protective System to Prevent Penetration of Wind Borne Missiles" ("'085 Patent"); and (b) U.S. Patent No. 6,865,852 for "Flexible Wind Abatement System" ("'852 Patent") (hereinafter, collectively referred to as the "Patents-in-Suit").

6.     An actual and justiciable controversy exists between Rist and Armor Screen, by virtue of the allegations set forth in Counter-Defendant's Amended Complaint concerning the alleged infringement of the Patents-in-Suit.

7.     Rist has been injured and damaged by Armor Screen's filing of the Amended Complaint.

## COUNT I
### Declaratory Judgment Under 28 U.S.C. §2201
### Non-Infringement, Invalidity and Unenforceability of the '085 Patent

8.     The allegations of Paragraphs 1 to 7 of the Counterclaim are realleged and incorporated herein by reference.

9.     Armor Screen filed the instant Amended Complaint alleging that Rist infringed and/or infringe claims of the '085 Patent.

10.     There is an actual and continuing justiciable controversy between the parties as to Armor Screen's right to maintain suit for infringement of the '085 Patent, as to the validity and scope of said patent, and as to whether Rist infringes any valid claim of the '085 Patent.

11.     No product that could be deemed a Rist product or activity of Rist infringed or

infringes any of the claims of the '085 Patent, either literally or under the doctrine of equivalents. Among other things, Rist has not manufactured, distributed, advertised offered for sale, and/or sold, and is not manufacturing, distributing, advertising, offering for sale and/or selling a hurricane protection system, or a hurricane protection system that: (a) is attached to an interior of a space or structure; and/or (b) has a fail strength between 61.3 and 675 psi, as required by each asserted claim of the '085 Patent. Accordingly, Rist is not directly infringing the '085 Patent.

12.     Rist did not induce or contribute to any infringement of the '085 Patent. Moreover, absent direct infringement, by law, there cannot be inducement or contributory infringement.

13.     Upon information and belief, the '085 Patent is invalid, unenforceable and void, for one or more of the following reasons:

(a)  The '085 Patent is invalid for failure to comply with the provisions of 35 U.S.C. §102 (b) because the alleged invention therein was in public use and/or on sale in this country, more than one year prior to the filing date of the application that resulted in the '085 Patent.  Upon information and belief, the claimed invention was offered for sale and/or sold by Armor Screen and/or Targus at least as early as October 1997, which is more than one year before the filing date of new matter in the patent application that resulted in the '085 Patent.

(b)  The '085 Patent is invalid for failure to comply with the provisions of 35 U.S.C. §102 (b) because the alleged invention therein was first patented or described in a printed publication in this or a foreign country more than one year prior to the filing date of the application that resulted in the '085 Patent.  Among other things, the claimed invention was patented in Israel on January 17, 1997 (Israeli Patent No. 102,215).

(c)  The '085 Patent is invalid for failure to comply with the provisions of 35 U.S.C. §112 because the specification of the '085 Patent does not contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same; or the specification does not conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the alleged inventor regards as his invention. For instance, the term "connectable" is indefinite.

(d)  The '085 Patent and each and every claim thereof is invalid for failure to comply with the provisions of 35 U.S.C. §103 because any differences between the subject matter sought to be patented in the '085 Patent and the prior art are such that the subject matter as a whole would have been obvious at the time the alleged invention was made to a person having ordinary skill in the art to which said subject matter pertains.

(e) The '085 Patent is invalid and unenforceable because Ted Gower is not the inventor of the claimed invention.

(f) The '085 Patent is unenforceable because Counter-Defendant has come to Court with unclean hands, by reason of the fraudulent transfer of the '085 Patent by the alleged inventor, Ted Gower, to the Plaintiff.

14.  Additionally, Armor Screen's claims relating to the '085 Patent are barred by the doctrine of prosecution laches.  New matter and/or claims disclosed in the continuation-in-part application resulting in the '085 Patent should have been disclosed at least as early as the filing date of the parent application that was filed in May 1997.

**COUNT II**

**Declaratory Judgment Under 28 U.S.C. §2201**
**Non-Infringement, Invalidity and Unenforceability of the '852 Patent**

15.    The allegations of Paragraphs 1 to 7 of the Counterclaim are realleged and incorporated herein by reference.

16.    Armor Screen filed the instant Amended Complaint alleging that Rist infringed and/or infringe claims of the '852 Patent.

17.    There is an actual and continuing justiciable controversy between the parties as to Armor Screen's right to maintain suit for infringement of the '852 Patent, as to the validity and scope of said patent, and as to whether Rist infringes any valid claim of the '852 Patent.

18.    Further, no product that could be deemed a Rist product or activity of Rist infringed and/or infringes any of the claims of the '852 Patent either literally or under the doctrine of equivalents.  Among other things, Rist has not manufactured, distributed, advertised offered for sale, and/or sold, and is not manufacturing, distributing, advertising, offering for sale and/or selling a hurricane protection system, or a hurricane protection system that protects the entire perimeter of the structure and/or is not attached to the roof of the structure such that it ties down the roof. Accordingly, Rist does not directly infringe the '852 Patent.

19.    Rist did not induce or contribute to any infringement of the '852 Patent. Moreover, absent direct infringement, by law, there cannot be inducement or contributory infringement.

20.    Moreover, upon information and belief, the '852 Patent is invalid, unenforceable and void, for one or more of the following reasons:

(a)  The '852 Patent and each and every claim thereof, is invalid for failure to comply with the provisions of 35 U.S.C. §102 (a) because the invention was known or used by others in this country or patented or described in a printed publication in this or a foreign

country, before the alleged invention thereof by Ted Gower.   See eg; United States Patent Nos. 5,579,794 ("Sporta Patent"); 3,288,159 ("Corliss Patent"); 5,791,090 ("Gitlin Patent") and French Patent, publication no. 2,698,119 ("Serge Patent").

(b)   The '852 Patent is invalid for failure to comply with the provisions of 35 U.S.C. §102(b) because the alleged invention therein was in public use  and/or on sale in this country, more than one year prior to the filing date of any application for the '852 Patent. Upon information and belief, the claimed invention was offered for sale and/or sold by Armor Screen and/or Targus International Company at least as early as October 1997 which is more than one year before the filing date of new matter in the patent application that resulted in the '852 Patent.

(c)   The '852 Patent is invalid for failure to comply with the provisions of 35 U.S.C. §102 (b) because the alleged invention therein was first patented or described in a printed publication in this or a foreign country or in public use or on sale in this country more than one year prior to the filing date of the application that resulted in the '852 Patent.  See eg; United States Patent Nos. 5,579,794 ("Sporta Patent"); 3,288,159 ("Corliss Patent"); 5,791,090 ("Gitlin Patent") and French Patent, publication no. 2,698,119 ("Serge Patent").

(d)   The '852 Patent is invalid under 35 U.S.C. §102(g) because the alleged invention was made by another in this country before the patentee of the alleged invention. Upon information and belief, Warren Corliss, Brian Rist, Joseph Sporta, David Pfundt, Brian Foy and/or the FAA (a representative thereof) invented the claimed invention prior to the named inventor of the '852 Patent.

(e)   The '852 Patent and each and every claim thereof is invalid for failure to comply with the provisions of 35 U.S.C. §103 because any differences between the subject

matter sought to be patented in the '852 Patent and the prior art are such that the subject matter as a whole would have been obvious at the time the alleged invention was made to a person having ordinary skill in the art to which said subject matter pertains.  Among other things, the '852 Patent is obvious and therefore invalid in view of , but not limited to, the Sporta, Corliss, Gitlin, and Serge Patents and the following United States Patents: 3,355,745 (Jannuzzi); 3,715,843 (Ballinger); 3,787,272 (Nisbet); 3,806,391(Clay); 4,283,888 (Cros); 4,397,122 (Cros);   644,684 (Verbeeck); 4,848,386 (Cooper); 5,079,048 (Anitole); 5,174,073 (Sabo); 5,197,236 (Calhoun); 5,519,965 (Robinson); 5,915,449 (Schwartz); 6,070,629 (Whiteside) 6,412,540 (Hendee); and/or 6,964,447 (McNamee).

(f) The '852 Patent is invalid for failure to comply with the provisions of 35 U.S.C. §112 because the specification of the '852 Patent does not contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same; or the specification does not set forth the best mode contemplated by the inventor of carrying out his invention; or the specification does not conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the alleged inventor regards as his invention.  Among other things: (1) the phrases "maintain the integrity. . ." and "is resistant to" included in Claim 1 of the '852 Patent are indefinite; (2) the specification of the '852 Patent fails to adequately describe the formula for determining the spacing distance so as to enable one with ordinary skill in the art; and (3) the specification of the '852 Patent fails to disclose anchoring means to the top of the structure.

(g) The '852 Patent, and each and every claim thereof, is invalid and

unenforceable as a result of inequitable conduct on the part of one or more individuals associated with the filing and prosecution of the patent application that issued as the '852 Patent.  Among other things, (1) having knowledge of the materiality of the Sporta Patent and/or the Hendee Patent, neither the patentee nor his agents disclosed said references to the Patent Office; (2) having knowledge that the purported invention disclosed in the '852 Patent was the subject of an assignment, the patentee submitted a sworn statement to the contrary

(h) The '852 Patent is invalid and unenforceable because Ted Gower is not the inventor of the claimed invention.

(i) The '852 Patent is unenforceable because Counter-Defendant has come to Court with unclean hands, by reason of the fraudulent transfer of the '852 Patent by the alleged inventor, Ted Gower, to the Plaintiff.

(j) Ted Gower is not the inventor, or sole inventor of the claimed invention.  Dodd is at least a co-inventor of the claimed invention. Dodd made significant, material contributions to the conception and reduction to practice of the wind abatement system described and claimed by the '852 patent. In the event the Court finds deceptive intent, and/or that patentee Ted Gower knowingly and willfully failed to disclose to the Patent Office that Dodd is a co-inventor, or otherwise determines that all inventors were not named, and does not correct inventorship under 35 U.S.C. §256, the '852 Patent is and remains invalid and unenforceable under the Patent Laws, including but not limited to 35 U.S.C. §§102(f), 116 and 256.

21.  Additionally, Armor Screen's claims relating to the '852 Patent are barred by the doctrine of prosecution laches.  New matter and/or claims disclosed in the application resulting in the '852 Patent should have been disclosed at least as early as the filing date of the parent application that was filed in May 1997.

## COUNT III
### Declaratory Judgment Under 28 U.S.C. §2201
### Correction of Inventorship of the '852 Patent under 35 U.S.C. §256 and
### Non-Infringement Based Thereon

22.     The allegations of Paragraphs 1 to 7 of the Counterclaim are realleged and incorporated herein by reference.

23.     The '852 Patent lists Ted Gower as sole inventor of the subject matter claimed therein.

24.     Upon information and belief, Munn Reynolds Dodd ("Dodd") made significant and material contributions to the conception and reduction to practice of the wind abatement system described and claimed in the '852 Patent.

25.     Based on these significant and material contributions, Dodd is at least a co-inventor of the '852 Patent, and has assigned all rights in said patent to Brian Rist.

26.     Dodd was not named as a co-inventor in either the patent application which resulted in the '852 Patent or in the issued '852 Patent itself.

27.     There is an actual and continuing justiciable controversy between the parties as to inventorship of the '852 Patent.

28.     Currently a Motion to Correct Inventorship of the '852 Patent and a Motion to Intervene are pending before the Court to designate Dodd as a co-inventor of the '852 Patent under 35 U.S.C. §256.

29.     In the event the Court finds the omission of Dodd as a co-inventor was without deceptive intent, then pursuant to 35 U.S.C. §256 the Court should order correction of the '852 Patent to include Dodd as a named co-inventor and instruct the Director of the U.S. Patent and Trademark Office to issue a certificate accordingly.

30.     Further, if inventorship is so corrected, Brian Rist has been assigned all rights in

the '852 Patent owned by Dodd.

31.    As such, Brian Rist is at least a co-owner of the '852 Patent.

32.    Moreover, pursuant to 35 U.S.C. §262, Brian Rist may make, use, offer to sell, or sell the invention described and claimed in the '852 Patent, and may license same, without accounting to alleged co-owner Armor Screen.

33.    Defendant Storm Catcher and the remaining Rist Corporate Defendants are licensees of Rist under the '852 patent, and therefore are not infringing the '852 patent.

34.    Brian Rist is therefore not infringing, inducing or contributing to the infringement of the '852 patent.

## PRAYER FOR RELIEF

WHEREFORE, Counter-Plaintiff Rist prays for an Order and Judgment that:

1.    Rist does not infringe, literally or under the doctrine of equivalents, any claim of the '852 or '085 Patents, and is not inducing or contributing to the infringement of same;

2.    The '085 Patent is invalid by law;

3.    The '085 Patent is unenforceable;

4.    The claims relating to the '085 Patent are barred by the doctrine of prosecution laches;

5.    The '852 Patent is invalid by law;

6.    The '852 Patent is unenforceable;

7.    The claims of the '852 Patent are barred by the doctrine of prosecution laches,

8.    Alternatively, should the Court correct inventorship as to the '852 Patent, and determine the patent to be valid and unforceable, then Defendant Rist prays for an Order and Judgment that Defendant Rist is a co-owner of the '852 patent, and Defendant Storm Catcher and

the remaining Rist Corporate Defendants are licensees thereof.

       9.  Rist be awarded his reasonable attorneys' fees, costs and expenses; and

      10. The Court awards other relief it deems proper and just.


                           Respectfully submitted,

                           MALLOY & MALLOY, P.A.
                           2800 S.W. Third Avenue
                           Miami, Florida 33129
                           Telephone: (305) 858-8000
                           Facsimile: (305) 858-0008


Dated:  September 8, 2008        By:     s/ Andrew W. Ransom
                                  John Cyril Malloy, III
                                  Florida Bar No. 964,220
                                  jcmalloy@malloylaw.com
                                  Peter A. Matos
                                  Florida Bar No. 992,879
                                  pmatos@malloylaw.com
                                  Andrew W. Ransom
                                  Florida Bar No. 964,344
                                  aransom@malloylaw.com
                                  John Fulton, Jr.
                                  Florida Bar No. 173,800
                                  jfulton@malloylaw.com

                           **Attorneys for Defendants Storm Catcher, Inc., Storm Smart Building Systems, Inc., Smart Tracks, Inc., Storm Smart Industries, Inc., Storm Smart Sales, Inc. and Brian Rist.**

25

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 8, 2008, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.

<u>s/ Andrew W. Ransom</u>
Andrew W. Ransom
Florida Bar No. 964,344

Case No.:  07-81091-CIV-RYSKAMP

**SERVICE LIST**
ARMOR SCREEN CORPORATION v. STORM CATCHER, INC., ET AL.
United States District Court, Southern District of Florida
Case No. 07-81091-CIV-RYSKAMP/VITUNAC

Robert C. L. Vaughan
rvaughan@ssd.com
Javier A. Lopez
jalopez@ssd.com
SQUIRE, SANDERS & DEMPSEY, LLP
200 South Biscayne Boulevard
Suite 4000
Miami, Florida 33131
Telephone: (305) 577-7000
Facsimile:  (305) 577-7001
Attorneys for Plaintiff.
Notices of Electronic Filing
generated by CM/ECF.

Lawrence D. Smith
lsmith@waltonlantaff.com
Francis A. Scaglia
fscaglia@waltonlantaff.com
WALTON, LANTAFF, SCHROEDER &
CARLSON, LLP
9350 South Dixie Highway
10th Floor
Miami, Florida 33156
Telephone: (305) 671-1300
Facsimile:  (305) 670-7065
Attorneys for Defendant
Stephen Johnson.
Notices of Electronic Filing
generated by CM/ECF.

John Cyril Malloy, III
jcmalloy@malloylaw.com
Peter A. Matos
pmatos@malloylaw.com
Andrew W. Ransom
Florida Bar No. 964,344
aransom@malloylaw.com
John Fulton, Jr.
Florida Bar No. 173,800
jfulton@malloylaw.com
MALLOY & MALLOY, P.A.
2800 S.W. Third Avenue
Miami, Florida  33129
Telephone: (305) 858-8000
Facsimile:  (305) 858-0008
Attorneys for Defendants
Storm Catcher, Inc., Storm
Smart Building Systems,
Inc., Smart Tracks, Inc. and
Brian Rist.
Notices of Electronic Filing
generated by CM/ECF.