UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 07-81091-CIV-RYSKAMP

ARMOR SCREEN CORPORATION,
a Florida corporation,

       Plaintiff,

v.

STORM CATCHER, INC., a Florida
corporation, STORM SMART
INDUSTRIES, INC., a Florida
corporation, STORM SMART
BUILDING SYSTEMS, INC., a
Florida corporation, STORM SMART
SALES, INC., a Florida corporation,
SMART TRACKS, INC., a Florida
corporation, BRIAN RIST, an individual,
and STEPHEN JOHNSON, an individual,

       Defendants.

_____/

## DEFENDANT STORM CATCHER, INC.'S ANSWER TO AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

Defendant Storm Catcher, Inc. ("Storm Catcher"), by and through its undersigned counsel, Malloy & Malloy, P.A., hereby submits its Answer, Affirmative Defenses, and Counterclaims to Plaintiff's Amended Complaint and states as follows, with the numbered paragraphs responding to the correspondingly-numbered paragraphs of the Amended Complaint:

### Jurisdiction and Venue

1.      Paragraph 1 alleges purported legal basis for subject matter jurisdiction and does not require a response. To the extent a response is required, Storm Catcher denies that that Plaintiff has properly asserted or has standing to assert the referenced causes of action, that it has

2.      Storm Catcher admits that this Court has personal jurisdiction over Storm Catcher and that venue properly lies within this district under 28 U.S.C. §§ 1391 and 1400(b).

### The Parties

3.      Storm Catcher lacks information sufficient to form a belief as to the allegations of paragraph 3 and therefore denies same.

4.      Storm Catcher admits that it is a Florida corporation with an address  at 6182 Idlewild Street, Fort Myers, Florida.

5.      Storm Catcher admits that Storm Smart Industries is a Florida corporation with an address at 6182 Idlewild Street, Fort Myers, Florida.

6.      Storm Catcher admits the allegations contained in paragraph 6.

7.      Storm Catcher admits that Storm Smart Sales is a Florida corporation with an address at 6182 Idlewild Street, Fort Myers, Florida.

8.      Storm Catcher admits the allegations contained in paragraph 8.

9.      Storm Catcher admits that Brian Rist is a resident of Lee County, Florida.

10.      Storm Catcher lacks information sufficient to form a belief as to the allegations of paragraph 10 and therefore denies same.

11.      Storm Catcher denies that Brian Rist is its alter ego.  Storm Catcher denies the remaining allegations set forth in paragraph 11.

### Factual Background

12.      Storm Catcher admits that Exhibit A to the Amended Complaint appears to be  a copy of United States Patent No. 6,325,085, entitled "Flexible Protective System to Prevent Penetration of Wind Borne Missiles," ("the '085 patent") and admits that the '085 patent reflects

an issue date of December 4, 2001. Storm Catcher, however, denies that the '085 patent is valid or enforceable.

13.     Storm Catcher admits that Exhibit B to the Amended Complaint appears to be a copy of United States Patent No. 6,865,852, entitled "Flexible Wind Abatement System," ("the '852 patent") and admits that the '852 patent reflects an issue date of March 15, 2005. Storm Catcher, however, denies that the '852 patent is valid or enforceable.

14.     Storm Catcher denies the allegations contained in paragraph 14.

15.     Storm Catcher lacks information sufficient to form a belief as to the allegations of paragraph 15 and therefore denies same.

16.     Storm Catcher lacks information sufficient to form a belief as to the allegations of paragraph 16 and therefore denies same.

17.     Storm Catcher lacks information sufficient to form a belief as to the allegations of paragraph 17 and therefore denies same.

18.     Storm Catcher lacks information sufficient to form a belief as to the allegations of paragraph 18 and therefore denies same.

19.     Storm Catcher lacks information sufficient to form a belief as to the allegations of paragraph 19 and therefore denies same.

20.     Storm Catcher lacks information sufficient to form a belief as to the allegations of paragraph 20 and therefore denies same.

21.     Storm Catcher lacks information sufficient to form a belief as to the allegations of paragraph 21 and therefore denies same.

22.     Storm Catcher lacks information sufficient to form a belief as to the allegations of paragraph 22 and therefore denies same.

23.     Storm Catcher lacks information sufficient to form a belief as to the allegations of paragraph 23 and therefore denies same.

24.     Storm Catcher lacks information sufficient to form a belief as to the allegations of paragraph 24 and therefore denies same.

25.     Storm Catcher denies the allegations contained in paragraph 25.

26.     Storm Catcher denies the allegations contained in paragraph 26.

27.     Storm Catcher denies the allegations contained in paragraph 27,

28.     Storm Catcher denies the allegations contained in paragraph 28.

29.     Storm Catcher denies the allegations contained in paragraph 29.

30.     Storm Catcher denies the allegations contained in paragraph 30.

31.     Storm Catcher denies the allegations contained in paragraph 31.

32.     Storm Catcher denies the allegations contained in paragraph 32.

33.     Storm Catcher denies the allegations contained in paragraph 33.

34.     Storm Catcher denies the allegations contained in paragraph 34.

35.     Storm Catcher denies the allegations contained in paragraph 35.

36.     Storm Catcher denies the allegations contained in paragraph 36.

37.     Storm Catcher denies the allegations contained in paragraph 37.


**COUNT I**
**PATENT INFRINGEMENT OF U.S. PATENT NO. 6,325,085**
**(All Defendants)**

38.     Storm Catcher repeats its answers to the Amended Complaint as set forth above in paragraphs 1-37.

39.     Storm Catcher denies the allegations contained in paragraph 39.

40.    Storm Catcher denies the allegations contained in paragraph 40.

41.    Storm Catcher denies the allegations contained in paragraph 41.

42.    Storm Catcher denies the allegations contained in paragraph 42.

43.    Storm Catcher denies the allegations contained in paragraph 43.

44.    Storm Catcher denies the allegations contained in paragraph 44.

**COUNT II**
**PATENT INFRINGEMENT OF U.S. PATENT NO. 6,865,852**
**(All Defendants)**

45.    Storm Catcher repeats its answers to the Amended Complaint as set forth above in paragraphs 1-37.

46.    Storm Catcher denies the allegations contained in paragraph 46.

47.    Storm Catcher denies the allegations contained in paragraph 47.

48.    Storm Catcher denies the allegations contained in paragraph 48.

49.    Storm Catcher denies the allegations contained in paragraph 49.

50.    Storm Catcher denies the allegations contained in paragraph 50.

51.    Storm Catcher denies the allegations contained in paragraph 51.

**COUNT III**
**FEDERAL UNFAIR COMPETITION AND FALSE ADVERTISING UNDER THE**
**LANHAM ACT- VIOLATION OF 15 U.S.C. § 1125(a)**
**(Storm Catcher, Storm Smart Industries. Storm Smart Building, Storm Smart Sales)**

52.    Storm Catcher repeats its answers to the Amended Complaint as set forth above in paragraphs 1-37.

53.    Storm Catcher denies the allegations contained in paragraph 53.

54.    Storm Catcher denies the allegations contained in paragraph 54.

55.    Storm Catcher denies the allegations contained in paragraph 55.

56.    Storm Catcher denies the allegations contained in paragraph 56.

57.     Storm Catcher denies the allegations contained in paragraph 57.

58.     Storm Catcher denies the allegations contained in paragraph 58.

59.     Storm Catcher denies the allegations contained in paragraph 59.

**COUNT IV**
**VIOLATION OF THE FLORIDA DECEPTIVE AND UNFAIR**
**TRADE PRACTICES ACT (FLA. STAT. §§ 501.201 TO 501.213)**
**(All Defendants)**

60.     Storm Catcher repeats its answers to the Amended Complaint as set forth above in paragraphs 1-37.

61.     Storm Catcher denies the allegations contained in paragraph 61.

62.     Storm Catcher denies the allegations contained in paragraph 62.

63.     Storm Catcher denies the allegations contained in paragraph 63.

64.     Storm Catcher denies the allegations contained in paragraph 64.

65.     Storm Catcher denies the allegations contained in paragraph 65.

66.     Storm Catcher denies the allegations contained in paragraph 66.

67.     Storm Catcher denies the allegations contained in paragraph 67.

**COUNT V**
**TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIPS**
**(Storm Catcher, Rist, Johnson)**

68.     Storm Catcher repeats its answers to the Amended Complaint as set forth above in paragraphs 1-37.

69.     Storm Catcher lacks information sufficient to form a belief as to the allegations of paragraph 69 and therefore denies same.

70.     Storm Catcher denies the allegations contained in paragraph 70.

71.     Storm Catcher denies the allegations contained in paragraph 71.

72.     Storm Catcher denies the allegations contained in paragraph 72.

73.    Any and all allegations that Storm Catcher has not specifically admitted to herein are hereby denied.

## AFFIRMATIVE DEFENSES

Storm Catcher asserts the following defenses on information and belief, without prejudice to its right to modify or withdraw any defense and/or assert additional defenses:

### First Affirmative Defense

No claim of the '085 Patent is infringed literally or under the doctrine of equivalents, by any product made, used, advertised, sold, or offered for sale by Storm Catcher.  Among other things, Storm Catcher has not manufactured, distributed, advertised offered for sale, and/or sold, and is not manufacturing, distributing, advertising, offering for sale and/or selling a hurricane protection system that: (a) is attached to an interior of a space or structure; and/or (b) has a fail strength between 61.3 and 675 psi, as required by each asserted claim of the '085 Patent.

### Second Affirmative Defense

The '085 Patent is invalid for failure to comply with the provisions of 35 U.S.C. §102 (b) because the alleged invention therein was in public use and/or on sale in this country, more than one year prior to the filing date of the application that resulted in the '085 Patent.  Among other things, the claimed invention was offered for sale and/or sold by Armor Screen and/or Targus at least as early as October 1997 which is more than one year before the filing date of new matter in the patent application that resulted in the '085 Patent.

### Third Affirmative Defense

The '085 Patent is invalid for failure to comply with the provisions of 35 U.S.C. §102 (b) because the alleged invention therein was first patented or described in a printed publication in this or a foreign country more than one year prior to the filing date of the application that

resulted in the '085 Patent. Among other things, the claimed invention was patented in Israel on January 17, 1997 (Israeli Patent No. 102,215).

## Fourth Affirmative Defense

The '085 Patent is invalid for failure to comply with the provisions of 35 U.S.C. §112 because the specification of the '085 Patent does not contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same; or the specification does not conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the alleged inventor regards as his invention. For instance, the term "connectable" is indefinite.

## Fifth Affirmative Defense

The '085 Patent and each and every claim thereof is invalid for failure to comply with the provisions of 35 U.S.C. §103 because any differences between the subject matter sought to be patented in the '085 Patent and the prior art are such that the subject matter as a whole would have been obvious at the time the alleged invention was made to a person having ordinary skill in the art to which said subject matter pertains.

## Sixth Affirmative Defense

No claim of the '852 Patent is infringed literally or under the doctrine of equivalents, by any product made, used, advertised, sold, or offered for sale by Storm Catcher. Among other things, Storm Catcher has not manufactured, distributed, advertised offered for sale, and/or sold, and is not manufacturing, distributing, advertising, offering for sale and/or selling a hurricane

protection system that protects the entire perimeter of the structure and/or is not attached to the roof of the structure such that it ties down the roof.

### Seventh Affirmative Defense

The '852 Patent and each and every claim thereof, is invalid for failure to comply with the provisions of 35 U.S.C. §102 (a) because the invention was known or used by others in this country or patented or described in a printed publication in this or a foreign country, before the alleged invention thereof by Ted Gower. See eg; United States Patent Nos. 5,579,794 ("Sporta Patent"); 3,288,159 ("Corliss Patent"); 5,791,090 ("Gitlin Patent"); and French Patent, publication no. 2,698,119 ("Serge Patent").

### Eighth Affirmative Defense

The '852 Patent is invalid for failure to comply with the provisions of 35 U.S.C. §102(b) because the alleged invention therein was in public use and/or on sale in this country, more than one year prior to the filing date of any application for the '852 Patent. Among other things, the claimed invention was offered for sale and/or sold by Armor Screen and/or Targus International Company at least as early as October 1997 which is more than one year before the filing date of new matter in the patent application that resulted in the '852 Patent.

### Ninth Affirmative Defense

The '852 Patent is invalid for failure to comply with the provisions of 35 U.S.C. §102 (b) because the alleged invention therein was first patented or described in a printed publication in this or a foreign country or in public use or on sale in this country more than one year prior to the filing date of the application that resulted in the '852 Patent. See eg; United States Patent Nos.

5,579,794 ("Sporta Patent"); 3,288,159 ("Corliss Patent"); 5,791,090 ("Gitlin Patent"); and French Patent, publication no. 2,698,119 ("Serge Patent").

### Tenth Affirmative Defense

The '852 Patent is invalid under 35 U.S.C. §102(g) because the alleged invention was made by another in this country before the patentee of alleged invention. Specifically, but not limited to the fact that, Warren Corliss, Brian Rist, Joseph Sporta, David Pfundt, Brian Foy and/or the FAA (a representative thereof) invented the claimed invention prior to the named inventor of the '852 Patent.

### Eleventh Affirmative Defense

The '852 Patent and each and every claim thereof is invalid for failure to comply with the provisions of 35 U.S.C. §103 because any differences between the subject matter sought to be patented in the '852 Patent and the prior art are such that the subject matter as a whole would have been obvious at the time the alleged invention was made to a person having ordinary skill in the art to which said subject matter pertains. The '852 Patent is obvious and therefore invalid in view of, but not limited to, the Sporta, Corliss, Gitlin, and Serge Patents and the following United States Patents: 3,355,745 (Jannuzzi); 3,715,843 (Ballinger); 3,787,272 (Nisbet); 3,806,391(Clay); 4,283,888 (Cros); 4,397,122 (Cros); 644,684 (Verbeeck); 4,848,386 (Cooper); 5,079,048 (Anitole); 5,174,073 (Sabo); 5,197,236 (Calhoun); 5,519,965 (Robinson); 5,915,449 (Schwartz); 6,070,629 (Whiteside) 6,412,540 (Hendee); and/or 6,964,447 (McNamee).

### Twelfth Affirmative Defense

The '852 Patent is invalid for failure to comply with the provisions of 35 U.S.C. §112 because the specification of the '852 Patent does not contain a written description of the

invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same; or the specification does not set forth the best mode contemplated by the inventor of carrying out his invention; or the specification does not conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the alleged inventor  regards as his invention.  Among other things,: (1) the phrases "maintain the integrity. . ." and "is resistant to" included in Claim 1 of the '852 Patent are indefinite; (2) the specification of the '852 Patent fails to adequately describe the formula for determining the spacing distance so as to enable one with ordinary skill in the art; and (3) the specification of the '852 Patent fails to disclose anchoring means to the top of the structure.

### Thirteenth Affirmative Defense

The '852 Patent, and each and every claim thereof, is invalid and unenforceable as a result of inequitable conduct on the part of one or more individuals associated with the filing and prosecution of the patent application that issued as the '852 Patent.  Among other things (1) having knowledge of the materiality of the Sporta Patent and/or the Hendee Patent, neither the patentee nor his agents disclosed said references to the Patent Office; (2) having knowledge that the purported  invention disclosed in the '852 Patent was the subject of an assignment, the patentee submitted a sworn statement to the contrary

### Fourteenth Affirmative Defense

Currently pending before the Court is a Motion to Correct Inventorship on the '852 Patent because Munn Reynolds Dodd made significant, material contributions to the conception and reduction to practice of the wind abatement system described and claimed by the '852 Patent and is therefore at least a co-inventor, but was not named as a co-inventor in either the

application resulting in said patent or in the said issued patent, also reflected in Counterclaim Count III hereof.

In the event the Court finds that the omission of Dodd as a co-inventor of the '852 Patent was without deceptive intent and issues a certificate correcting the inventorship of the '852 Patent, Defendant Brian Rist is the owner of the '852 Patent, as he has been assigned all of Dodd's rights and interests in the '852 Patent, and Defendant Storm Catcher and any other of the corporate Rist Defendants determined to have undergone activity covered by the '852 Patent are licensees and/or acted with permission of Brian Rist.

### Fifteenth Affirmative Defense

In the alternative, in the event the Court finds deceptive intent, and/or that patentee Ted Gower knowingly and willfully failed to disclose to the Patent Office that Dodd is a co-inventor, or otherwise determines that all inventors were not named, and does not correct inventorship under 35 U.S.C. §256, the '852 Patent is and remains invalid and unenforceable under the Patent Laws, including but not limited to 35 U.S.C. §§102(f), 116 and 256.

### Sixteenth Affirmative Defense

Plaintiff's claims relating to the '085 Patent and the '852 Patent are barred and the patents are unenforceable because Plaintiff has come to Court with unclean hands, by reason of the fraudulent transfer of the '085 and '852 Patents by the alleged inventor, Ted Gower, to the Plaintiff.

### Seventeenth Affirmative Defense

Plaintiff's claims are barred by the doctrine of waiver.

### Eighteenth Affirmative Defense

The '085 Patent and the '852 Patent are invalid and unenforceable because Ted Gower is not the inventor of the claimed invention.

### Nineteenth Affirmative Defense

Plaintiff's claims relating to the '085 Patent and the '852 Patent are barred by the doctrine of prosecution laches. New matter and/or the claims disclosed in the continuation– in-part applications resulting in the '085 Patent and the '852 Patent respectively, should have been disclosed at least as early as the filing date of the parent application that was filed in May 1997.

### Twentieth Affirmative Defense

Plaintiff has not suffered any injury or damages.

### Twenty-First Affirmative Defense

Plaintiff lacks standing because it is not a true owner of any of the Patents in Suit.

### Twenty-Second Affirmative Defense

In the alternative, Plaintiff lacks standing because the co-owner of the '852 Patent or his successors in interest are not joined in this Action.

### Twenty-Third Affirmative Defense

Plaintiff's claims fail to state a claim upon which relief can be granted.

### Twenty-Fourth Affirmative Defense

The alleged misleading statements made by Storm Catcher are of opinion.

### Twenty-Fifth Affirmative Defense

The alleged misleading statements made by Storm Catcher are true.

### Twenty-Sixth Affirmative Defense

The alleged misleading statements made by Storm Catcher are rhetorical hyperbole or puffery.

### Twenty-Seventh Affirmative Defense

No reasonable consumer is likely to be confused or misled by alleged Storm Catcher,

Inc.'s commercial advertising.

### Twenty-Eighth Affirmative Defense

As to counts III, IV, V, the claims are barred by the applicable statute of limitations.

### Twenty-Ninth Affirmative Defense

As to counts III, IV, V, the claims are barred by laches and/or equitable estoppel.

### Thirtieth Affirmative Defense

There was not an objectively high likelihood that Storm Catcher's actions constituted infringement of the '085 Patent or the '852 Patent. Therefore, any infringement was not willful under 35 U.S.C. § 284 of the Patent Statute.

### Thirty-First Affirmative Defense

Storm Catcher had a good faith belief that it did not infringe the '085 Patent or the '852 Patent, based in part on opinion of counsel. Therefore, any infringement was not willful under 35 U.S.C. § 284 of the Patent Statute.

### Thirty-Second Affirmative Defense

Plaintiffs have failed to allege facts sufficient to pierce the corporate veil, or determine that liability to Brian Rist or the alleged "Rist Entities" should be based upon any theory of alter ego. Brian Rist and the alleged Rist Entities are not alleged to and have not engaged in any legally cognizable improper conduct sufficient to support an alter ego theory or piercing of the corporate veil.

### Thirty-Third Affirmative Defense

All alleged actions of Defendants set forth in Count V were and are privileged and justified.

**WHEREFORE**, Defendant Storm Catcher, Inc. respectfully requests that the Amended Complaint be dismissed with prejudice and that it be awarded its costs, expenses and attorney's fees incurred in this action together with such other relief as this Court deems just and proper.

## COUNTERCLAIMS

Counter-Plaintiff Storm Catcher, Inc. ("Storm Catcher" or "Counter-Plaintiff"), by and through undersigned counsel, sues Counter-Defendant Armor Screen, Inc. and alleges:

### Nature of the Action

1. This is a civil action for declaratory relief under the Federal Declaratory Judgment Act, 28 U.S.C. §2201 and §2202, and for correction of inventorship of U.S. Patent No. 6,865,852 under 35 U.S.C. §256.

### Subject Matter Jurisdiction and Venue

2. Subject matter jurisdiction over this action is conferred upon this Court by 28 U.S.C. §2201 and §2202 and 28 U.S.C. § 1338(a).  Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(b), in that Defendants reside in this District and conduct business in this District.

### The Parties

3. Storm Catcher, Inc. is a Florida corporation with an address in Fort Myers, Florida.

4. On information and belief, Counter-Defendant Armor Screen Corporation ("Armor Screen" or "Counter-Defendant") is a Florida corporation having its principal place of business at 2001-A North Congress Avenue, Riviera Beach, Florida.

**General Allegations**

5.      Armor Screen has filed suit and an Amended Complaint against Storm Catcher alleging direct infringement, contributory infringement, and inducing infringement of (a) U.S. Patent No. 6,325,085 for a "Flexible Protective System to Prevent Penetration of Wind Borne Missiles" ("'085 Patent"); and (b) U.S. Patent No. 6,865,852 for "Flexible Wind Abatement System" ("'852 Patent") (hereinafter, collectively referred to as the "Patents-in-Suit").

6.      An actual and justiciable controversy exists between Storm Catcher and Armor Screen, by virtue of the allegations set forth in Counter-Defendant's Amended Complaint concerning the alleged infringement of the Patents-in-Suit.

7.      Storm Catcher has been injured and damaged by Armor Screen's filing of the Amended Complaint.

**COUNT I**
**Declaratory Judgment Under 28 U.S.C. §2201**
**Non-Infringement, Invalidity and Unenforceability of the '085 Patent**

8.      The allegations of Paragraphs 1 to 7 of the Counterclaim are realleged and incorporated herein by reference.

9.      Armor Screen filed the instant Amended Complaint alleging that Storm Catcher infringed and/or infringe claims of the '085 Patent.

10.      There is an actual and continuing justiciable controversy between the parties as to Armor Screen's right to maintain suit for infringement of the '085 Patent, as to the validity and scope of said patent, and as to whether Storm Catcher infringes any valid claim of the '085 Patent.

11.      No Storm Catcher product or activity infringed or infringes any of the claims of the '085 Patent, either literally or under the doctrine of equivalents.  Among other things, Storm

Catcher has not manufactured, distributed, advertised offered for sale, and/or sold, and is not manufacturing, distributing, advertising, offering for sale and/or selling a hurricane protection system that: (a) is attached to an interior of a space or structure; and/or (b) has a fail strength between 61.3 and 675 psi, as required by the asserted claims of the '085 Patent. Accordingly, Storm Catcher is not directly infringing the '085 Patent.

12.    Storm Catcher did not induce or contribute to any infringement of the '085 Patent. Moreover, absent direct infringement, by law, there cannot be inducement or contributory infringement.

13.    Upon information and belief, the '085 Patent is invalid, unenforceable and void, for one or more of the following reasons:

(a)  The '085 Patent is invalid for failure to comply with the provisions of 35 U.S.C. §102 (b) because the alleged invention therein was in public use and/or on sale in this country, more than one year prior to the filing date of the application that resulted in the '085 Patent.  Upon information and belief, the claimed invention was offered for sale and/or sold by Armor Screen and/or Targus at least as early as October 1997, which is more than one year before the filing date of new matter in the patent application that resulted in the '085 Patent.

(b)  The '085 Patent is invalid for failure to comply with the provisions of 35 U.S.C. §102 (b) because the alleged invention therein was first patented or described in a printed publication in this or a foreign country more than one year prior to the filing date of the application that resulted in the '085 Patent.  Among other things, the claimed invention was patented in Israel on January 17, 1997 (Israeli Patent No. 102,215).

(c)  The '085 Patent is invalid for failure to comply with the provisions of 35

U.S.C. §112 because the specification of the '085 Patent does not contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same; or the specification does not conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the alleged inventor regards as his invention. For instance, the term "connectable" is indefinite.

(d)  The '085 Patent and each and every claim thereof is invalid for failure to comply with the provisions of 35 U.S.C. §103 because any differences between the subject matter sought to be patented in the '085 Patent and the prior art are such that the subject matter as a whole would have been obvious at the time the alleged invention was made to a person having ordinary skill in the art to which said subject matter pertains.

(e) The '085 Patent is invalid and unenforceable because Ted Gower is not the inventor of the claimed invention.

(f) The '085 Patent is unenforceable because Counter-Defendant has come to Court with unclean hands, by reason of the fraudulent transfer of the '085 Patent by the alleged inventor, Ted Gower, to the Plaintiff.

14.  Additionally, Armor Screen's claims relating to the '085 Patent are barred by the doctrine of prosecution laches.  New matter and/or claims disclosed in the continuation-in-part application resulting in the '085 Patent should have been disclosed at least as early as the filing date of the parent application that was filed in May 1997.

**COUNT II**
**Declaratory Judgment Under 28 U.S.C. §2201**
**Non-Infringement, Invalidity and Unenforceability of the '852 Patent**

15.     The allegations of Paragraphs 1 to 7 of the Counterclaim are realleged and incorporated herein by reference.

16.     Armor Screen filed the instant Amended Complaint alleging that Storm Catcher infringed and/or infringe claims of the '852 Patent.

17.     There is an actual and continuing justiciable controversy between the parties as to Armor Screen's right to maintain suit for infringement of the '852 Patent, as to the validity and scope of said patent, and as to whether Storm Catcher infringes any valid claim of the '852 Patent.

18.     Further, no Storm Catcher product or activity infringed and/or infringes any of the claims of the '852 Patent either literally or under the doctrine of equivalents.  Among other things, Storm Catcher has not manufactured, distributed, advertised offered for sale, and/or sold, and is not manufacturing, distributing, advertising, offering for sale and/or selling a hurricane protection system that protects the entire perimeter of the structure and/or is attached to the roof of the structure such that it ties down the roof. Accordingly, Storm Catcher does not directly infringe the '852 Patent.

19.     Storm Catcher did not induce or contribute to any infringement of the '852 Patent. Moreover, absent direct infringement, by law, there cannot be inducement or contributory infringement.

20.     Moreover, upon information and belief, the '852 Patent is invalid, unenforceable and void, for one or more of the following reasons:

(a)  The '852 Patent and each and every claim thereof, is invalid for failure to comply with the provisions of 35 U.S.C. §102 (a) because the invention was known or used by others in this country or patented or described in a printed publication in this or a foreign

country, before the alleged invention thereof by Ted Gower.   See eg; United States Patent Nos.
5,579,794 ("Sporta Patent"); 3,288,159 ("Corliss Patent"); 5,791,090 ("Gitlin Patent") and
French Patent, publication no. 2,698,119 ("Serge Patent").

(b)   The '852 Patent is invalid for failure to comply with the provisions of 35
U.S.C. §102(b) because the alleged invention therein was in public use  and/or on sale in this
country, more than one year prior to the filing date of any application for the '852 Patent. Upon
information and belief, the claimed invention was offered for sale and/or sold by Armor Screen
and/or Targus International Company at least as early as October 1997 which is more than one
year before the filing date of new matter in the patent application that resulted in the '852
Patent.

(c)   The '852 Patent is invalid for failure to comply with the provisions of 35
U.S.C. §102 (b) because the alleged invention therein was first patented or described in a printed
publication in this or a foreign country or in public use or on sale in this country more than one
year prior to the filing date of the application that resulted in the '852 Patent.  See eg; United
States Patent Nos. 5,579,794 ("Sporta Patent"); 3,288,159 ("Corliss Patent"); 5,791,090 ("Gitlin
Patent") and French Patent, publication no. 2,698,119 ("Serge Patent").

(d)   The '852 Patent is invalid under 35 U.S.C. §102(g) because the alleged
invention was made by another in this country before the patentee of the alleged invention.
Upon information and belief, Warren Corliss, Brian Rist, Joseph Sporta, David Pfundt, Brian
Foy and/or the FAA (a representative thereof) invented the claimed invention prior to the named
inventor of the '852 Patent.

(e)   The '852 Patent and each and every claim thereof is invalid for failure to
comply with the provisions of 35 U.S.C. §103 because any differences between the subject

matter sought to be patented in the '852 Patent and the prior art are such that the subject matter as a whole would have been obvious at the time the alleged invention was made to a person having ordinary skill in the art to which said subject matter pertains.  Among other things, the '852 Patent is obvious and therefore invalid in view of , but not limited to, the Sporta, Corliss, Gitlin, and Serge Patents and the following United States Patents: 3,355,745 (Jannuzzi); 3,715,843 (Ballinger); 3,787,272 (Nisbet); 3,806,391(Clay); 4,283,888 (Cros); 4,397,122 (Cros);   644,684 (Verbeeck); 4,848,386 (Cooper); 5,079,048 (Anitole); 5,174,073 (Sabo); 5,197,236 (Calhoun); 5,519,965 (Robinson); 5,915,449 (Schwartz); 6,070,629 (Whiteside) 6,412,540 (Hendee); and/or 6,964,447 (McNamee).

(f) The '852 Patent is invalid for failure to comply with the provisions of 35 U.S.C. §112 because the specification of the '852 Patent does not contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same; or the specification does not set forth the best mode contemplated by the inventor of carrying out his invention; or the specification does not conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the alleged inventor regards as his invention.  Among other things: (1) the phrases "maintain the integrity. . ." and "is resistant to" included in Claim 1 of the '852 Patent are indefinite; (2) the specification of the '852 Patent fails to adequately describe the formula for determining the spacing distance so as to enable one with ordinary skill in the art; and (3) the specification of the '852 Patent fails to disclose anchoring means to the top of the structure.

(g) The '852 Patent, and each and every claim thereof, is invalid and

unenforceable as a result of inequitable conduct on the part of one or more individuals associated with the filing and prosecution of the patent application that issued as the '852 Patent.  Among other things, (1) having knowledge of the materiality of the Sporta Patent and/or the Hendee Patent, neither the patentee nor his agents disclosed said references to the Patent Office; (2) having knowledge that the purported invention disclosed in the '852 Patent was the subject of an assignment, the patentee submitted a sworn statement to the contrary

(h) The '852 Patent is invalid and unenforceable because Ted Gower is not the inventor of the claimed invention.

(i) The '852 Patent is unenforceable because Counter-Defendant has come to Court with unclean hands, by reason of the fraudulent transfer of the '852 Patent by the alleged inventor, Ted Gower, to the Plaintiff.

(j) Ted Gower is not the inventor, or sole inventor of the claimed invention.  Dodd is at least a co-inventor of the claimed invention. Dodd made significant, material contributions to the conception and reduction to practice of the wind abatement system described and claimed by the '852 patent. In the event the Court finds deceptive intent, and/or that patentee Ted Gower knowingly and willfully failed to disclose to the Patent Office that Dodd is a co-inventor, or otherwise determines that all inventors were not named, and does not correct inventorship under 35 U.S.C. §256, the '852 Patent is and remains invalid and unenforceable under the Patent Laws, including but not limited to 35 U.S.C. §§102(f), 116 and 256.

21.  Additionally, Armor Screen's claims relating to the '852 Patent are barred by the doctrine of prosecution laches.  New matter and/or claims disclosed in the application resulting in the '852 Patent should have been disclosed at least as early as the filing date of the parent application that was filed in May 1997.

## COUNT III
### Declaratory Judgment Under 28 U.S.C. §2201
### Correction of Inventorship of the '852 Patent under 35 U.S.C. §256 and
### Non-Infringement Based Thereon

22.     The allegations of Paragraphs 1 to 7 of the Counterclaim are realleged and incorporated herein by reference.

23.     The '852 Patent lists Ted Gower as sole inventor of the subject matter claimed therein.

24.     Upon information and belief, Munn Reynolds Dodd ("Dodd") made significant and material contributions to the conception and reduction to practice of the wind abatement system described and claimed in the '852 Patent.

25.     Based on these significant and material contributions, Dodd is at least a co-inventor of the '852 Patent, and has assigned all rights in said patent to Brian Rist.

26.     Dodd was not named as a co-inventor in either the patent application which resulted in the '852 Patent or in the issued '852 Patent itself.

27.     There is an actual and continuing justiciable controversy between the parties as to inventorship of the '852 Patent.

28.     Currently a Motion to Correct Inventorship of the '852 Patent and a Motion to Intervene are pending before the Court to designate Dodd as a co-inventor of the '852 Patent under 35 U.S.C. §256.

29.     In the event the Court finds the omission of Dodd as a co-inventor was without deceptive intent, then pursuant to 35 U.S.C. §256 the Court should order correction of the '852 Patent to include Dodd as a named co-inventor and instruct the Director of the U.S. Patent and Trademark Office to issue a certificate accordingly.

30.     Further, if inventorship is so corrected, Brian Rist has been assigned all rights in

23

the '852 Patent owned by Dodd.

31.    As such, Brian Rist is at least a co-owner of the '852 Patent.

32.    Moreover, pursuant to 35 U.S.C. §262, Brian Rist may make, use, offer to sell, or sell the invention described and claimed in the '852 Patent, and may license same, without accounting to alleged co-owner Armor Screen.

33.    Defendant Storm Catcher is a licensee of Rist under the '852 patent, and therefore is not infringing the '852 patent, or inducing or contributing to the infringement of the '852 patent.

## PRAYER FOR RELIEF

WHEREFORE, Counter-Plaintiff Storm Catcher, Inc. prays for an Order and Judgment that:

1.    Storm Catcher, Inc. does not infringe, literally or under the doctrine of equivalents, any claim of the '852 or '085 Patents, and is not inducing or contributing to the infringement of same;

2.    The '085 Patent is invalid by law;

3.    The '085 Patent is unenforceable;

4.    The claims relating to the '085 Patent are barred by the doctrine of prosecution laches;

5.    The '852 Patent is invalid by law;

6.    The '852 Patent is unenforceable;

7.    The claims of the '852 Patent are barred by the doctrine of prosecution laches,

8.    Alternatively, should the Court correct inventorship as to the '852 Patent, and determine the patent to be valid and unforceable, then Defendant Storm Catcher prays for an

Order and Judgment that Defendant Rist is a co-owner of the '852 patent, and Defendant Storm Catcher is a licensee thereof.

      9.  Storm Catcher, Inc. be awarded its reasonable attorneys' fees, costs and expenses; and

      10. The Court awards other relief it deems proper and just.

Respectfully submitted,

MALLOY & MALLOY, P.A.
2800 S.W. Third Avenue
Miami, Florida 33129
Telephone: (305) 858-8000
Facsimile: (305) 858-0008

Dated:  September 8, 2008      By:    s/ Andrew W. Ransom
                            John Cyril Malloy, III
                            Florida Bar No. 964,220
                            jcmalloy@malloylaw.com
                            Peter A. Matos
                            Florida Bar No. 992,879
                            pmatos@malloylaw.com
                            Andrew W. Ransom
                            Florida Bar No. 964,344
                            aransom@malloylaw.com
                            John Fulton, Jr.
                            Florida Bar No. 173,800
                            jfulton@malloylaw.com

**Attorneys for Defendants Storm Catcher, Inc., Storm Smart Building Systems, Inc., Smart Tracks, Inc., Storm Smart Industries, Inc., Storm Smart Sales, Inc. and Brian Rist.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 8, 2008, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.

<u>s/ Andrew W. Ransom</u>
Andrew W. Ransom
Florida Bar No. 964,344

Case No.: 07-81091-CIV-RYSKAMP

**SERVICE LIST**
ARMOR SCREEN CORPORATION v. STORM CATCHER, INC., ET AL.
United States District Court, Southern District of Florida
Case No. 07-81091-CIV-RYSKAMP/VITUNAC

Robert C. L. Vaughan
rvaughan@ssd.com
Javier A. Lopez
jalopez@ssd.com
SQUIRE, SANDERS & DEMPSEY, LLP
200 South Biscayne Boulevard
Suite 4000
Miami, Florida 33131
Telephone: (305) 577-7000
Facsimile: (305) 577-7001
Attorneys for Plaintiff.
Notices of Electronic Filing
generated by CM/ECF.

Lawrence D. Smith
lsmith@waltonlantaff.com
Francis A. Scaglia
fscaglia@waltonlantaff.com
WALTON, LANTAFF, SCHROEDER &
CARLSON, LLP
9350 South Dixie Highway
10th Floor
Miami, Florida 33156
Telephone: (305) 671-1300
Facsimile: (305) 670-7065
Attorneys for Defendant
Stephen Johnson.
Notices of Electronic Filing
generated by CM/ECF.

John Cyril Malloy, III
jcmalloy@malloylaw.com
Peter A. Matos
pmatos@malloylaw.com
Andrew W. Ransom
Florida Bar No. 964,344
aransom@malloylaw.com
John Fulton, Jr.
Florida Bar No. 173,800
jfulton@malloylaw.com
MALLOY & MALLOY, P.A.
2800 S.W. Third Avenue
Miami, Florida 33129
Telephone: (305) 858-8000
Facsimile: (305) 858-0008
Attorneys for Defendants
Storm Catcher, Inc., Storm
Smart Building Systems,
Inc., Smart Tracks, Inc. and
Brian Rist.
Notices of Electronic Filing
generated by CM/ECF.