UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 07-81091-Civ-Ryskamp/Vitunac

ARMOR SCREEN CORPORATION,
a Florida Corporation,

    Plaintiff,

vs.

STORM CATCHER, INC., a Florida
Corporation, *et al.*,

    Defendants.
_____/

## ORDER

THIS CAUSE is before this Court on Order of Reference (DE 64), filed May 16, 2008, from U.S. District Judge Kenneth L. Ryskamp "for all pretrial matters and to take all necessary and proper action as required by law, and/or to submit a Report and Recommendation to this Court." Pending before the Court is Plaintiff's Motion to Compel (DE 93), filed August 6, 2008. Defendant filed a Response (DE 124) on September 8, 2008. Plaintiff has not filed a reply and the time to do so has expired. The matter is now ripe for review.

### PARTIES' CONTENTIONS

### Plaintiff's Motion to Compel

Plaintiff moves to compel Defendants to: (1) schedule depositions for Defendant Brian Rist and non-party Munn Reynolds Dodd; (2) provide dates for Plaintiff's vendor to collect certain documents from Storm Catcher Inc.'s warehouse in Fort Meyers for photocopying or duplication; and (3) supplement their responses to Plaintiff's first set of requests to produce documents. First,

Plaintiff claims that, despite two requests by Plaintiff, Defendants had not provided dates for the depositions of Rist and Dodd. Second, Plaintiff claims that after two days of on-site document review at a Storm Catcher warehouse, Defendants' counsel advised Plaintiff for the first time that the hard copy documents being reviewed were stored and could be produced in electronic format. Based on this representation, Plaintiff claims it forwent the scanning of hard copy documents in favor of using the electronic files. Plaintiff asserts, however, that Defendants turned over electronic files in an uncommon "MAX format" that would cost triple the amount to upload according to an outside vendor. Thus, Plaintiff wishes to revert to its original plan of scanning the hard copy documents located in the warehouse, but that Defendants had not responded to its request for a date to conduct the review. Third, Plaintiff sets forth various alleged deficiencies in Defendants' responses to Plaintiff's first request for document production and further claims that Defendants produced certain documents on June 16, 2008 in hard copy form rather than electronic form as requested by Plaintiff and as required by the rules governing discovery. Specifically, Plaintiff seeks better answers by Defendants Storm Catcher, Inc. and Rist to requests 14, 15, 16, and 17, and better answers by Defendant Storm Catcher, Inc. to requests 18 and 56. Plaintiff concludes by asking for attorney fees and costs associated with bringing its Motion.

Defendants' Response

First, Defendants claim that the requested depositions of Rist and Dodd were never formally noticed so there is no basis for imposing sanctions. Defendants further contend that the delay in deposition scheduling was due in part to substitution of Defendants' counsel and that proposed deposition dates were provided to Plaintiff after the Motion was filed. Second, Defendants assert that they provided free "Paperport" software to Plaintiff for use in easy opening, viewing, and printing of the ".max" files at issue at the time the files were provided. Additionally, defendants'

counsel represents that he discussed the software with Plaintiff's counsel after the Motion was filed, but that Plaintiff's counsel refused to withdraw the Motion as to the ".max" files based on its preference to scan in the printed documents into a different format. As such, Defendants claim that Plaintiff's request for a date to return to Storm Catcher's warehouse to duplicate the same hard copy documents already provided in electronic format is not required and would be redundant. Third, Defendants claim that Plaintiff's First Request for Productions did not specify that certain documents Plaintiff is now requesting in electronic form be so produced. Thus, Defendants maintain the hard copy print-outs of those documents satisfy the requirement of production in a reasonably usable form, and need not also be produced in electronic format. Defendants conclude by seeking reimbursement of costs for any required additional production.

## DISCUSSION

This Court notes that district courts are entitled to broad discretion and authority in controlling and managing pretrial discovery matters to ensure that cases move to a reasonably timely and orderly conclusion. Phipps v. Blakeney, 8 F.3d 788, 790 (11th Cir.1993); Perez v. Miami-Dade County, 297 F.3d 1255, 1263 (11th Cir. 2002).

Deposition-discovery rules are to be accorded a broad and liberal treatment to effect their purpose of adequately informing the litigants in civil trials. Herbert v. Lando, 441 U.S. 153,176 (U.S. 1979). Defense counsel represents that he provided proposed deposition dates to Plaintiff for the requested depositions of Rist and Dodd after the instant Motion was filed. Thus, it appears that the parties have resolved their scheduling dispute regarding these depositions. To the extent that these depositions have not been scheduled, however, the parties shall comply with the requirements of this Order as set forth more fully *infra*.

The discovery rule governing the production of documents states that a party must produce documents or electronically stored information as follows:

> "(i)  A party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request;
> (ii)  If a request does not specify a form for producing electronically stored information, a party must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms; and
> (iii)A  party need not produce the same electronically stored information in more than one form."

Fed. R. Civ. P. 34(b)(2)(E). Defense counsel represents and it appears to the Court that PaperPort is an inexpensive software program that will allow Plaintiff to open, view, and print the electronic ".max" files, which were provided to Plaintiff in the manner in which such files are kept in the usual course of business. Plaintiff has provided no materials or information in support of its contention that it would cost triple the amount of the original copy vendor's quote to download and review the ".max" files provided by Defendant. Plaintiff has also provided no response to Defendants' assertions regarding the use of PaperPort to review the files. Thus, Plaintiff is ordered to use the PaperPort program to review the files at issue. Defendants will not be required to provide dates for Plaintiff's vendor to pick up documents from Defendant Storm Catcher's warehouse.

The Court notes that Plaintiff's first request for document production did not specify that the requested documents were to be produced in electronic form. Thus, Defendants were required to produce the requested documents "in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms." Fed. R. Civ. P. 34(b)(2)(E)(ii). Defendants state that they have complied with this provision. Based on Defense counsel's representations that it will produce supplemental discovery responses to Plaintiff's counsel for requests for production 14, 15, 16, 17,

4

18, and 56, the Court orders Defendant Storm Catcher, Inc. to abide by these representations and provide to Plaintiff the supplemental discovery responses detailed in the Response, assuming it has not yet done so. Defendants are reminded of their continuing duty to supplement disclosures and responses as set forth in Federal Rule of Civil Procedure 26(e). As to the June 13, 2008 production of documents referenced in Plaintiff's Motion, this Court finds it unnecessary for Defendants to re-produce in electronic format, the hard copy documents that Defendants have already produced, in light of Plaintiff's failure to specify that such documents were to be produced in electronic format and Rule 34's mandate that "a party need not produce the same electronically stored information in more than one form."

The matters raised in the instant Motion are matters that ordinarily should not require Court intervention. Both parties' counsel are reminded of their clear and continuing obligation to meet and confer in a good faith effort to resolve issues to be raised in a motion prior to filing that motion. S.D. Fla. Local Rule 7.1(A)(3). Moreover, counsel are strongly urged to abide by the mandate of Rule 1 requiring that all civil procedure rules, including rules governing discovery, be construed and administered "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

Accordingly, it is hereby

ORDERED AND ADJUDGED that Plaintiff's Motion to Compel (DE 93) is GRANTED in part and DENIED in part as follows:

(1) To the extent that the parties have not agreed on deposition dates for Brian Rist and Munn Reynolds Dodd, this Court orders Defendants' counsel to confer in good faith with Plaintiff's counsel on or before November 5, 2008 to schedule these

depositions for a date certain. If the parties are unable to agree upon dates certain, this Court will select dates upon notice and request. In scheduling these and any other depositions in this case, the parties shall provide notice as required by Federal Rule of Civil Procedure 30.

(2) Plaintiff shall utilize the PaperPort software program to review the electronic ".max" files provided to it by Defendants. Plaintiff shall notify the Court if it is still unable to review the files. Such notice shall state, with specificity, Plaintiff's efforts in utilizing the PaperPort software and the results of those efforts.

(3) Plaintiff's request to compel Defendants to provide supplemental responses to requests 14, 15, 16, 17, 18, and 56 of its first set of requests to produce documents is DENIED as moot.

(4) To the extent it has not yet supplemented the discovery responses at issue, Defendant Storm Catcher, Inc. shall supplement its responses to Plaintiff's First Request for Production of Documents by submitting to Plaintiff all the spreadsheets described in its Response, including but not limited to spreadsheets showing: "the annual square feet of fabric used for the accused products," "vendor information, including purchase information from the vendors and vendor addresses," "customer name, zip code, type of product,...and contract date," and "dealer...addresses, both current, and historic," in addition to "historical web site information." These supplemental discovery responses shall be submitted to Plaintiff on or before November 7, 2008.

(5) Failure to comply with this Order may subject a non-compliant party to Rule 37 sanctions.

(6) No party shall be awarded any fees or costs associated with the instant Motion.

DONE and ORDERED in Chambers at West Palm Beach in the Southern District of Florida, this 29 day of October, 2008.

ANN E. VITUNAC
United States Magistrate Judge

Copies to:
Honorable Kenneth L. Ryskamp
All counsel of record