UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 07-81091-Civ-Ryskamp/Vitunac

ARMOR SCREEN CORPORATION,
a Florida Corporation,

      Plaintiff,

vs.

STORM CATCHER, INC., a Florida
Corporation, *et al.*,

      Defendants.

_____/

FILED by ___ D.C.

NOV 2 4 2008

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## ORDER

THIS CAUSE is before this Court on Order of Reference (DE 64), filed May 16, 2008, from

U.S. District Judge Kenneth L. Ryskamp "for all pretrial matters and to take all necessary and proper

action as required by law, and/or to submit a Report and Recommendation to this Court." Pending

before the Court is Defendants' Motion for Additional Protective Order and Sanctions (DE 136) and

associated Motion for an Emergency Telephonic Hearing (DE 135), both filed under seal on October

16, 2008. Plaintiff filed a Response (DE 152) under seal on November 4, 2008. Defendants filed

a Reply (DE 152) under seal on November 14, 2008. The matter is now ripe for review.

## PARTIES' CONTENTIONS

Defendants claim they confidentially identified and provided sales information for their

independent distributors to Plaintiff's counsel with the designation "attorney's eyes only" pursuant

to the Protective Order (DE 72) in this case. Defendants claim that, in September 2008, Plaintiff

served identical subpoenas duces tecum on 24 entities, 23 of which were previously identified as

Defendants' distributors. The subpoenas seek information about each distributor's (1) production, purchase, marketing, sale, and installation of the Storm Catcher system; (2) monthly, quarterly, and annual financial statements; and (3) transactional documents between each distributor and their customers relating to the Storm Catcher system. Defendants claim this information is duplicative, irrelevant, and unduly burdensome on the third party distributors and that several distributors have expressed concern as to their potential liability to Plaintiff and the burdensome nature of the subpoenas. Defendants also attribute the loss of their largest independent distributor and overall drop in Storm Catcher orders to the subpoenas. Defendants assert that the subpoenas have indirectly secured pre-trial injunctive relief for Plaintiff (never formally sought in this case) in the form of Defendants' lost Storm Catcher business. Defendants claim that, in addition to violating discovery rules, Plaintiff's counsel violated the Protective Order by divulging the identity of Defendants' distributors to Plaintiff or third parties. Accordingly, Defendants ask the Court to (1) order Plaintiff to withdraw the subpoenas or quash them; (2) order Plaintiff to refrain from further contact with all of Defendants' distributors and their customers; (3) order Plaintiff to designate any information received from the subpoenaed parties as "attorney's eyes only;" and (4) modify the Protective Order to permit parties to designate materials received from third parties as "confidential" or "attorney's eyes only." By separate request, Defendants seek a telephonic hearing or expedited briefing schedule to address matters raised in the Motion (DE 135).

In the Response, Plaintiff claims that Defendants lack standing to seek a protective order over the discovery sought. Plaintiff asserts that the subpoenas cannot be quashed because no third party distributor has sought protection from the subpoenas, "almost half" of the third parties have already responded, and Defendants fail to raise any claim as to privilege or right in the requested discovery.

2

Plaintiff asserts that the subpoenas seek information that is "relevant to disputed liability and damage issues concerning" its claims. In addition, Plaintiff claims the subpoenas are not unduly burdensome as evidenced by the failure of any dealer to object to or seek to quash the subpoenas. Plaintiff maintains that the Protective Order expressly permits it to use discovery documents designated under the Protective Order to pursue additional relevant discovery. Moreover, Plaintiff claims that nearly all subpoenaed recipients publicly advertise or are known by Plaintiff to sell the Storm Catcher system. Plaintiff maintains that its contact with the subpoenaed dealers is permissible and proper. Plaintiff also claims that Defendants fail to provide any evidence connecting the subpoenas to their alleged decline in business, and that the decline may be based, among other things, on the current economic conditions in the United States. Lastly, Plaintiff states it is "not opposed to potentially modifying the Protective Order," but that Defendants failed to meet and confer with them prior to seeking the modification.

In the Reply, Defendants assert they have standing to quash the subpoenas, which seek confidential information about them and have caused them direct harm. Defendants cite an affidavit of Defendant Rist as establishing that 16 of 23 distributors complained about the burdensome nature of the requests. Defendants claim there is "an obvious and direct connection between the subpoenas and the[ir] loss of business" and that the subpoenas seek "duplicative, or, alternatively, irrelevant" information because Plaintiff had prior access "to every single job file of transactions with [Defendants'] independent wholesale distributors;" there is no legitimate basis for requesting each distributor's financial documentation; and information about distributor-client transactions is irrelevant. Defendants claim the requested retail sales and financial information is no longer relevant to the issue of damages because the damages expert report deadline has passed. Defendants allege

that Plaintiff's actions have damaged Defendants' relationship with their distributors rather than assist Plaintiff prosecute this case; run afoul of the Protective Order; and merits protective action by this Court.

## DISCUSSION

The Court has broad discretion and authority in controlling and managing pretrial discovery matters to ensure that cases move to a reasonably timely and orderly conclusion. Perez v. Miami-Dade County, 297 F.3d 1255, 1263 (11th Cir. 2002); Phipps v. Blakeney, 8 F.3d 788, 790 (11th Cir.1993). The Federal Rules of Civil Procedure strongly favor full discovery whenever possible. Farnsworth v. Procter & Gamble Co., 758 F.2d 1545, 1548 (11th Cir.1985).

Rule 26 governs the scope of discovery and permits "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id.; see also Oppenheimer Fund v. Sanders, 437 U.S. 340, 351 (1978) (the term "relevant" is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that bears on, any issue that is or may be in the case"). Discovery requests may be limited if "(i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had the opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, and the importance of the proposed discovery in resolving issues." Fed. R. Civ. P. 26(b)(2).

Plaintiff first argues that Defendants lack standing to move to quash subpoenas directed to third party distributors. Rule 45 permits a court to quash a subpoena that "requires disclosure of privileged or other protected matter...[or] subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A)(iii)-(iv). In the Eleventh Circuit, the general rule is that a party lacks standing to challenge subpoenas served on another, unless that party alleges a "personal right or privilege with respect to the materials subpoenaed." Brown v. Braddick, 595 F.2d 961, 967 (5th Cir.1979)[1]; see also Stevenson v. Stanley Bostitch, Inc., 201 F.R.D. 551, 555 n.3 (N.D. Ga.2001) (collecting cases); Washington v. Thurgood Marshall Acad., 230 F.R.D. 18, 22 (D.C. Cir. 2005). Further, a party lacks standing to challenge subpoenas served on another "on grounds of oppression and undue burden placed upon the third parties where the non-parties have not objected on those grounds." Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc., 231 F.R.D. 426, 429 (M.D. Fla. 2005).

Defendants argue that their "right or privilege is established on the face of the subpoenas, since each subpoena calls for confidential information pertaining to transactions and financial information such as pricing, between Defendants and their distributors." A review of the subpoenas shows that they generally request marketing, sales, and financial information from 24 third-party distributors related to the Storm Catcher System. To the extent the subpoenas seek information about Defendants' business transactions with the distributors, the Court finds that Defendants fail to establish any expectation of privacy in such business transactions and have not otherwise shown that the information sought is confidential or proprietary. Moreover, other than a declaration by

---

[1]   In Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit rendered prior to the close of business on September 30, 1981.

Defendant Rist that "16 of the 23 distributors specifically complained about the burdensome nature of the requests," Defendants have set forth no corroborating evidence to show that any distributor has requested that the subpoenas be quashed or modified.  In addition, Plaintiff represents that "almost half" of the subpoenaed distributors had responded without objection as of the date of its Response.  Thus, to the extent Defendants challenge the subpoenas on grounds of having a personal right or privilege or on grounds of oppression or undue burden, Defendants lack standing to quash the subpoenas.

Though Defendants lack standing to quash the subpoenas under Rule 45, the Court construes their Motion as also seeking a protective order under Rule 26 on grounds that the subpoenas are overbroad and seek irrelevant information.  As parties, Defendants have standing to seek such relief. Rule 26 states that a "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c).  A party seeking a protective order bears the burden to demonstrate good cause, and must make "a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements" supporting the need for a protective order. U.S. v. Garrett, 571 F.2d 1323, 1326 n. 3 (5th Cir.1978).

Rather than identifying and objecting to specific requests for information in the subpoenas, Defendants make a blanket claim that the subpoenas seek "duplicative, or, alternatively, irrelevant" information because Plaintiff was previously given "access to every single job file of transactions with [Defendants'] independent wholesale distributors" during an on-site inspection; there is no legitimate basis for requesting each distributor's financial documentation; and information about transactions between the distributors and their own clients is irrelevant.  Plaintiff counters that the requested information "is relevant to disputed liability and damage issues concerning [its] claims of

patent infringement, false and deceptive advertising and tortious interference." The Court agrees with Plaintiff and finds that the discovery requested in the subpoenas relates primarily to each distributor's marketing, purchase, sale, and installation of the Storm Catcher system, which is the Accused Device in these proceedings. Furthermore, the requested information, including the distributors' transactions with Defendants and the distributors' own clients, appears reasonably calculated to lead to the discovery of admissible evidence. Thus, the requested information is relevant to Plaintiff's claims in this suit, including the issue of damages and deceptive trade practices. Additionally, the Court concludes that Defendants have not sufficiently established a direct connection between their alleged decline in business and the issuance of the subpoenas. Any alleged decline may have been caused by a myriad of factors, economic and otherwise, that are completely unrelated to service of the subpoenas. For the foregoing reasons, the Court shall enforce all 24 subpoenas at issue.

Defendants contend that Plaintiff violated the Protective Order's requirement that counsel in this case "shall use [confidential] information solely for purpose of this litigation" in that it divulged the identity of Defendants' distributors to its client or third parties. The Court disagrees. There is nothing to suggest that Plaintiff has used any information for any purpose other than the pursuit of its claims in this litigation. Additionally, Defendants have not identified and the Court is unaware of any term in the Protective Order to preclude Plaintiff from using information received during discovery designated under the Protective Order to pursue additional relevant discovery. Indeed, the Protective Order expressly provides that a "receiving party may use protected material disclosed or produced by another non-party in connection with this case only for prosecuting, defending or attempting to settle the pending claims" among the parties.

It appears to the Court that most if not all of the subpoenaed distributors publicly advertise their sale of the Storm Catcher system such that Plaintiff's identification of these distributors in the subpoenas does not violate the Protective Order which states that confidential information "does not include information that...[h]as been or lawfully comes into the possession of" a receiving party "through communications other than production or disclosure in this action...or [h]as been or becomes part of the public domain by publication or otherwise." Even assuming arguendo that Plaintiff used the confidential distributor list to identify the subpoenaed entities, as argued by Defendants, the Court finds such use to comply with the express terms of the Protective Order.

Although the Court finds that Plaintiff has not violated the terms of the Protective Order, the Court finds Defendants' request to amend the Protective Order to be appropriate. Specifically, the existing Protective Order is silent on the issue of designation of non-party production and Defendants seek to amend the Protective Order with regard to the parties' designation of information obtained in discovery from third parties as confidential or attorney eyes only. Plaintiff states it is "not opposed to potentially modifying the Protective Order to permit the designation by third-parties or parties of documents produced by third-parties in response to subpoenas served in this action" and also expresses its willingness "to conditionally treat all documents produced" in response to the subpoenas "as 'Confidential-Attorney's Eyes Only' while the parties meet to discuss possible modifications to the Protective Order. Accordingly, the Court orders the parties to meet and confer in good faith on this issue and, thereafter, to prepare a joint status report as set forth more fully below in this Order. Based on the foregoing, it is hereby

ORDERED AND ADJUDGED that:

(1)     Defendants' Motion for Additional Protective Order and Sanctions (DE 136) is

GRANTED in part and DENIED in part.  The subpoenas to the 24 third-party distributors identified in the parties' pleadings shall be enforced and shall be responded to by the subject third parties.  The parties shall meet and confer in good faith on or before December 3, 2008 regarding proposed modifications to the Protective Order (DE 72).  The parties shall file a joint status report by December 8, 2008, which must state, with specificity, (1) the parties' agreed proposed modification to the Protective Order to provide for the designation of information and documents produced previously and in the future by third parties as confidential or attorney's eyes only, and (2) to the extent the parties cannot agree, each party's proposed modification and the reasons supporting the proposed modification. Plaintiff shall treat all documents produced in response to the subpoenas as "Confidential-Attorney's Eyes Only" while the parties meet to discuss possible modifications to the Protective Order and until further order of this Court.

(2)    Defendants' Motion for an Emergency Telephonic Hearing (DE 135) is DENIED.

(3)    No party shall be awarded any fees or costs associated with the instant Motion.

DONE and ORDERED in Chambers at West Palm Beach in the Southern District of Florida, this _____ day of November, 2008.

ANN E. VITUNAC
United States Magistrate Judge

Copies to:
Honorable Kenneth L. Ryskamp
All counsel of record