UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 07-81091-Civ-Ryskamp/Vitunac

ARMOR SCREEN CORPORATION,
a Florida Corporation,

    Plaintiff,

vs.

STORM CATCHER, INC., *et al.*,

    Defendants.
_____/



FILED by ___ D.C.

DEC 17 2008

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## ORDER

THIS CAUSE is before this Court on Order of Reference (DE 64), filed May 16, 2008, from U.S. District Judge Kenneth L. Ryskamp "for all pretrial matters and to take all necessary and proper action as required by law, and/or to submit a Report and Recommendation to this Court." Pending before the Court is Defendants' Motion to Compel and for Extension of Time to Serve Rebuttal Expert Reports (DE 140), filed October 27, 2008. Plaintiff filed a Response (DE 158) on November 13, 2008. Defendants filed a Reply (DE 164) on November 24, 2008. The matter is now ripe for review.

### PARTIES' CONTENTIONS

Defendants seek an order compelling Plaintiff to provide them with information reviewed or relied upon by its three experts in generating their expert reports. Plaintiff served the Defendants with the reports of three experts, Dr. Cowan, Dr. Pratt, and David Paris. However Defendants claim that with the exception of a portion of documents relied upon by Mr. Paris, Plaintiff has "refused to

1

provide either data or documentation reviewed or relied upon by its experts." In particular, Defendants contend that Plaintiff produced consumer survey data relied upon by Dr. Cowan in an unusable electronic .sav file format. Defendants claim to have unsuccessfully sought out the requested information by request to Plaintiff's counsel and also by serving subpoenas duces tecum, dated October 8, 2007, on all three experts. Defendants argue that under "Rule 26(a)(2)(B)(ii), without need for a subpoena duces tecum, Plaintiff is obligated to produce the information considered by its expert witnesses in forming their opinions." Defendants claim that "[n]ot only has Plaintiff failed to comply with this rule, but, in addition, Plaintiff and their experts have improperly refused to respond to subpoenas duces tecum for the very same information." As part of an email exchange between the parties' counsel, attached to Defendants' Motion, Plaintiff objected to the categories of documents requested in the subpoenas on grounds of overbreadth, irrelevance, and Rule 45's territorial limit. In addition to seeking an order compelling Plaintiff and its experts to comply with the subpoenas duces tecum, Defendants seek an extension of the October 27, 2008 deadline to serve their expert reports so their experts have time to access and review the data relied upon by Plaintiff's experts in preparing rebuttal reports. Defendants also seek an award of fees.

In Response, Plaintiff claims that Defendants served expert rebuttal reports on October 27, 2008, the same day Defendants filed their Motion. Plaintiff asserts that "not one of Defendants' experts in his rebuttal report points to the absence of information" from Plaintiff's experts "as a basis for not being able to provide a full and complete rebuttal." Plaintiff also avers that it has produced all of Dr. Cowan's survey data as SPSS files, which is the same format in which Dr. Cowan reviewed and analyzed it, and that such files can be easily accessed and analyzed with any standard statistical computer package. Additionally, Plaintiff claims that Defendants' rebuttal expert, Dr.

Rappaport, filed a report summarizing and critiquing Dr. Cowan's survey data with no mention of any problem. Plaintiff claims that all of its experts produced all documents and data considered by them with the exception of "publicly available documents" and documents produced by Defendants or already in their possession. Plaintiff argues that Defendants failed to meet and confer with Plaintiff prior to serving Rule 45 subpoenas. Moreover, Plaintiff claims that before Defendants filed the Motion, Plaintiff's experts had already produced all documents responsive to Defendants' subpoenas in the form of DVDs with "each expert's 'entire file and any other documents pertaining to this Action'" above and beyond its Rule 26(a)(2) disclosures. Plaintiff asserts that Defendants' "demonstrably false representations and accusations" and filing of a Motion to compel documents they already have warrants an award to Plaintiff of fees "associated with opposing [Defendants'] frivolous motion."

Defendants admit they served rebuttal reports on October 27, 2008, but maintain that they sought an extension to permit proper supplementation of those reports. Defendants concede that Plaintiff submitted "several CD's purporting to represent expert documents," but argue that this "production of documents with outstanding objections renders the production incomplete." Defendants also assert that Plaintiff's production of the survey data relied upon by Dr. Cowan in the ".sav" software format, which Defendants maintain is inaccessible, fails to comply with this Court's prior Order (DE 153) requiring Plaintiff to "supplement its damages expert reports with any and all documentation reviewed and relied upon by its damages experts, including but not limited to the survey data from the survey conducted and relied upon by Dr. Charles D. Cowan, to Defendants in a reasonably accessible format." Defendants ask that Plaintiff be required to produce hard-copy print-outs of the electronic SPSS data, including all "meta-data."

3

## DISCUSSION

Rule 26(a)(2) governs expert witness disclosures and requires parties to identify expert witnesses "in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2). The disclosure of expert witnesses "must be accompanied by a written report--prepared and signed by the witness--if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." Id. The expert reports "must contain...a complete statement of all opinions the witness will express and the basis and reasons for them," as well as "the data or other information considered by the witness in forming them" and "any exhibits that will be used to summarize or support them." Fed. R. Civ. P. 26(a)(2)(B)(i)-(iii). In addition, Rule 26(a)(2)(D) imposes upon parties a continuing obligation to supplement their expert witness disclosures according to the requirements of Rule 26(e), which provides that such "duty to supplement extends both to the information included in the report and to information given during the expert's deposition." Fed. R. Civ. P. 26(e)(2).

Rule 34(b)(2)(E) governs the procedure for producing electronically stored information and requires a party to "produce documents as they are kept in the usual course of business" and where a request does not "specify a form for producing electronically stored information, a party must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form." Fed. R. Civ. P. 34(b)(2)(E)(i)-(ii). Further, a party "need not produce the same electronically stored information in more than one form." Fed. R. Civ. P. 34(b)(2)(E)(iii).

First, the Court incorporates by reference its prior Order (DE 153) setting a rebuttal expert disclosure deadline of November 19, 2008, and requiring Defendants to make their rebuttal damages expert witnesses available for deposition by December 19, 2008. Any additional extension of time

is unnecessary for the reasons stated in the Order and also since Defendants have admittedly already served their rebuttal expert reports upon Plaintiff. The Court reminds both parties of their continuing obligation to supplement their expert disclosures as required by Rule 26(a)(2)(D) and Rule 26(e).

Second, Defendants ask the Court to compel Plaintiff to produce hard-copy print-outs of the data relied upon by Dr. Cowan in his expert report. In an affidavit by Dr. Cowan, attached to Plaintiff's Response, Dr. Cowan states that he conducted his survey electronically, no paper copies were ever generated, and the electronic survey data was produced in the same format in which he received and analyzed it, *i.e.* \*.sav files.[1] Dr. Cowan represents that hard-copy print-outs of the data would be an expensive, time-consuming process prone to error. Defendants have set forth no materials, in the form of affidavits, declarations, or otherwise, to show that their rebuttal experts were unable to access, review, and/or analyze the SPSS data in preparing their rebuttal expert reports or that Defendants' experts were unable to provide a complete rebuttal expert report. Under these circumstances, the Court finds that the production to Defendants of the survey data relied upon by Plaintiff's expert Dr. Cowan in the form of electronic SPSS data files complies with the requirements of Rule 34 and this Court's prior Order (DE 153) requiring Plaintiff to produce such data in "a reasonably accessible format." Consequently, the Court will not compel Plaintiff to produce hard-copy print-outs of the electronic data relied upon by Dr. Cowan and already produced to Defendants in the form of electronic SPSS files.

Third, as to Defendant's request for an order compelling Plaintiff and its experts to comply

---

[1] An internet search shows, consistent with Dr. Cowan's affidavit, that \*.sav data files are "[s]aved data format used by SPSS (Statistical Package for the Social Sciences); used for predictive analytics" and can be opened by various standard statistical computer packages. See, e.g. The File Extensions Resource, ".SAV File Extension," Dec. 12, 2008, http://www.fileinfo.net/extension /sav.

with the subpoenas duces tecum, the Court notes Plaintiff's representations that it has fully complied with the subpoenas. Further, Defendants have made no attempt to narrowly tailor their request by specifically explaining or identifying what requested data or documents cited or referenced in Plaintiff's expert reports have yet to be produced. Additionally, Defendants also acknowledge receipt of CDs with expert documents in response to the subpoenas duces tecum, and cite no authority to support their argument that Plaintiff's "production of documents with outstanding objections renders the production incomplete." Therefore, the Court finds no basis to compel any further compliance by Plaintiff with the subpoenas duces tecum served on Plaintiff's experts.

Finally, Federal Rule of Civil Procedure 37 authorizes an award of costs or fees related to a motion to compel discovery to a prevailing party unless "the motion was substantially justified or other circumstances make an award of fees unjust." Fed. R. Civ. P. 37(a)(5)(B). Before requiring a party to pay "reasonable expenses incurred in opposing the motion," a court is required to provide "an opportunity to be heard." Id. In the instant case, Defendant's Motion included a certificate of compliance with Local Rule 7.1(A)(3), which requires "counsel for the movant to confer (orally or in writing) with all parties...in a good faith effort to resolve by agreement the issues raised in the motion and has been unable to do so." S.D. Fla. L. R. 7.1(A)(3). On the other hand, Plaintiff alleges that, prior to filing the Motion, Defendants failed to meet and confer in good faith with Plaintiff in violation of Rule 37(a)(1) and Local Rule 7.1(A)(3). Further, Plaintiff claims the Motion should have never been filed and caused unnecessary expenditure of judicial resources and added expense to Plaintiff because the subpoenaed documents were served before the Motion was filed. The Court will hold a hearing at the close of discovery to determine whether the Motion "was substantially justified or other circumstances make an award of fees unjust." Fed. R. Civ. P. 37(a)(5)(B).

Based on the foregoing, it is hereby

ORDERED AND ADJUDGED that Defendants' Motion to Compel and for Extension of Time to Serve Rebuttal Expert Reports (DE 140) is DENIED. The Court shall hold a hearing at the close of discovery to determine whether an award of fees and costs is appropriate.

DONE and ORDERED in Chambers at West Palm Beach in the Southern District of Florida, this ____ day of December, 2008.

ANN E. VITUNAC
United States Magistrate Judge

Copies to:
Honorable Kenneth L. Ryskamp
All counsel of record