UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 07-81091-Civ-Ryskamp/Vitunac

ARMOR SCREEN CORPORATION,
a Florida Corporation,

        Plaintiff,

vs.

STORM CATCHER, INC., a Florida
Corporation, *et al.*,

        Defendants.

_____/

FILED by _____ D.C.

FEB 2 3 2009

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

ORDER

THIS CAUSE is before this Court on Order of Reference (DE 64) from U.S. District Judge

Kenneth L. Ryskamp "for all pretrial matters and to take all necessary and proper action as required

by law, and/or to submit a Report and Recommendation to this Court." Pending before the Court

is Defendant Stephen Johnson's Motion to Quash Subpoena for Improper Service and Motion for

Protective Order (DE 185), filed January 16, 2009. Plaintiff filed a Response (DE 191) on February

5, 2009. Defendant filed a Reply (DE 195) on February 19, 2009. The matter is now ripe for review.

PARTIES' CONTENTIONS

Defendant asks this Court to quash a subpoena issued by Plaintiff to third-party TSS

Holdings, Inc. on January 2, 2009. As grounds, Defendant asserts two arguments. First, Defendant

argues that the subpoena was improperly served on Stanley Goldsmith. Defendant maintains that

Stanley Goldsmith is not TSS Holdings' records custodian or resident agent. Defendant also claims

that TSS Holdings has been sold and that neither Defendant nor Stanley Goldsmith has any custody

or control over its documents. Second, Defendant argues that the subpoena is "unduly burdensome

1

and overly broad because it requests documents from TSS Holdings that are not limited in the time relevant to this litigation."

Plaintiff counters with three arguments. First, Plaintiff argues that Defendant lacks standing because he alleges no personal right or privilege with respect to the subpoenaed materials. Plaintiff asserts that TSS Holdings has not objected to the subpoena. Second, Plaintiff argues that Defendant confuses TSS Holdings with Tropical Storm Shield, another third party that received and responded to a prior subpoena in this case. For instance, Plaintiff states that Defendant erroneously attaches information for Tropical Storm Shield in support of its Motion. Plaintiff claims that official Florida state records list Stanley A. Goldsmith as the registered agent for TSS Holdings. Additionally, those records list Defendant as the sole officer and director of TSS Holdings. Third, Plaintiff argues that the subpoena seeks relevant documents. Plaintiff notes that this Court has held prior subpoenas served by Plaintiff on other third-party dealers as seeking relevant information and, thus, enforceable. Plaintiff claims that the instant subpoena is "virtually identical" to these prior subpoenas. Lastly, Plaintiff seeks an award of costs and fees for having to respond to this Motion.

Defendant replies by admitting that TSS Holdings is not the same as Tropical Storm Shield, Inc., but argues that page 6 of the subpoena at issue specifically asks for "Documents or Things to be produced by Tropical Storm Shield." Defendant contends that "this statement makes it highly confusing for TSS Holdings, Inc. to determine from which entity" Plaintiff is seeking the requested documents. Defendants continue by stating that he created TSS Holdings, Inc. following the sale of Tropical Storm Shield, Inc. and that, to the extent the subpoena seeks documents from TSS Holdings, then "TSS Holdings responds by stating that it does not have any custody or control over the documents and things" that Plaintiff seeks.

2

## DISCUSSION

The issue before the Court is whether to quash the subpoena served by Plaintiff upon third-party TSS Holdings and issue a protective order barring Plaintiff from enforcing this subpoena. Federal Rule of Civil Procedure 26 permits "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id.; Oppenheimer Fund v. Sanders, 437 U.S. 340, 351 (1978).

The Federal Rules of Civil Procedure strongly favor full discovery whenever possible, however, discovery requests may be limited under certain circumstances. Farnsworth v. Procter & Gamble Co., 758 F.2d 1545, 1548 (11th Cir.1985); Fed. R. Civ. P. 26(c)). Rule 26(c) provides that a "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense"). Furthermore, Rule 45 provides courts with the authority to quash any subpoena that "requires disclosure of privileged or other protected matter...[or] subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A)(iii)-(iv).

According to records maintained by Florida Department of State's Division of Corporations, TSS Holdings is an active Florida corporation. The records list Stanley A. Goldsmith as the registered agent and list his address as 1605 Main Street, Suite 1001, Sarasota, FL 34236. The records list Defendant as TSS Holdings' sole officer and director. As such, the Court finds Defendant's argument that he lacks control of TSS Holdings' documents to be without merit. This Court further finds Plaintiff's service of the instant subpoena upon Stanley Goldsmith at the above Sarasota address to be proper.

3

This Court finds no merit in Defendant's argument that a single statement on page 6 of the subpoena at issue "makes it highly confusing" for TSS Holdings to determine from which entity Plaintiff is seeking the requested documents. It appears to the Court that Defendant was not confused at all about which entity Plaintiff was seeking documents from when he filed the instant Motion specifically asking this Court "to quash the subpoena to non-party TSS Holdings." Additionally, this Court notes that the subpoena is very clearly addressed to the records custodian for TSS Holdings at the Sarasota address of record for this corporation. Moreover, the first paragraph of Schedule A of the subpoena states that "[p]ursuant to Federal Rule of Civil Procedure 45, TSS Holdings, Inc. is hereby requested to produce for inspection and copying...the documents and things described." Further, page 3 of Schedule A expressly defines "TSS Holdings." TSS Holdings is also identified in document request numbers 34, 35, 36, 37, and 40 on page 10 of Schedule A. The service of the subpoena on TSS Holdings combined with the multiple references to TSS Holdings in Schedule A of the subpoena leads to the reasonable conclusion that the isolated reference to Tropical Storm Shield on page 6 is a typographical error, rather than a statement rendering the subpoena "highly confusing."

Plaintiff argues that Defendant lacks standing to quash the properly served subpoena. Defendant did not respond to this argument in his Reply. This Court agrees with Plaintiff. The subpoena was served on non-party TSS Holdings, not Defendant. In addition, no record evidence suggests that TSS Holdings objects to or otherwise seeks to quash the subpoena. Under these circumstances, this Court finds that Defendant lacks standing. See Brown v. Braddick, 595 F.2d

4

961, 967 (5th Cir.1979)[1]; Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc., 231 F.R.D. 426, 429 (M.D. Fla. 2005); Stevenson v. Stanley Bostitch, Inc., 201 F.R.D. 551, 555 n.3 (N.D. Ga.2001). For similar reasons, this Court declines to accept Defendant's statement in his Reply that, if the subpoena seeks documents from TSS Holdings, "then TSS Holdings responds by stating that it does not have any custody or control over the documents and things" that Plaintiff seeks in the subpoena. It is TSS Holdings itself, and not Defendant, who must make such representation, if true, as part of a proper response to the subpoena.

Moreover, to the extent Defendant requests the issuance of a protective order under Rule 26 on the basis that the subpoena is overly broad and unduly burdensome, the Court concludes that Defendant fails to demonstrate good cause supporting such request. Rather than identifying and objecting to specific requests for information requested in the subpoena, Defendant makes a blanket assertion that the subpoena is overly broad and unduly burdensome "because it requests documents from TSS Holdings that are not limited in the time relevant to this litigation." See Fed. R. Civ. P. 26(c); U.S. v. Garrett, 571 F.2d 1323, 1326 n. 3 (5th Cir.1978) (a party seeking a protective order bears the burden to demonstrate good cause, and must make "a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements" supporting the need for a protective order).

The Court finds that the discovery requested in the subpoena is relevant. To summarize, the requested documents relate primarily to TSS Holdings' marketing, pricing, production, sale, and installation of the Storm Catcher System and/or Storm Catcher Smart Screen, both of which are

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit rendered prior to the close of business on September 30, 1981.

5

accused devices in this patent infringement case. The subpoena also seeks agreements and documents relaying communications between TSS Holdings and parties in this case. The Court finds that these requested documents are reasonably calculated to lead to the discovery of admissible evidence in this case. For the foregoing reasons, the Court will enforce the subpoena at issue. Accordingly, it is hereby

ORDERED AND ADJUDGED that Defendant Stephen Johnson's Motion to Quash Subpoena for Improper Service and Motion for Protective Order (DE 185) is DENIED. TSS Holdings shall comply with the subpoena on or before March 2, 2009.

DONE and ORDERED in Chambers at West Palm Beach in the Southern District of Florida, this 23 day of February, 2009.

ANN E. VITUNAC
United States Magistrate Judge

Copies to:
Honorable Kenneth L. Ryskamp
All counsel of record