UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 07-81091-Civ-Ryskamp/Vitunac

ARMOR SCREEN CORPORATION,
a Florida Corporation,

        Plaintiff,

vs.

STORM CATCHER, INC., a Florida
Corporation, *et al.*,

        Defendants.
_____/

FILED by _____ D.C.
MAR 2 7 2009
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## ORDER

THIS CAUSE is before this Court on Order of Reference (DE 64) from U.S. District Judge Kenneth L. Ryskamp "for all pretrial matters and to take all necessary and proper action as required by law, and/or to submit a Report and Recommendation to this Court." Pending before the Court is Defendants' Combined Motion to Compel the Attendance of Plaintiff and Ted Gower for Deposition (DE 201), filed February 27, 2009. In accordance with this Court's Order (DE 221) setting an expedited briefing schedule, Plaintiff filed a Response (DE 227) on March 13, 2009 and Defendant filed a Reply (DE 237) on March 20, 2009. The matter is ripe for review.

## PARTIES' CONTENTIONS

Defendants ask this Court to compel Plaintiff to produce an adequate corporate representative for deposition. Defendants claim that, at a Rule 30(b)(6) deposition on January 22, 2009, Plaintiff's

1

designated corporate representative was unable to testify as to the areas of inquiry identified in the deposition notice. Alternatively, Defendants ask the Court to compel the appearance of Plaintiff's President, Ted Gower, for deposition. Defendants claim that, on January 22, 2009, after learning that Mr. Gower would not be deposed as Plaintiff's corporate representative, Defendants served Plaintiff with a notice of taking Mr. Gower's deposition on January 26, 2009. Defendants also seek sanctions.

Plaintiff counters that its designated corporate representative, Vice President Daniel Reames, adequately testified on its behalf and that Defendants never conferred with Plaintiff to discuss any alleged deficiencies with Reames' testimony. Plaintiff also denies ever representing that Gower would be the designated corporate representative. Plaintiff argues that Defendants' Motion is untimely in that it was filed 32 days after the occurrence of the grounds for the Motion, in violation of this Court's local rules.

## DISCUSSION

This Court's local rules clearly require that "[a]ll motions related to discovery, including but not limited to motions to compel discovery ... shall be filed within thirty days of the occurrence of the grounds for the motion." S.D. Fla. L. R. 26.1.H.1. A late filing of a discovery motion, absent a showing reasonable cause, "may constitute a waiver of the relief sought." Id.

In this case, Mr. Reames appeared at a noticed Rule 30(b)(6) deposition on January 22, 2009 and testified as Plaintiff's designated corporate representative. It is undisputed by Defendants that Mr. Reames sat for a full day of deposition and provided approximately 200 pages of testimony. That same day, Defendants served Plaintiff with a notice of taking Mr. Gower's deposition. This notice stated that Mr. Gower's deposition was to occur on January 26, 2009. One email among the series of emails attached as Exhibit C to Defendants' Motion clearly establishes that Defendants knew as

early as January 25, 2009, the day before the noticed deposition, that Mr. Gower would not appear for deposition. The morning of January 25, 2009, Plaintiff's counsel sent an email to Defendants' counsel stating that "Ted Gower is not available for deposition." Defendants claim that Plaintiff gave them the impression that Gower was unavailable because he was out of town and that Defendants' were not definite as to his non-attendance until "much later." Defendants implicitly suggest that this claim constitutes reasonable cause for its noncompliance with Local Rule 26.1.H. This Court disagrees. To the contrary of Defendants' claim, the documentary evidence attached to Defendants' own Motion shows that, on January 26, 2009, the day of Mr. Gower's noticed deposition, Plaintiff's counsel sent Defendants' counsel a letter stating that Plaintiff "object[ed] to any effort to depose Mr. Gower for a second time without good cause shown or on order of court." In the letter, Plaintiff articulated as the basis for its objection that Gower had been deposed in prior related litigation.

Using the Rule 30(b)(6) deposition date of Mr. Reames on January 22, 2009, and Plaintiff's January 26, 2009 letter to Defendants as the "occurrences" providing the grounds for the alternative requests in Defendants' instant Motion, the Court concludes that the Motion is untimely. This untimeliness is exacerbated by the fact that the discovery cutoff in this case was January 30, 2009, and a trial is set for April 20, 2009. As noted in an official 1998 Comment to Rule 26.1.H.1, the 30 day rule was designed "to ensure that discovery motions are filed when ripe and not held until shortly before the close of discovery or the eve of trial." S.D. Fla. L. R. 26.1.H.1, Comments. These concerns are compelling here. Defendants' filed the instant Motion four weeks after the discovery cutoff date, and less than two months before the trial date. Accordingly, the Court concludes that Defendants waived the relief they presently seek.

For the reasons set forth above, it is hereby

ORDERED AND ADJUDGED that Defendants' Combined Motion to Compel the Attendance of Plaintiff and Ted Gower for Deposition (DE 201) is DENIED.

DONE and ORDERED in Chambers at West Palm Beach in the Southern District of Florida, this 27 day of March, 2009.

ANN E. VITUNAC
United States Magistrate Judge

Copies to:
Honorable Kenneth L. Ryskamp
All counsel of record