**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.: 07-81091-CIV-RYSKAMP

ARMOR SCREEN CORPORATION,
a Florida corporation,

      Plaintiff,

v.

STORM CATCHER, INC., a Florida
Corporation, STORM SMART
BUILDING SYSTEMS, INC., a
Florida corporation, SMART TRACKS,
INC., a Florida corporation, BRIAN
RIST, an individual, STEPHEN
JOHNSON, an individual, and
DOEs 1-5, inclusive,

      Defendants.

_____/

## <u>OMNIBUS ORDER</u>

THIS CAUSE comes before the Court upon numerous motions filed by both defendants and plaintiff.  First, is the Rist defendants' motion to preclude **[DE 272]** filed on April 2, 2009 and adopted by defendant Johnson **[DE 275]** on April 6, 2009.  Plaintiff responded **[DE 289]** on April 9, 2009.  Defendants replied **[DE 302]** on April 15, 2009.  Second is the Rist defendants' motion for extension of time to object to exhibits in plaintiff's exhibit list **[DE 277]** filed on April 6, 2009.  Plaintiff failed to respond and the time for doing so has now passed.  Third is the Rist defendants' motion for extension of time to file motions *in limine* **[DE 291]** filed on April 9, 2009.  Plaintiff filed a notice of non-objection **[DE 314]** on April 27, 2009.  Fourth is the Rist defendants' motion to compel the preparation of a joint pre-trial stipulation **[DE 287]** filed on

April 9, 2009.  Plaintiff responded **[DE 292]** on April 10, 2009.  Defendants replied **[DE 311]** on April 20, 2009.  Fifth is plaintiff's motion to compel **[DE 298]** filed on April 13, 2009.  Defendant Johnson responded **[DE 308]** on April 17, 2009.  Plaintiff replied **[DE 318]** on April 27, 2009.  The Rist defendants have not responded but this Court is ready to rule on the motion.  Sixth is defendants' motion to file supplemental jury instructions **[DE 301]** filed on April 14, 2009.  Plaintiff filed a notice of non-objection **[DE 315]** on April 27, 2009.  These motions are now ripe for adjudication.

As an initial matter, this Court notes that all parties to this litigation have consistently litigated this case in an unprofessional manner.  Rarely has this Court been called on to referee a litigation to this extent.  Plaintiff stated in a response **[DE 292]** that the parties' actions are "akin to children in a sandbox needing the watchful eye of a vigilant nanny."  This Court agrees, but notes that plaintiff and defendants have both engaged the Court in unnecessary litigation, which the parties should have been able to resolve without this Court's intervention.

Moreover, this Court is concerned with both parties' habit of ignoring Court deadlines.  This includes filling documents out of time without requesting an extension of time **[DE 245]**, waiting until the last minute, and filing poorly drafted documents that do not comply with the local rules **[DE 204, 208, 212, 217]**.  These practices caused this Court to issue an Order **[DE 245]** stating "[t]he parties are reminded, however, that this Court takes seriously the deadlines established by the local rules.  Although the Court will consider the untimely filed document this time, it may not do so in the future."  This Court also issued an Order requiring a party to refile its statement of facts to correct inadequate citations to the record **[DE 217]**.  This Court has never before issued such orders.

**Motion to Preclude and Associated Motions for Extensions of Time**

Not surprisingly, the motions ruled upon in this Order are a result of such unprofessional conduct. This Court will first consider defendants' motion to preclude **[DE 272]** and their related motions for extension of time **[DE 277, 291]**. Defendants argue that plaintiff failed to timely disclose documents and relies on Federal Rule of Civil Procedure 26(a)(3) and Local Rule 16.1(D). Pursuant to Rule 26(a)(3)(A)(iii), a party must identify each "document or other exhibit, including summaries of other evidence — separately identifying those items the party expects to offer and those it may offer if the need arises." *Accord*, S.D. Fla. Local Rule 16.1(D). This disclosure must be made at least 30 days before trial and opposing counsel must provide its objections; failure to object constitutes waiver. Courts can, of course, choose to set alternative deadlines. Fed. R. Civ. P. 26(a)(3)(B), *accord*, S.D. Fla. Local Rule 16.1(D).

The parties' dispute centers around the difference between when a party must disclose its exhibit list to opposing counsel and when that party must file the exhibit list with the Court. Defendants confuse the two requirements in their motion. Plaintiff confuses this Court's requirement to file the exhibit list as opposed to the Rules' requirements regarding timely disclosure.

To be clear, the parties were required to file their exhibits lists with the joint pretrial stipulation on April 8, 2009. *See*, S.D. Fla. Local Rule 16.1(D) and **[DE 21]**. Although each party did file an exhibit list by April 8, 2009, no party filed it as required since this Court has yet to receive a joint pre-trial stipulation from the parties. Nothing in that Order, however, altered the disclosure deadlines established in Rule 26 or Local Rule 16.1.

In regards to plaintiff's inquiry to this Court regarding the filing deadlines, staff from this Court informed plaintiff that it could not interpret the rules or orders for plaintiff and that if

plaintiff had a question, it should file a motion.  Plaintiff continued to press the staff member to confirm its reading of the rules but the staff member did not give an interpretation of the rules to plaintiff.  The issue that now presents itself to the Court is exactly why this Court requires parties to file legal questions on the record as motions.

In the end, plaintiff failed to comply with the rules.  This Court, however, is concerned with the fact that defendants did not adequatly communicate the problem to plaintiff.  There is never an excuse for a party not following the clearly written rules.  When opposing counsel acts courteously, however, motions such as this are often avoided.  Due to the fact that the trial date has been moved, and because it does appear that plaintiff's mistake was inadvertent, this court will not preclude plaintiff from presenting evidence at trial.  As such, this Court will grant defendants' motion for extension of time to object and file motions *in limine* **[DE 277, 291]**.  Any objections must be filed in accord with Local Rule 16.1(D).  All motions *in limine* must be filed immediately since the deadline requested in the motion has now passed.

**Motion to Compel Submission of a Joint Pre-Trial Stipulation**

Next, this Court considers defendants' motion to compel the preparation of a joint pre-trial stipulation **[DE 287]**.  It is this Court's longstanding rule that no individually filed pre-trial stipulations will be accepted.  This Court notes that due to counsels' conduct, the parties failed to file the joint pre-trial stipulation.  As such, the parties have, yet again, ignored a deadline established by this Court.  The motion is granted and the parties must submit a joint pre-trial stipulation.

**Motion for Extension of Time to File Supplemental Jury Instructions**

Defendants filed a motion to file supplemental proposed jury instructions due to plaintiff's failure to timely file its proposed jury instructions .  This Court issued a Show Cause

Order to plaintiff to explain why it did not comply with this Court's Order **[DE 21]**.  Plaintiff

responded **[DE 321]** on April 28, 2009 that because the Court postponed the trial date, it need

not file its proposed jury instructions.  Again, instead of filing a motion to clarify the Court's

wishes, plaintiff called chambers and spoke with staff who apparently told plaintiff not to file the

proposed jury instructions by the deadline.

Plaintiff should know that deadlines cannot be changed by calling chambers and

requesting a ruling from staff.  These types of requests should always be filed as a motion.

Because chambers staff informed counsel that it need not file the proposed jury instructions, this

Court will not sanction plaintiff.  Nonetheless, this Court expects plaintiff to file its proposed

jury instructions immediately as they are now past due.  Although the trial date has been moved

to accommodate the Court's schedule, given the parties conduct in this litigation, this Court

intends to have this case ready for trial well before the rescheduled trial date.

This Court does not believe that defendants are prejudiced and any objections to the

proposed jury instructions can be addressed when the trial commences.

**Plaintiff's Motion to Compel Itemized Trial Exhibits**

Plaintiff argues that defendants failed to separately identify each document it expects to

use at trial as required by Federal Rule of Civil Procedure 26(a)(3).  Defendant Johnson

responded arguing that plaintiff's motion was filed to divert this Court's attention from its

untimely filed/disclosed exhibit list.  This Court disagrees as it finds plaintiff's motion

persuasive.  The remaining defendants have not yet responded.  This Court does not require their

response to render a decision.

After reviewing defendants' exhibit lists and the exhibits attached to Rist's response, this

Court finds defendants' exhibits list in violation of Rule 26(a)(3) and therefore deficient.  *See*,

*Medical Ctr. of Cent. GA, Inc. v. Denon Digital Employee Benefits Plan*, 2005 WL 1073624 *8 (M.D.Ga. 2005).  All defendants are ordered to file a list identifying and specifying each document it "expects to offer" or "may offer" during trial.  Since filing this list is now past due, it must be filed immediately.

**Sanctions**

Both parties have sought sanctions against one another.  Although the misconduct of counsel is not identical, each party contributed to the poor litigation of this lawsuit.  As such this Court will rely on its inherent power to impose sanctions against plaintiff and all defendants, except Stephen Johnson.  *Chambers v. NASCO, Inc.*, 501 U.S. 32, 48-49 (recognizing the court's inherent power to sanction parties for their abuse to the judicial process).

An attorney is responsible for his conduct before a Court.  This Court concludes that the above disagreements are the result of the attorneys' conduct towards each other.  Accordingly the attorneys representing plaintiff and the above defendants in this litigation are barred from billing their clients or otherwise seeking fees or costs for any of the motions discussed in this Order.  Moreover, neither plaintiff nor defense counsel may bill their clients for any time spent in the preparation, or submission, of the individually filed pre-trial stipulations or the forthcoming joint pre-trial stipulation.  In addition, defendants may not bill their clients for any fees or costs associated with the preparation and submission of the non-compliant exhibit lists or the forthcoming amended exhibits lists.

Finally, the parties are warned that similar sanctions will also apply to any future motions that this Court deems to have been filed as a result of unprofessional conduct.  In addition, this Court may require the attorneys who continue to engage in such conduct to attend the full day course from the Florida Bar titled "Practicing with Professionalism" at their own expense.

Information on this course can be found at

https://www.floridabar.org/FBWEB/CLEReg.nsf/89194632da1e6ec285256ce7006b56ea/54e5f1

464ffd3757852575070057031e/$FILE/0682-YLD-09.pdf.  Accordingly, it is hereby,

ORDERED AND ADJUDGED that:

(1)     Defendants' motion to preclude **[DE 272, 275]** is DENIED;

(2)     Defendants' motion for extension of time to object to exhibits in plaintiff's exhibit list

**[DE 277]** is GRANTED; Any objections must be filed in the joint pre-trial stipulation in

accord with Local Rule 16.1(E);

(3)     Defendants' motion for extension of time to file motions *in limine* plaintiff's exhibit list

**[DE 291]** is GRANTED.  Any further motions *in limine* are due by 5:00 p.m. on May 1,

2009;

(4)     Defendants' motion to compel the preparation of a joint pre-trial stipulation **[DE 287]** is

GRANTED.  The parties are ordered to complete a joint pre-trial stipulation by May 6,

2009; no extensions of this deadlines will be granted.  Counsel for plaintiff and

defendants shall not bill their clients for any fees or costs associated with the individually

filed pre-trial stipulations or the joint pre-trial stipulation.  If the parties are unable to

comply with this deadline, the parties must file a notice by 5:00 p.m. on May 6, 2009.  At

that point, the Court will appoint a mediator to assist the parties in filing a joint pre-trial

stipulation.  Counsel for plaintiff and defendants will share equally the cost of the

mediation and shall not bill their clients for the cost of special mediation.  The deadline

for the mediated joint pre-trial stipulation, if necessary, is May 15, 2009;

(5)     Plaintiff's motion to compel **[DE 298]** is GRANTED.  Defendants must submit a list of

exhibits in compliance with Rule 26(a)(3) with the joint pre-trial stipulation in accord

with Local Rule 16.1(E); and

(6)     Defendants' motion to file supplemental jury instructions **[DE 301]** is PARTIALLY

GRANTED.  Plaintiff has until May 1, 2009 to file its proposed jury instructions.

DONE AND ORDERED in Chambers at West Palm Beach, Florida, this 30 day of April,

2009.

                                       ____/s/ Kenneth L. Ryskamp____
                                       KENNETH L. RYSKAMP
                                       UNITED STATES DISTRICT JUDGE

Copies provided to:
All counsel of record