UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 07-81091-Civ-Ryskamp/Vitunac

ARMOR SCREEN CORPORATION,
a Florida Corporation,

      Plaintiff,

vs.

STORM CATCHER, INC., a Florida
Corporation, *et al.*,

      Defendants.

_____/

FILED by _____ D.C.

**JUN 2 9 2009**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

### ORDER

THIS CAUSE is before this Court on Order of Reference (DE 64), filed May 16, 2008, from

United States District Judge Kenneth L. Ryskamp "for all pretrial matters and to take all necessary

and proper action as required by law, and/or to submit a Report and Recommendation to this Court."

On December 17, 2008, this Court denied a motion to compel filed by the Rist Defendants'[1] during

discovery in this case (DE 179). On June 3, 2009, this Court held a hearing to determine whether

to award reasonable expenses incurred by Plaintiff in opposing the motion to compel pursuant to

Federal Rule of Civil Procedure 37(a)(5)(B). This matter is now ripe for review.

### BACKGROUND

On October 27, 2008, the Rist Defendants filed a motion to compel Plaintiff to provide

documents and survey data relied upon by its experts (DE 140). The Rist Defendants also sought

_____

[1] The Rist Defendants are Storm Catcher, Inc., Storm Smart Building Systems, Inc., Smart
Tracks, Inc., Storm Smart Sales, Inc., Storm Smart Industries, Inc., and Brian Rist.

a third extension of time to serve rebuttal expert reports.  On December 17, 2008, this Court issued an Order (DE 179) denying the Rist Defendants' motion to compel in its entirety.

First, the Court found any additional extension of time to serve rebuttal expert reports unnecessary for reasons stated in a prior order and also since the Rist Defendants had already timely served their rebuttal expert reports.  Second, the Court concluded that Plaintiff's production of documents and survey data relied upon by its experts, prior to the date the Rist Defendants filed the motion to compel, complied with Rule 34's requirements.  In reaching this conclusion, the Court noted that the Rist Defendants "set forth no materials, in the form of affidavits, declarations, or otherwise, to show that their rebuttal experts were unable to access, review and/or analyze the survey data in preparing their rebuttal expert reports."  The Court noted also that Defendants "made no attempt to narrowly tailor their motion to compel by specifically explaining or identifying what requested data or documents cited or referenced in Plaintiff's expert reports have yet to be produced."  Although the motion to compel included a certificate of compliance with Local Rule 7.1(A)(3)'s meet and confer requirement, Plaintiff disputed that the Rist Defendants fulfilled this requirement.  The Court stated that it would hold a hearing at the close of discovery to determine whether to award fees and costs to Plaintiff under Rule 37.

## JUNE 3, 2009 HEARING

At a hearing on June 3, 2009, the Rist Defendants had a full opportunity to be heard on the issue of Plaintiff's entitlement, under Rule 37(a)(5)(B), to reasonable expenses incurred in opposing the motion to compel.  Additionally, Plaintiff had an opportunity to justify its expenses sought.  Counsel for the Rist Defendants (Raquel Regalado and Benjamin Hanrahan) and Plaintiff (Robert Vaughan and Javier Lopez) were present at the hearing.  No witnesses testified and the parties

proceeded by argument and by response to the Court's inquiries.

Appearing on behalf of the Rist Defendants, Mrs. Regalado argued that her former co-counsel, Andrew Ransom, was substantially justified in filing the motion to compel because it addressed a genuine legal issue disputed by the parties. According to Mrs. Regalado, the primary issue was whether Plaintiff's production of the electronic survey data relied upon by expert Dr. Cowan satisfied Plaintiff's burden of producing expert witness disclosures. Mrs. Regalado asserted that the survey data was produced in an electronic .sav file format that could not be opened by the Rist Defendants' counsel or their rebuttal expert, Dr. Rappaport. Upon inquiry by the Court, Mrs. Regalado conceded that, prior to the date the motion was filed, Plaintiff advised the Rist Defendants of the statistical software program costing $1,700 that would open the files, but that the Rist Defendants never bought the package. Instead, the Rist Defendants filed the motion to compel arguing that Plaintiff had the obligation to produce the data in a form the Rist Defendants could readily access, *i.e.* by producing the software program or hard-copy print-outs, an issue Mrs. Regalado described as a novel and cutting-edge issue within the realm of electronic discovery.

The Court asked Mrs. Regalado about the Rist Defendants' efforts to meet and confer with Plaintiff prior to filing the motion. She explained that letters and emails attached to the motion to compel show that the Rist Defendants' counsel contacted Plaintiff's counsel regarding the inability to open the .sav files before filing the motion to compel and that a disagreement arose over the parties' obligations regarding form of production. As to the subpoenas served on Plaintiff's experts seeking the production of certain documents, discussed in the motion to compel, Mrs. Regalado argued that Plaintiff cannot claim in good faith to have been "sandbagged" on that issue given the correspondence among counsel about the .sav files.

3

Appearing on behalf of Plaintiff, Robert Vaughan argued that in this admittedly heavy litigation, the motion to compel is "of a category all by itself" in that it contained unjustified, patently false, and unsupported allegations, thus warranting sanctions. Mr. Vaughan stated that when the Rist Defendants's counsel contacted Plaintiff's counsel regarding their inability to open the .sav files, Plaintiff immediately responded that same day by identifying the software package Dr. Cowan used and advised that it could be purchased for $1,700. Additionally, Plaintiff sent the Rist Defendants a list of other available statistical software packages that could be used to open the data. Mr. Vaughan argued that Dr. Cowan produced the survey data to the Rist Defendants in exactly the same electronic format in which he used the data. Moreover, he argued it is unreasonable for the Rist Defendants to have argued in their motion to compel that the .sav files were not produced in an accessible format given that Dr. Rappaport completed a rebuttal expert report fully reviewing, analyzing and critiquing Dr. Cowan's report two days before the motion to compel was filed. Mr. Vaughan noted also that Dr. Rappaport's rebuttal report mentions no problem accessing or reviewing the .sav files containing the raw data relied upon by Dr. Cowan.

Mr. Vaughan represented that his reading of Dr. Rappaport's report shows it to be complete and that, contrary to Mrs. Regalado's contentions, Dr. Rappaport did open and review the .sav files. Mr. Vaughan added that there is no record evidence, in the form of an affidavit, a supplemental report, or otherwise, to show Dr. Rappaport did not open the .sav files, which is an additional indicator that Dr. Rappaport could and did open the .sav files. Mr. Vaughan added that while the Rist Defendants' counsel arguably met and conferred with Plaintiff's counsel on the .sav file issue, they never conferred regarding the subpoenaed documents sought in the motion to compel.

Mrs. Regalado countered that the lack of an affidavit by Dr. Rappaport does not warrant the imposition of sanctions. She stated that Dr. Rappaport testifed at a later deposition that he never opened the .sav files. Mrs. Regalado explained that the Rist Defendants got "very lucky" in that Dr. Rappaport never needed to open the .sav files because Mr. Cowan's survey methodology lacked a control. As such, Dr. Rappaport did not need to review the .sav files to prepare his rebuttal report. Even so, Mrs. Regalado argued that at the time Mr. Ransom filed the motion to compel, he was justifiably trying to preserve his expert's right to review the .sav files at a time when he did not know whether Dr. Rappaport would need to review the files. Mrs. Regalado concluded that the parties and even courts disagree on the legal issue raised in the motion to compel, namely whether Plaintiff had an obligation to produce the .sav files in an alternate format than that which had already been produced. Under these circumstances, she argued the Rist Defendants were "legally justified" in filing the motion to compel an alternate production of the files.

On the issue of the subpoenaed documents, Mrs. Regalado stated that Mr. Ransom did not know the documents had already been produced by Plaintiff when he filed the motion. She said there was"obviously a miscommunication," but that does not mean the motion was unjustified. Lastly, Mrs. Regalado argued that Plaintiff's expenditure of thirty-one hours preparing a response to the motion is evidence in and of itself that the motion was justified. She claimed that a response to an "unjustified" motion would take one to two hours, not thirty-one. As to the request for extension of time to serve rebuttal reports, Mrs. Regalado argued the request was included to preserve the Rist Defendants' experts ability to properly rebut the Plaintiff's experts.

In terms of fees requested, Mr. Vaughan cited the two affidavits filed by Plaintiff prior to the hearing (DE 353-2, 369-2) in support of his argument that the amount sought is reasonable. In

5

response to the Court's concern over the thirty-plus attorney hours claimed and potential duplication of efforts, Mr. Vaughan explained that his firm takes pride in producing quality work and that the time was spent re-reviewing the expert reports at issue, verifying with Dr. Cowan what representations had been made, researching the legal issues, drafting the response, and carefully checking the accuracy of all representations.

At the close of the hearing, Mrs. Regalado sought permission to file the deposition testimony of Dr. Rappaport to show that he never opened the .sav files. Plaintiff objected on grounds of their inability to cross-examine Dr. Rappaport on that point. This Court sustained the objection finding that to allow the Rist Defendants to file the deposition at this late date would be unfairly prejudicial to Plaintiff's ability to cross-examine Dr. Rappaport's testimony regarding whether or not he opened the .sav files. This Court did, however, permit the Rist Defendants to file an affidavit in opposition to the reasonableness of time spent by Plaintiff. The Rist Defendants filed this affidavit later that same day (DE 372).

DISCUSSION

Having denied the Rist Defendants' motion to compel, the issue before the Court is whether Plaintiff is entitled to its reasonable expenses incurred in opposing the motion. When, as here, a motion to compel disclosure or discovery is denied, a court "must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(B). However, a court "must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust." Id. "[D]iscovery conduct should be found 'substantially justified' under Rule 37 if it is a response to a 'genuine

6

dispute, or if reasonable people could differ as to the appropriateness of the contested action.'" Devaney v. Continental Amer. Ins. Co., 989 F.2d 1154, 1163 (11th Cir.1993) (quoting Pierce v. Underwood, 487 U.S. 552, 565 (1988)).

At the hearing, argument by both parties centered primarily on the production of the .sav files relied on by Plaintiff's expert, Dr. Cowan, in preparing his expert report. The Rist Defendants assert that while Plaintiff produced the .sav files as part of their expert witness disclosures, the data was produced in a format they could not open. The Rist Defendants claim they were substantially justified in filing the motion to compel to address a genuine dispute concerning Plaintiff's obligations to produce the data in a form the Rist Defendants could access. As to the request for extension of time to serve rebuttal reports, the Rist Defendants claim the request was included to preserve their experts ability to properly rebut the Plaintiff's experts.

For four reasons, this Court concludes that the Rist Defendants' motion to compel was not substantially justified. First, as to the dispute over the .sav files, the Rist Defendants argued at the hearing that Dr. Rappaport prepared his rebuttal report without ever having reviewed the .sav files relied upon by Dr. Cowan. Whether or not Dr. Rappaport ultimately reviewed the files is irrelevant to the issue presently before this Court, which is whether, on the date they filed the motion, the Rist Defendants' were substantially justified in seeking to compel the production of the .sav files in a form other than that which had already been provided. On this issue, the Court finds that any purported inability by Dr. Rappaport to access the .sav files as of the date the motion was filed is contradicted by the uncontroverted fact that the Rist Defendants submitted a written rebuttal expert report authored by Dr. Rappaport three days before the motion was filed. It is undisputed that Dr. Rappaport's report mentions no missing information or inability to review the .sav files as grounds

7

for not being able to provide a complete and full rebuttal of Dr. Cowan's report. Moreover, the Rist Defendants conceded at the hearing that they did not avail themselves of the opportunity to purchase readily available statistical package software at a nominal cost to open the .sav files, which may very well have obviated the need for the motion to compel.

Second, as to the Rist Defendants' request for an order compelling Plaintiff to produce subpoenaed documents relied on by its experts, Plaintiff had already produced all such documents before the motion to compel was filed. The Rist Defendants conceded this point at the hearing, but suggest that since Mr. Ransom did not know of Plaintiff's production due to "miscommunication," the request for the subpoenaed documents was justified. This Court disagrees, especially considering that the Rist Defendants do not dispute that although all parties were present at a deposition the day the motion was filed, the Rist Defendants's counsel did not raise the issue of the subpoenaed documents with Plaintiff's counsel that day. Certainly, such discussion would likely have resolved this issue.

Third, the Court is troubled by the lack of effort by the Rist Defendants to meet and confer with Plaintiff in good faith regarding issues raised in the motion to compel before it was filed. The Court acknowledges the series of correspondence among counsel relating to the .sav files leading up to the filing of the motion. However, Plaintiff maintains and the Rist Defendants do not dispute that their counsel did not once discuss with Plaintiff's counsel their concern over the alleged non-production of the subpoenaed documents, even though, as discussed above, all parties' counsel were present together at a deposition the same day the motion was filed. Apparently, rather than confer with Plaintiff's counsel in a good faith attempt to resolve the issue, the Rist Defendants filed the motion shortly before midnight that same day. Such action undermines the purpose and

8

effectiveness of the meet and confer requirement and the Court considers such action an additional reason for finding that the motion was not in response to a genuine dispute.

Fourth and lastly, the Rist Defendants' request for an extension of time was superfluous and unnecessary since, as noted in the Court's order denying the motion, the Rist Defendants had already timely served their rebuttal reports and both parties had a clear, continuing obligation to supplement their expert reports once those reports were served.   For the foregoing reasons, and after giving the Rist Defendants' a full opportunity to be heard, this Court concludes that the Rist Defendants have failed to demonstrate any facts showing a substantial justification for the filing of the motion to compel, nor do any other circumstances make an award of expenses unjust. As such, the Court must award Plaintiff its reasonable expenses incurred in opposing the motion to compel, including attorney's fees.

A reasonable award of attorney's fees is properly calculated by multiplying a reasonable hourly rate by the number of hours reasonably expended. Norman v. Housing Auth. of Montgomery, 836 F.2d 1292, 1299 (11th Cir.1988). The Eleventh Circuit approves of district courts considering the factors enunciated in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir.1974)[2] in establishing the lodestar amount. Norman, 836 F.2d at 1299.

The reasonable hourly rate is the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Id.  The

---

[2] Johnson mandates twelve factors that district courts should balance in awarding fees. The Johnson factors are: (1) the time and labor required; (2) the novelty and difficulty of the legal questions involved; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment due to acceptance of the case; (5) the customary fee for similar work in the community; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Johnson, 488 F.2d at 717-19.

fee applicant bears the burden of establishing the claimed market rate. American Civil Liberties Union v. Barnes, 168 F.3d 423, 427 (11th Cir.1999). After determining a reasonable hourly rate, the Court must next evaluate the requested fees for reasonableness in terms of total hours expended. In determining reasonable hours expended, a court must exclude any hours that are "excessive, redundant, or otherwise unnecessary." Norman, 836 F.2d at 1301. In other words, a fee applicant must exercise "billing judgment." Id. In exercising proper billing judgment, a party should exclude hours that would be unreasonable to bill a client without reference to skill, reputation or experience. Duckworth v. Whisenant, 97 F.3d 1393, 1397 (11th Cir. 1996) (citing Norman, 836 F.2d at 1301).

Plaintiff seeks to recover $10,735.00 in attorney fees for 31.1 hours it claims to have spent opposing the motion to compel. Specifically, Plaintiff seeks to recover time spent by three attorneys as follows: $515.00 per hour for partner John Burlingame (1.5 hours); $360.00 per hour for associate Jeremy Dutra (22.3 hours); and $265.00 per hour for associate Rachael Harris (7.3 hours). In support of the fees requested, Plaintiff submitted an affidavit by Dutra (DE 353-2) and an affidavit by outside commercial litigator William Hill (DE 369-2). Both affidavits state that 31.1 hours is reasonable and that the rates charged are likewise reasonable. In opposition to the hours claimed, the Rist Defendants submitted an affidavit by outside commercial litigator Stephen Kolski (DE 372) stating that Plaintiff's billing records fail to detail the unique contributions of the three attorneys and that the 31.1 hours are duplicative. While Mr. Koliski addresses the reasonableness of the hours claimed, he offers no opinion on the reasonableness of the rates sought.

As the fee applicant, Plaintiff bears the burden of "establishing entitlement and documenting the appropriate hours and hourly rates." Barnes, 168 F.3d at 427 (11th Cir.1999) (quoting Norman, 836 F.2d at 1303). This Court's review of the fifteen (15) page response shows that it contains a

10

reasonable amount of discussion, primarily factual, and legal authority. Nevertheless, the Court

concludes that billing 31.1 hours is excessive, and that a deduction in the total amount of attorney

fees sought by Plaintiff is warranted. The billing entries submitted by Plaintiff claim 23.8 hours

spent by partner John Burlingame (1.5 hours) and associate Jeremy Dutra (22.3 hours) drafting or

working on opposing the motion to compel. The time entries for Burlingame and Dutra are

redundant. Seven time entries for Dutra state "draft opposition to defendants' motion to compel and

for an extension of the rebuttal expert report deadline," while one time entry for Burlingame states

"work on opposition to motion for extension of time and motion to compel.

　　　While there is nothing inherently wrong with duplicate billing entries where more than one

attorney performs work in a case, here, the duplicate billing entries are so generic and nondescript

that this Court is unable to determine the distinct contribution of each attorney in responding to the

motion. Barnes, 168 F. 3d at 432 ("a fee applicant is entitled to recover for the hours of multiple

attorneys if he satisfies his burden of showing that the time spent by those attorneys reflects the

distinct contribution of each lawyer to the case and is the customary practice of multiple-lawyer

litigation"). Since the billing entries fail to specifically describe how the 23.8 hours of work claimed

differs from one entry to the next and the distinct contribution made by Burlingame, the Court finds

it appropriate to strike the 1.5 hours claimed by Burlingame and compensate Plaintiff for only 12

hours of work by Dutra, the attorney who bore the bulk of the work associated with opposing the

motion.

　　　As to the 7.3 hours spent by associate Rachael Harris researching Rule 34's "reasonably

usable" standard for producing electronic documents, the Court concludes that a deduction in her

time claimed is warranted. Plaintiff devotes three of its fifteen-page Response to a discussion of

11

Rule 34's "reasonably usable" standard, and the Court finds it difficult to fathom that 7.3 hours was reasonably expended to research this issue. Accordingly, the Court finds it more reasonable to compensate Plaintiff for 4 hours of Harris' time spent researching. Thus, in total, Plaintiff shall be compensated for 16 hours of attorney time spent, as opposed to the 23.8 total hours requested. This Court finds this overall reduction in time appropriate, especially considering that the time was spent working on what this Court considers a straightforward response to a motion to compel. See Figueroa v. Gold Star Towing, Inc., 2007 WL 3131734, at *1 (S.D. Fla. Oct.24, 2007) (reducing counsel's time to 1.5 hours, as opposed to the 2.5 hours claimed, because billing 2.5 hours on a "straightforward motion to compel" was excessive).

As to the hourly rates of associates Dutra and Harris, Plaintiff's two affidavits claim such rates are reasonable, while the affidavit offered by the Rist Defendants does not address this issue. Based on the affidavits proffered by Plaintiff, and this Court's own knowledge and experience, as permitted by Norman, 836 F.2d at 1303, the Court concludes that the hourly rate claimed by Dutra, an associate with under five years of experience as a practicing attorney, should be reduced to $325.00. The Court further concludes that the $265.00 hourly rate claimed by Harris is in line with the prevailing market rate in this legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation.

In addition to attorney fees, Plaintiff seeks to recover $607.00 in expenses for "Online services - Lexis/Nexis." However, costs incurred for computerized legal research, such as Lexis and Westlaw, are nonrecoverable. Duckworth v. Whisenant, 97 F.3d 1393, 1399 (11th Cir. 1996) ("costs such as general copying, computerized legal research, postage, courthouse parking fees and expert witness fees ... are clearly nonrecoverable") (citing 28 U.S.C. § 1920; Kivi v. Nationwide Mut. Ins.

Co., 695 F.2d 1285, 1289 (11th Cir. 1983)). Thus, the Court denies recovery for the computerized legal research expenses incurred by Plaintiff.

Based on the foregoing, it is hereby

ORDERED AND ADJUDGED that counsel for the Rist Defendants shall pay Plaintiff the total amount of $4,960.00 for its reasonable expenses incurred in opposing their motion to compel. This amount represents a payment for 12 hours of work by attorney Jeremy Dutra at an hourly rate of $325.00 ($3,900.00) plus 4 hours of work by attorney Rachael Harris at an hourly rate of $265.00 ($1,060.00). Such payment shall be made on or before July 6, 2009.

DONE and ORDERED in Chambers at West Palm Beach in the Southern District of Florida, this 29 day of June, 2009.

ANN E. VITUNAC
United States Magistrate Judge

Copies to:
The Honorable Kenneth L. Ryskamp
All counsel of record

13