UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 07-81091-Civ-Ryskamp/Vitunac

ARMOR SCREEN CORPORATION,
a Florida corporation,

        Plaintiff,

vs.

STORM CATCHER, INC.
a Florida Corporation, *et al.*,

        Defendants.
_____/

FILED by ____ D.C.

AUG 3 1 2009

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## ORDER

THIS CAUSE is before this Court on Order of Reference (DE 328) from United States District Judge Kenneth L. Ryskamp "to take all necessary and proper action as required by law, and/or to submit a Report and Recommendation to this Court on plaintiff's motion for return of privilege documents and for appropriate sanctions [DE 306] filed on April 17, 2009."[1]

In its Motion (DE 306), Plaintiff asks this Court to order Defendants[2] to return documents that Plaintiff claims are attorney-client privileged and impose appropriate sanctions. Plaintiff claims to have inadvertently produced the documents during discovery. In their Response (DE 319), Defendants contend, among other things, that the documents in question are not privileged.

---

[1] Plaintiff's pending motion for return of privileged documents is excluded from the current administrative stay of this case (DE 385).

[2] Defendants are Storm Catcher, Inc., Storm Smart Building Systems, Inc., Smart Tracks, Inc., Storm Smart Sales, Inc., Storm Smart Industries, Inc., and Brian Rist.

1

To show that communications made to an attorney are privileged, it must be shown that "'the communication was made to him confidentially, in his professional capacity, for the purpose of securing legal advice or assistance.'" United States v. Schaltenbrand, 930 F.2d 1554, 1562 (11th Cir.1991) (quoting United States v. Ponder, 475 F.2d 37, 39 (5th Cir.1973)). "The party invoking the attorney-client privilege has the burden of proving that an attorney-client relationship existed and that the particular communications were confidential." Id. (citing In re Grand Jury Proceedings in Matter of Freeman, 708 F.2d 1571, 1575 (11th Cir.1983)).

Plaintiff's Motion specifically describes one email and two letters from its prior counsel to Plaintiff's president in a prior case as being "unquestionably privileged." Plaintiff contends that an *in camera* review "would readily reveal to the Court that the documents are" attorney-client privileged. On May 14, 2009, the Court ordered Plaintiff to file fully unredacted copies of the documents at issue for *in camera* review by this Court (DE 350). On May 19, 2009, Plaintiff responded by providing over 100 pages of documents to the Court (DE 360). In addition to the one email and two letters, Plaintiff also filed several invoices for legal services rendered, an engagement letter, and miscellaneous other correspondence.

Though it is far from clear, a review of footnote 2 of Plaintiff's Motion suggests to the Court that Plaintiff intends to assert attorney-client privilege over all of the documents submitted under seal. Plaintiff's blanket and general assertion of attorney-client privilege in its Motion lacks sufficient detail to satisfy its burden of proving the existence of the privilege over each document submitted for *in camera* inspection. Moreover, the communication of factual information, such as reports containing a litigation's status, fee agreements, and retainer agreements are generally not protected by the attorney-client privilege. See, e.g., O'Neal v. U.S., 258 F.3d 1265, 1276 (11th Cir.

2001) ("it is the law of this circuit that information involving receipt of attorneys' fees from a client is not generally privileged); In re Semel, 411 F.2d 195, 197 (3d Cir. 1969) ("In the absence of unusual circumstances, the fact of a retainer, the identity of the client, the conditions of employment and the amount of the fee do not come within the privilege of the attorney-client relationship") (citations omitted).

Plaintiff has failed to satisfy its burden of providing sufficient information for the Court to evaluate whether the documents are attorney-client privileged. In the absence of such information, the Court cannot reach the issues of inadvertent disclosure and waiver raised by the parties. Additionally, the Court notes that Plaintiff's Motion fails to comply with Local Rule 7.1(A)(3), which requires a moving party to file a statement certifying that counsel for the movant has conferred with all parties in a good faith effort to resolve the issues raised in the motion and has been unable to do so, or that counsel for the movant has made reasonable efforts to confer with all parties, which efforts shall be identified with specificity in the statement, but has been unable to do so. S.D. Fla. L.R. 7.1(A)(3). Failure to comply with this rule may be cause for the Court to deny the motion. Id.

Accordingly, it is hereby

ORDERED AND ADJUDGED that Plaintiff's Motion for Return of Privilege Documents and for Appropriate Sanctions (DE 306) is DENIED WITHOUT PREJUDICE. If Plaintiff decides to re-file the motion, such motion shall comply with Local Rule 7.1(A)(3). Additionally, the re-filed motion shall be accompanied by a privilege log describing the nature of the inadvertently disclosed documents that Plaintiff claims are privileged. The privilege log shall list, for each separate document, the privilege asserted, the author(s) and their capacities, the recipient(s), the subject matter of the document, and a detailed, specific explanation of why the document is privileged.

DONE and ORDERED in Chambers at West Palm Beach in the Southern District of Florida, this 31 day of August, 2009.

ANN E. VITUNAC
United States Magistrate Judge

Copies to:
Honorable Kenneth L. Ryskamp
All counsel of record