UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 07-81091-CIV-RYSKAMP/VITUNAC

ARMOR SCREEN CORPORATION,

   *Plaintiff*,

v.

STORM CATCHER, INC., *et al.*,

   *Defendants*.
_____/

## MOTION TO WITHDRAW AS COUNSEL

  Pursuant to Local Rule 11.1.D.3, Squire, Sanders & Dempsey, LLP, and all counsel of record affiliated with the law firm (collectively, "SSD") move for leave to withdraw as counsel of record for Plaintiff Armor Screen Corporation ("Armor Screen").

  In support of this Motion, SSD states as follows:

  1. Armor Screen retained the law firm of Squire, Sanders & Dempsey L.L.P. to represent it in the civil action filed on November 16, 2007 in the United States District Court for the Southern District of Florida and styled *Armor Screen v. Storm Catcher*, et al., Case No. 07-81091-CIV-RYSKAMP/VITUNAC (the "Action").

  2. There are irreconcilable differences between Armor Screen and its attorneys, SSD, as to any continuing representation in this Action, which have caused SSD to conclude that the representation must be terminated. On September 21, 2009, SSD notified Armor Screen of SSD's intent to file this motion to withdraw.

  3. While a motion to withdraw is addressed to the sound discretion of the trial court, there is no reason to deny the motion for withdrawal in this instance. *Cf. Fisher v. State*, 248 So.

2d at 486 ("Approval by the court [of a motion to withdraw] should be rarely withheld and then only upon a determination that to grant said request would interfere with the efficient and proper functioning of the court"); *Horran v. O'Connor*, 832 So. 2d 193, 194 (Fla. 4th DCA 2002) (granting motion to withdraw based solely on "irreconcilable differences").

    4.    Permitting SSD to withdraw at this stage in the litigation would not cause prejudice to Armor Screen or Defendants and is not likely to result in delay or continuance of this matter. All discovery concluded on February 20, 2009, the Court issued its claim construction of the patent claims Armor Screen asserts against the Defendants, the parties completed pretrial matters required by Local Rule 16.1, and the parties have fully briefed dispositive motions and motions *in limine*.[1] Moreover, on July 28, 2009, Magistrate Judge Vitunac issued a Report and Recommendation [DE 384] recommending, *inter alia*, that the Court administratively stay the case "pending the PTO's resolution of the three currently pending reexaminations of Patent '085 and Patent '852 (Reexamination Control Nos. 90/009417, 90/010528, and 90/009418). On August 26, 2009, the Court issued an Order [DE 385] adopting the Magistrate Judge's Report and Recommendation [DE 384] in its entirety. Because the Court vacated the trial date and indefinitely stayed the Action, and given the Court's recognition that resolution of the pending reexaminations of the patents-in-suit would "have significant impact in this case" would "likely simplify the issues" and "may reduce the complexity of the case since many issues will have been considered by the PTO," SSD's withdrawal would not likely result in delay or continuance of this matter, nor result in prejudice to the parties.

---

[1] The Court denied all pending motions without prejudice on September 18, 2009 [DE 386]. Following resolution of the reexamination proceedings, little if any additional work will be required by Armor Screen's new counsel to re-file Armor Screen's dispositive motion, and respond to the Defendants' dispositive and *in limine* motions, and therefore will not require a continuance of the proceedings.

5.  Pursuant to Local Rule 7.1.A.3, SSD consulted with counsel for the Defendants regarding the relief sought by SSD in this Motion. Counsel for the Storm Catcher Defendants consent to the relief requested with the condition that Armor Screen be given a certain period of time within which to retain new counsel and that failure to do so will result in a dismissal of Armor Screen's claims with prejudice. Counsel for Defendant Johnson does not oppose the relief SSD seeks in this motion.

6.  Unless and until Armor Screen engages new counsel, all further notices, pleadings, orders and other papers filed and/or served in the case should be sent to:

> Armor Screen Corp.
> c/o Ted Gower, President
> 2001 North Congress Avenue, Suite H
> Riviera Beach, FL 33404

WHEREFORE, Squire, Sanders & Dempsey L.L.P. respectfully requests the Court grant leave to SSD to withdraw as counsel of record for Armor Screen and relieve SSD of all further responsibility in the representation of Armor Screen in this Action, and further, that the Court grant Armor Screen reasonable time within which to find alternate representation.

Dated: October 5, 2009

Respectfully submitted,

**SQUIRE, SANDERS & DEMPSEY, L.L.P.**

By: /s/ Robert C.L. Vaughan
Robert C. Vaughan (FBN 0130095)
RVaughan@ssd.com
Javier A. Lopez (FBN 0016727)
jalopez@ssd.com
200 South Biscayne Blvd., Ste. 4000
Miami, Florida 33131
Tel.: (305) 577-7000
Fax: (305) 577-7001

*Attorneys for Plaintiff
Armor Screen Corporation*

3


<u>OF COUNSEL</u>:

John A. Burlingame (admitted PHV)
jburlingame@ssd.com
Jeremy W. Dutra (admitted PHV)
jdutra@ssd.com
**SQUIRE, SANDERS & DEMPSEY, L.L.P.**
1201 Pennsylvania Avenue, N.W., Suite 5000
Washington, D.C. 20004
Tel.: (202) 626-6600
Fax.: (202) 626-6780

*Attorneys for Plaintiff,*
*Armor Screen Corporation*

**CERTIFICATE OF GOOD FAITH CONFERENCE**

I HEREBY CERTIFY that pursuant to Local Rule 7.1.A.3, undersigned counsel conferred with counsel for the Defendants regarding the relief sought by SSD in this motion. Undersigned counsel is authorized to represent that: (1) counsel for the Storm Catcher Defendants consents to the relief requested with the condition that Armor Screen be given a certain period of time within which to retain new counsel and that failure to do so will result in a dismissal of Armor Screen's claims with prejudice; and (2) counsel for Defendant Johnson does not oppose the relief SSD seeks in this motion.

By: /s/ Jeremy W. Dutra
Jeremy W. Dutra

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 5, 2009, a copy of the foregoing Motion to Withdraw was served on the following via certified mail, returned receipt requested:

Armor Screen Corp.
c/o Ted Gower, President
2001 North Congress Avenue, Suite H
Riviera Beach, FL 33404


I FURTHER CERTIFY that on October 5, 2009, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to the following:

John Cyril Malloy, III
E-Mail          jcmalloy@malloylaw.com
Peter A. Matos
E-Mail          pmatos@malloylaw.com
Raquel Regalado
E-Mail          rregalado@malloylaw.com
John Fulton, Jr.
E-Mail:         jfulton@malloylaw.com
**MALLOY & MALLOY, P.A..**
2800 SW 3rd Avenue
Miami, FL  33129
Ph:    (305) 858-8000
Fax:   (305) 858-0008

*Counsel for Defendants,*
*Storm Catcher, Inc.,*
*Storm Smart Building Systems, Inc.,*
*Smart Tracks, Inc. and Brian Rist*
*Storm Smart Industries, Inc.*
*Storm Smart Sales, Inc.*


Michael R. Jenks, Esq.
E-mail:        mrjenks@waltonlantaff.com
WALTON LANTAFF SCHROEDER & CARSON LLP
9350 Financial Centre
9350 South Dixie Highway, 10th Floor

Miami, Florida 33156-2900
Ph:     (305) 671-1300
Fax:    (305) 670-7065

*Counsel for Defendant,*
*Stephen Johnson*

By: /s/ Javier A. Lopez
    Javier A. Lopez