UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-81091-CIV-RYSKAMP/VITUNAC

ARMOR SCREEN CORPORATION,
    a Florida corporation,

        Plaintiff,

    vs.

STORM CATCHER, INC.,
    a Florida Corporation,
STORM SMART INDUSTRIES, INC.,
    a Florida Corporation,
STORM SMART BUILDING SYSTEMS, INC.,
    a Florida Corporation,
STORM SMART SALES, INC.,
    a Florida Corporation,
SMART TRACKS, INC.,
    a Florida Corporation,
BRIAN RIST,
    an Individual, and
STEPHEN JOHNSON,
    an Individual,

        Defendants.
_____/

**DEFENDANTS' REPLY TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISQUALIFY PLAINTIFF'S COUNSEL**

COME NOW, Defendants, Storm Catcher, Inc., Storm Smart Building Systems, Inc., Smart Tracks, Inc., Storm Smart Sales, Inc., Storm Smart Industries, Inc., and Brian Rist, ("Defendants") and file their reply to Plaintiff's Memorandum in opposition to Defendants' Motion to Disqualify Plaintiff's Counsel and states:

In responding to Defendants' motion for disqualification, Plaintiff's counsel notes again

1

and again that the remedy sought by Defendants is a drastic one which seeks to deprive Plaintiff of the counsel of its choice.  However, Plaintiff's counsel, the third law firm to represent Plaintiff in this extensively litigated case which has spawned three administrative proceedings and another related cause of action, fails to confront the gravity of the situation created by Plaintiff's choice of legal representation.  Specifically, Plaintiff's counsel attempts to evade the issues raised by Defendants' Motion by improperly distinguishing case law and downplaying the clear factual conflicts which more than exceed the standard required by law for disqualification.

Even more telling is that on the one hand, Plaintiff's counsel touts the sophistication of the attorneys involved in this matter while on the other he damns them for not having sufficient contemporaneous proof regarding what was discussed at the June 18, 2008 meeting. Specifically, Mr. Schneider offers no evidence to contradict Ms. De Angelis disinterested sworn statement other than his own conflicting statement.  This is significant in that, Schneider who argues that confidential statement would *never* had been made at said meeting goes on to argue that if Ms. De Angelis is telling the truth that a record of said confidential disclosure would have been in the contemporaneous billing statements.  And yet the very nature of confidential discussions refutes Schneider's unfounded conclusion which despite the Plaintiff's instance is an unnecessary determination for disqualification since the very existence of this controversy between two reputable attorneys as to what transpired at the meeting on June 18, 2008 is grounds alone to disqualify Plaintiff's counsel.

I. <u>Defendants have met the two prong test for disqualification</u>

While it is true that disqualification is rarely sought and not to be taken lightly, "when disqualification is warranted courts should not shrink from their duty to order a party's attorney

disqualified." Ward v. Nierlich, 2006 US Dist Lexis 97373 at 23.  This is because "the district court has responsibility for controlling the conduct of attorneys appearing before it and, as such, has broad discretion in determining motions for disqualification.  Id. (citing Rentclub, Inc., v. Transamerican Rental Finance Corp., 811 F. Supp. 651, 654. (M. D. Fla. 1992).  And while the moving party has the burden of establishing grounds for disqualification, "all doubts must be resolved in favor of disqualification.  Id. at 23.  This is especially important since the test for disqualification in the Eleventh Circuit is based on the *appearance of impropriety*.  Specifically, Plaintiff has the burden to establish that there is a *reasonable possibility* that some specifically identifiable impropriety in fact occurred and that the likelihood of public suspicion outweighs the social interest.  See Rentclub, Inc., 811 F. Supp. 651, 654 (M. D. Fla. 1992).  In the case at bar, Plaintiff's counsel denies that litigation strategy was discussed at the June 18, 2008 meeting while Defendants' prior counsel declared under oath that litigation strategy was in fact discussed.  Plaintiff seeks to cloud the issue by demanding more contemporaneous evidence to prove that such matters were discussed and fails to recognize that the existence of the controversy itself more than establishes a *reasonable possibility* that a specifically identifiable impropriety in fact occurred.

     Unable to refute the first prong, Plaintiff's counsel discusses the second at great length concluding that there is no public suspicion because there were no lay people involved in the June 18, 2008 meeting.  However, this argument completely misses the mark.  The issue is not limited to who was present when the impropriety occurred; the issue is the public suspicion if and when the public learns of it.  Plaintiff's counsel would have the Court believe that this case exists in a vacuum, wherein the lay people such as the parties, third party witnesses and the South Florida hurricane protection industry which closely watches the development in this case

are not privy to the public fillings of this Court.  This conclusion is not only improper but also in clear violation of the appearance of impropriety standard and the public interest that it seeks to protect.

For example, despite Plaintiff's counsel's rhetoric, "[t]he requirement that a lawyer avoid even the appearance of impropriety reflects the bar's concern that some conduct which is in fact ethical may appear to the layman as unethical and thereby could erode public confidence in the judicial system or the legal profession." Woods v. Covington County Bank, 537 F.2d 804 (5th Cir. 1976) (citing A.B.A. Code of Professional Responsibility, EC 9-2 (1970).

> II. Plaintiff has failed to establish that none of the rules of professional conduct apply to this case

This case is unique in that rather than involving the standard prior attorney's representation of another client in another matter or a prior expert testifying in another matter as an expert against a past client, this case involves Defendant's would be expert seeking to represent Plaintiff in the exact same litigation.  As such, this case provides the Court with several means by which to determine that a reasonable possibility of impropriety has occurred which in turn triggers disqualification.  Plaintiff's counsel however, unable to explain how his involvement in this *same* litigation would not be viewed as improper seeks to evade the issue by stating that no rule of professional conduct applies to this situation because there was no attorney client relationship between Plaintiff's counsel and Defendants because Plaintiff's counsel was not engaged by Defendants.  However, Plaintiff's counsel fails to recognize that if there was an exchange of confidential information then an attorney client relationship existed even if Plaintiff's counsel was not engaged by Defendants.

For example, in the case of expert witnesses, pursuant to the American Bar Association Rules, which Plaintiff's counsel relies on in its response, an expert witness can become an expert consultant which in turn can trigger an attorney client privilege. This rule is particularly pertinent to the case at bar because it deals with situations wherein the testifying expert becomes involved in discussion regarding litigation strategy and/or is privy to confidential information. See Exhibit B to DE # 400 at page 3. When such a "blending of roles occurs, the lawyer whose principle role is to testify as an expert may become an expert consultant and as such, bound by all of the Model Rules as co-counsel to the law firm's client." Id. at page 3. In this case, the existence of an attorney client relationship is *not* necessary to disqualify Plaintiff counsel. Instead, the reasonable possibility that such a relationship *may* exist is sufficient.

Finally, Plaintiff contends that the granting of this Motion would result in attorneys interviewing potential experts to insure that said experts would not become opposing counsel later in litigation. This argument is tenuous at best, it presumes that current counsel would waste time, effort and resources in interviewing attorney experts in the hopes that the Plaintiff would at some point in the litigation hire new counsel and thereby facilitate the exclusion of the expert, if that should be the attorney that Plaintiff seeks to hire. The variables in this equation are mindboggling. If one thing is clear it is that this is a unique set of circumstances which were never foreseen by any of the participants in this litigation.

Therefore, Defendants' arguments in favor of this Motion remain intact. Plaintiff's counsel has admitted that a conflict as to what was discussed in the meeting exists. Plaintiff's counsel has also been unable to show how Plaintiff's selection of counsel outweighs the many issues created by his selection especially since this litigation is stayed pending the determination of the United States Patent and Trademark Office.

WHEREFORE, Defendants respectfully request that this Court grant its Motion to Disqualify Plaintiff's Counsel and for such other relief as this Court deems just and proper.

Respectfully submitted,

Dated: December 18, 2009
Miami, Florida

s/ Raquel Regalado____
John Cyril Malloy, III
Florida Bar No. 964,220
jcmalloy@malloylaw.com
Peter A. Matos
Florida Bar No. 992,879
pmatos@malloylaw.com
Raquel A. Regalado
Florida Bar No. 539481
rregalado@malloylaw.com
Benjamin Hanrahan
Florida Bar No. 27859
bhanrahan@malloylaw.com
MALLOY & MALLOY, P.A.
2800 S.W. Third Avenue
Miami, Florida  33129
Telephone: (305) 858-8000
Facsimile:  (305) 858-0008

Attorneys for Defendants Storm Catcher, Inc., Storm Smart Industries, Inc., Storm Smart Building Systems, Inc., Storm Smart Sales, Inc., Smart Tracks, Inc., and Brian Rist.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 07-81091-CIV-RYSKAMP/VITUNAC

ARMOR SCREEN CORPORATION,
a Florida corporation,

  Plaintiff,

vs.

STORM CATCHER, INC. a Florida
Corporation, STORM SMART
INDUSTRIES, INC., a Florida Corporation,
STORM SMART BUILDING SYSTEMS,
INC., a Florida Corporation, STORM SMART
SALES, INC., a Florida Corporation, SMART
TRACKS, INC., a Florida Corporation,
BRIAN RIST, an Individual, and,
STEPHEN JOHNSON, an Individual,

  Defendants.
_____/

## CERTIFICATE OF SERVICE

  I hereby certify that on December 18, 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.

              s/   Raquel Regalado_____
               Raquel A. Regalado
              Florida Bar No. 539481

**SERVICE LIST**
ARMOR SCREEN CORPORATION v. STORM CATCHER, INC., ET AL.
United States District Court, Southern District of Florida
Case No. 07-81091-CIV-RYSKAMP/VITUNAC

J.. Rodman Steele, Jr.
Rodman.steele@novakdruce.com
Jerold I. Schneider
Jerold.schneider@novakdruce.com
Novak Druce +Quigg LLP
525 Okeechobee Blvd.
Suite 1500
West Palm Beach, FL 33401
Telephone: 561-838-5229
Facismile:561-838-5578
Attorneys for Plaintiff
Notices of Electronic Filing
Generated by CM/ECF.

Lawrence D. Smith
lsmith@waltonlantaff.com
Francis A. Scaglia
fscaglia@waltonlantaff.com
Michael R. Jenks
mjenks@waltonlantaff.com
WALTON, LANTAFF, SCHROEDER & CARLSON, LLP
9350 South Dixie Highway
10th Floor
Miami, Florida 33156
Telephone: (305) 671-1300
Facsimile:  (305) 670-7065
Attorneys for Defendant
Stephen Johnson.
Notices of Electronic Filing
generated by CM/ECF.

John Cyril Malloy, III
jcmalloy@malloylaw.com
Peter A. Matos
pmatos@malloylaw.com
John Fulton, Jr.
Florida Bar No. 173,800
jfulton@malloylaw.com
MALLOY & MALLOY, P.A.
2800 S.W. Third Avenue
Miami, Florida  33129
Telephone: (305) 858-8000
Facsimile:  (305) 858-0008
Attorneys for Defendants Storm Catcher, Inc., Storm Smart Building Systems, Inc., Storm Smart Sales, Inc., Storm Smart Industries, Inc., Smart Tracks, Inc. and Brian Rist.
Notices of Electronic Filing
generated by CM/ECF.