UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 07-81091-Civ-Ryskamp/Vitunac

ARMOR SCREEN CORPORATION,
a Florida corporation,

       Plaintiff,

vs.

STORM CATCHER, INC.,
a Florida corporation, *et al.*,

       Defendants.

_____/

FILED by _____ D.C.

JAN 0 7 2010

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## ORDER

THIS CAUSE is before this Court on Order of Reference (DE 64), filed May 16, 2008, from United States District Judge Kenneth L. Ryskamp "for all pretrial matters and to take all necessary and proper action as required by law, and/or to submit a Report and Recommendation to this Court." Before the Court is Defendants' Motion to Disqualify Plaintiff's Counsel (DE 394), filed October 21, 2009.

As the moving party, Defendants bear the burden of proving the grounds for disqualification. See In re: BellSouth Corp., 334 F.3d 941, 961 (11th Cir. 2003). After conducting independent research on the issues raised by Defendants' Motion, the Court has questions not addressed by either party in their filings.

It is unclear if Defendants rely on an alleged ethical violation by Plaintiff's counsel as grounds for seeking disqualification. To the extent they do, Defendants must clearly identify

1

a specific rule of professional conduct and conclude that Plaintiff's counsel violated that rule. Herrmann v. GutterGuard, Inc.,199 Fed. Appx. 745, 752 (11th Cir. 2006) (unpublished).

Defendants seemingly rely solely on the appearance of impropriety as grounds for disqualifying Plaintiff's counsel. Neither party, however, discusses relevant authorities that raise the question of the continued vitality of the appearance of impropriety disqualification standard.[1]  See Herrmann,199 Fed. Appx. at 752 (holding that district court properly applied conflict of interest standard in deciding whether to disqualify counsel rather than applying "the outdated appearance of impropriety" standard); see also Waters v. Kemp, 845 F.2d 260, 266 nn. 12-13 (11th Cir.1988); First Impressions Design & Mgmt., Inc. v. All That Style Interiors, Inc., 122 F. Supp. 2d 1352, 1354 n.1 (S.D. Fla. 2000).

Based on the foregoing and in order that the Court may be fully advised in the premises, it is hereby

ORDERED that Defendants shall file a supplemental brief addressing whether they rely on an ethical violation as grounds for their Motion. If so, Defendants shall identify which specific rule or rules of the Rules Regulating The Florida Bar apply. Defendants shall also discuss the effect of the above-cited decisions on the continued validity of the appearance of impropriety disqualification standard. Defendants supplemental brief shall be filed by January 14, 2010. Any response by Plaintiff shall be filed by January 19, 2010. Upon receipt of the parties' submissions, the Court shall set the matter for hearing.

---

[1]  The Court expresses no decision on the import of these authorities because the issue has not been adequately briefed by the parties.

2

DONE and ORDERED in Chambers at West Palm Beach in the Southern District of Florida, this _____ day of January, 2010.

ANN E. VITUNAC
United States Magistrate Judge

Copies to:
The Honorable Kenneth L. Ryskamp
All counsel of record

3