UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-81091-CIV-RYSKAMP/VITUNAC

ARMOR SCREEN CORPORATION,
    a Florida corporation,

        Plaintiff,

    vs.

STORM CATCHER, INC.,
    a Florida Corporation,
STORM SMART INDUSTRIES, INC.,
    a Florida Corporation,
STORM SMART BUILDING SYSTEMS, INC.,
    a Florida Corporation,
STORM SMART SALES, INC.,
    a Florida Corporation,
SMART TRACKS, INC.,
    a Florida Corporation,
BRIAN RIST,
    an Individual, and
STEPHEN JOHNSON,
    an Individual,

        Defendants.
_____/

**DEFENDANTS' SUPPLEMENTAL BRIEF IN SUPPORT OF
DEFENDANTS' MOTION TO DISQUALIFY PLAINTIFF'S COUNSEL**

    COME NOW, Defendants, Storm Catcher, Inc., Storm Smart Building Systems, Inc., Smart Tracks, Inc., Storm Smart Sales, Inc., Storm Smart Industries, Inc., and Brian Rist, ("Defendants") and pursuant to this Court's Order [DE #402] file the following Supplemental Brief in support of Defendants' Motion to Disqualify Plaintiff's Counsel.

Defendants are grateful for the opportunity to supplement the briefing of this matter which, as all the parties involved have correctly noted, presents a unique scenario. Specifically, this unique scenario of Defendants' would be lawyer expert, now seeking to represent Plaintiff in the very same litigation touches upon several legal areas and raises several ethical concerns. As such, we believe it affords this Court several grounds upon which to make its determination of disqualification.

I.      **APPEARANCE OF PROFESSIONAL IMPROPRIETY STANDARD.**

The first option available to this Court is disqualification of Plaintiff's counsel based upon the appearance of professional impropriety. However, in order to address the vitality of the "appearance of impropriety" standard as applied in Florida, a brief introduction and background is merited. It is noteworthy that prior to 1987, Florida applied the Model Code of Professional Responsibility to disqualification and attorney conduct cases. Canon 9 of the Model Code of Professional Responsibility stated that "[a] lawyer should avoid even the appearance of professional impropriety." Concerned Parents of Jordan Park v. The Housing Authority of the City of St. Petersburg, Florida, 934 F.Supp. 406, 410 (M.D. Fla. 1996). However, effective January 1, 1987, Florida completely replaced the Model Code of Professional Responsibility with the new Rules of Professional Conduct which among other things do not contain an express "appearance of professional impropriety" provision. State Farm Mutual Automobile Ins. Co. v. K.A.W., 575 So. 2d 630, 633 (Fla. 1991); Concerned Parents, 934 F.Supp. at 410.

Directly following the adoption of the new rules there was some confusion as to the applicability of the appearance of impropriety standard. Specifically, the Eleventh Circuit, applying Georgia law conflicted with a nearly contemporaneous holding by the Florida Supreme Court. In Waters v. Kemp, 845 F.2d 260 (11th Cir. 1988) the Court considered the

disqualification of a Court appointed attorney whose role was limited to local counsel for the petitioner because he worked at the same law firm as the assistant attorney representing the State of Georgia in the appeal. The Court made its determination based on Georgia law and is cited for the proposition that the appearance of impropriety standard is not recognized by Georgia law. In Herrmann v. GutterGuard, Inc., 199 Fed. Appx. 745, 752 (11th Circuit 2006)(unpublished), the case cited by this Court, the Eleventh Judicial Circuit applied Waters. Like Waters, the facts in Hermann involved members of the Georgia bar.

Specifically, in Hermann the Court considered the disqualification of an attorney, Kasper, who had worked with a team of other attorneys one of which had represented the Defendant. Two years after said representation, Kasper was counsel in *another* case involving the Defendant. Noteably however, not only Kasper but other members of the team present at the meeting in question, testified that they did not recall any mention of Defendants, let alone information about the prior case. Not surprisingly, the Court applying Georgia law applied the Georgia rules rather than the "appearance of professional impropriety standard." See Ganobsek v. Performing Arts Center Authority, 2000 U.S. Dist. LEXIS 6807 (S.D. Fla. 2000)(citing Waters, 845 F.2d at 265). However, unlike Waters and Herrmann, this case involves a Florida attorney who is governed by Florida law, who is the attorney the information was disclosed to by prior counsel in this litigation and who now seeks to representation the other side in the *same* litigation.

Therefore, Defendants contended that it is crucial to consider the Florida Supreme Court's determination regarding the appearance of impropriety standard after the new rule was adopted. In 1991, the Supreme Court of Florida held that the adoption of the Rules of Professional Conduct in 1987 which did not contain the express "appearance of professional

impropriety" language does not require courts to alter the standard it had applied for years in conflict of interest cases. See State Farm Auto Ins., 575 So. 2d at 633; see also, Concerned Parents, 934 F.Supp. at 410 (finding that "the Florida Supreme Court's interpretation of the Florida Rules to be more persuasive than the Eleventh Circuit's interpretation of Georgia's rules.") Moreover, Florida courts continue to apply the "appearance of professional impropriety" standard in cases involving the disqualification of Florida counsel. Frank J. McPartland v. ISI Investment Services, Inc., 890 F.Supp. 1029, 1039 (M.D. Fla. 1995)("While the Code of Professional Conduct does not contain an express provision prohibiting the appearance of impropriety, Florida law clearly retains this requirement."); Iliana Herrera-Shorthouse v. La Cubana Bail Bonds, Inc., 1999 U.S. Dist. LEXIS 21476 at *13 (S.D. Fla. 1999)("Florida law is clear that disqualification of an attorney is required to avoid the appearance of impropriety").

Nevertheless, there are some cases which at first blush appear to cloud the issue but in the end highlight the egregiousness of the situation currently before this Court. For example, in First Impression Design and Management v. All that Style Interiors, Inc., 122 F.Supp. 2d 1352, 1354 (S.D. Fla. 2000), a case cited by this Court, the issue relating to the application of the appearance of impropriety standard was never reached. In First Impression, the Plaintiff sought to disqualify Defendant's counsel because the firm had represented another Defendant against Plaintiff. Id. at 1353. Plaintiff argued that Defendant's counsel could use the general knowledge acquired in the prior litigation to steer discovery in a way that would be advantageous to the Defendant in the new litigation. Id. at 1353-54. The argument was so tenuous that the Court did not need to apply any standard since Plaintiff had failed to show even the reasonable possibility of some impropriety. Id. at 1354. As such, First Impression is clearly distinguishable from this case wherein the representation is by the *same* attorney, in the *same* litigation but for the *other* side.

For the reasons as set forth above and as provided in Defendants' Motion to Disqualify Plaintiff's Counsel [DE #394] and Defendants' Reply to Plaintiff's Memorandum in Opposition to Defendants' Motion to Disqualify Plaintiff's Counsel [DE #401], Defendants have met their burden of showing the grounds for disqualification under the "appearance of impropriety" standard.  Furthermore, Defendants contend that the appearance of impropriety standard is still viable and applicable in Florida because of unique cases such as this one which present Courts with egregious circumstance that require prompt remedial action.

II.     **RULES REGULATING THE FLORIDA BAR.**

In addition to avoiding the appearance of professional impropriety, however, this Court can also disqualify Plaintiff's counsel under Rules 4-1.9, 4-1.10 and 4-1.18 of the Rules Regulating the Florida Bar.  See S.D. Fla. L.R. 11.1("The standards of professional conduct of member of the Bar of this Court shall include the current Rules Regulating the Florida Bar.") Specifically, Rule 4-1.9 prohibits a lawyer from representing "another person in the same or substantially related matter in which that person's interests are materially adverse to the interests of the former client" or "use information relating to the representation to the disadvantage of the former client."  In addition, Rule 4-1.10(a) and (b) impute Mr. Schneider's disqualification to all of the lawyers at the firm Novak Druce & Quigg, LLP.

In particular, the communications between Christina DeAngelis, Defendants prior counsel, and attorney Schneider in 2008 included the disclosure of highly confidential and private information, such as litigation defenses and strategies that the Defendants and Defendants' counsel intended to rely on throughout the remainder of the *present* litigation.  This information was provided in confidence to attorney Schneider by DeAngelis, who had worked with Schneider in the past.  In fact, the face to face meeting with Schneider occurred for the

purpose of laying the foundation for attorney Schneider role in *this* litigation since the parties had a prior association.  What transpired at said hour long meeting is significant because attorney Schneider was not only exposed to highly confidential information, such as the nature of the Defendants' defenses, counsel's opinions, and work product related to the planned litigation strategy but also to the information reveled by the manner, order and emphasis in which the information was presented which would not have been revealed over the phone or via the review of documentation from counsel.  As such, attorney Schneider was not only exposed to the confidential information and litigation strategy itself, but he was let into the Defendants' camp where he was privy to information which revealed not only the direction of the Defendants' litigation strategies but Defendants' investment in the same.

     Schneider, who in our opinion, is going to great lengths to represent Plaintiff, stresses that the information disclosed to an expert witness is in fact discoverable and must ultimately be produced to the opposing side in the litigation, but fails to consider that such information is only discoverable as it relates to a *testifying* expert.  Thus, unless and until a potential expert witness is retained and identified as a testifying expert witness, Defendants are in the driver's seat as to when and how documents and information are disclosed to the other side.  This is key since attorney Schneider was ultimately not retained, and thus, the discussions and information disclosed to him remained confidential until the Plaintiff, in this very *same* litigation, chose among a large pool of candidates to recruit the only attorney interviewed as a potential expert in this litigation as its new counsel.  This point is particularly of note since as discussed above and unlike any of the cases cited, the nature of the information revealed to Schneider is not subject to any intermediary and therefore provides Plaintiff with unfettered access to Defendants' counsel's inflection, emphasis and other indicators which reveal information and created mental

6

impressions for Schneider which would not necessarily be discoverable least of all in such a raw and unguarded form.

The egregiousness of the situation is further magnified by Schneider's profession and status as a member of the Florida Bar which places him in a higher position of trust with related fiduciary duties than a typical expert. W.R. Grace & Co. v. Gracecare, Inc., 152 F.R.D. 61, 65 (MD 1993)(citing Paul v. Paul, 123 F.R.D. 271, 281 (S.D. Ohio 1988)).  Moreover, "the duties of an attorney-expert are greater than the ordinary expert," and thus, the communications between DeAngelis and attorney Schneider without a doubt took on a confidential character in light of the nature and content of the discussions as well as attorney Schneider's profession and role in the same.  This is concerning because as in this case, a potential expert may, at times, become privy to confidential information, such as tactical or strategic information which then blends the roles of expert and attorney.  Not surprisingly, it is well established that "the lawyer whose principal role is to testify as an expert nevertheless may become an expert consultant and as such, bound by all of the Model Rules." See D.E. #400-2, page 3.  In this litigation, attorney Schneider was privy to and received confidential information which triggered an attorney-client relationship and in light of his profession and duties set forth by the Rules Regulating the Florida Bar, he cannot now use the same information in the *same* litigation against and to the disadvantage of the Defendants.  Attorney Schneider and his current law firm should thus be disqualified under rules 4-1.9 and 4-1.0 of the Rules Regulating the Florida Bar.

Nevertheless, even in cases where no client-lawyer relationship is created, "a lawyer who has had discussions with a prospective client shall not use or reveal information learned in the consultation," regardless if that information is confidential or not. Rule 4-1.18(b).  Furthermore, a lawyer subject to Rule 4-1.18(b) "shall not represent a client with interests materially adverse

to those of a prospective client in the same or substantially related matter if the lawyer received information from the prospective client that could be used to the disadvantage of that person in the matter.  Rule 4-1.18(c).  Here again, attorney Schneider received information from the Defendants that he now intends to use either directly or *subconsciously* to the disadvantage of the Defendants in the <u>same</u> litigation. Such a scenario strikes at the heart of the conflict of interest that Rules Regulating the Florida Bar are intended to prevent.  So much so that it bears mention that the cases that grapple with disqualification involve different litigations and often different attorney who may or may not had access to the information at issue, but this case involves the same attorney, the same parties in the same exact litigation wherein the information was disclosed.

As a result, Plaintiff must ask this Court to overlook the fact that Schneider is an attorney bound by the Rules Regulating the Florida Bar and overlook the nature of the confidential disclosures made to and received by Schneider in this same litigation.  Because of Schneider's role and profession as an attorney he is held to a strict standard of care and fiduciary duty, and the Rules Regulating the Florida Bar prevent him from now taking an adverse role and representing the Plaintiff in this litigation, the very <u>same</u> litigation in which Defendant and Defendants' counsel have previously confided with him.

WHEREFORE, Defendants respectfully request that this Court grant its Motion to Disqualify Plaintiff's Counsel and for such other relief as this Court deems just and proper.

                                                                            Respectfully submitted,

Dated: January 14, 2010                     s/ Raquel Regalado
      Miami, Florida                       John Cyril Malloy, III
                                                         Florida Bar No. 964,220
                                                         jcmalloy@malloylaw.com
                                                         Peter A. Matos
                                                         Florida Bar No. 992,879
                                                         pmatos@malloylaw.com
                                                         Raquel A. Regalado
                                                         Florida Bar No. 539481
                                                         rregalado@malloylaw.com
                                                         Benjamin Hanrahan
                                                         Florida Bar No. 27859
                                                         bhanrahan@malloylaw.com
                                                         MALLOY & MALLOY, P.A.
                                                         2800 S.W. Third Avenue
                                                         Miami, Florida 33129
                                                         Telephone: (305) 858-8000
                                                         Facsimile: (305) 858-0008

                                                         Attorneys for Defendants Storm Catcher, Inc., Storm Smart Industries, Inc., Storm Smart Building Systems, Inc., Storm Smart Sales, Inc., Smart Tracks, Inc., and Brian Rist.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 07-81091-CIV-RYSKAMP/VITUNAC

ARMOR SCREEN CORPORATION,
a Florida corporation,

    Plaintiff,

vs.

STORM CATCHER, INC. a Florida
Corporation, STORM SMART
INDUSTRIES, INC., a Florida Corporation,
STORM SMART BUILDING SYSTEMS,
INC., a Florida Corporation, STORM SMART
SALES, INC., a Florida Corporation, SMART
TRACKS, INC., a Florida Corporation,
BRIAN RIST, an Individual, and,
STEPHEN JOHNSON, an Individual,

    Defendants.
_____/

## **CERTIFICATE OF SERVICE**

    I hereby certify that on January 14, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.

                                                   s/   Raquel Regalado
                                                   Raquel A. Regalado
                                                   Florida Bar No. 539481

# SERVICE LIST
ARMOR SCREEN CORPORATION v. STORM CATCHER, INC., ET AL.
United States District Court, Southern District of Florida
Case No. 07-81091-CIV-RYSKAMP/VITUNAC

J.. Rodman Steele, Jr.
Rodman.steele@novakdruce.com
Jerold I. Schneider
Jerold.schneider@novakdruce.com
Novak Druce +Quigg LLP
525 Okeechobee Blvd.
Suite 1500
West Palm Beach, FL 33401
Telephone: 561-838-5229
Facismile:561-838-5578
Attorneys for Plaintiff
Notices of Electronic Filing
Generated by CM/ECF.

Lawrence D. Smith
lsmith@waltonlantaff.com
Francis A. Scaglia
fscaglia@waltonlantaff.com
Michael R. Jenks
mjenks@waltonlantaff.com
WALTON, LANTAFF, SCHROEDER & CARLSON, LLP
9350 South Dixie Highway
10th Floor
Miami, Florida 33156
Telephone: (305) 671-1300
Facsimile: (305) 670-7065
Attorneys for Defendant
Stephen Johnson.
Notices of Electronic Filing
generated by CM/ECF.

John Cyril Malloy, III
jcmalloy@malloylaw.com
Peter A. Matos
pmatos@malloylaw.com
John Fulton, Jr.
Florida Bar No. 173,800
jfulton@malloylaw.com
MALLOY & MALLOY, P.A.
2800 S.W. Third Avenue
Miami, Florida  33129
Telephone: (305) 858-8000
Facsimile:  (305) 858-0008
Attorneys for Defendants Storm Catcher, Inc., Storm Smart Building Systems, Inc., Storm Smart Sales, Inc., Storm Smart Industries, Inc., Smart Tracks, Inc. and Brian Rist.
Notices of Electronic Filing
generated by CM/ECF.