UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-81091-CIV-RYSKAMP/VITUNAC

ARMOR SCREEN CORPORATION,
a Florida corporation,

        Plaintiff,
vs.

STORM CATCHER, INC. a Florida
Corporation, STORM SMART
INDUSTRIES, INC., a Florida Corporation,
STORM SMART BUILDING SYSTEMS,
INC., a Florida Corporation, STORM SMART
SALES, INC., a Florida Corporation, SMART
TRACKS, INC., a Florida Corporation,
BRIAN RIST, an Individual, and,
STEPHEN JOHNSON, an Individual,

Defendants.
_____/

### PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN OPPOSITION
### TO DEFENDANTS' MOTION TO DISQUALIFY PLAINTIFF'S COUNSEL

      Pursuant to this Court's Order [DE 402], Plaintiff Armor Screen Corporation files this supplemental memorandum in opposition to Defendant's Motion to Disqualify Plaintiff's Counsel [DE 394]. Based on the law and facts presented below and in Plaintiff's Memorandum in Opposition [DE 400], Defendants have not met the burden necessary for the extraordinary and harsh remedy of depriving a party of the right to counsel of its choice under the appearance of impropriety standard or under any of the Rules Regulating the Florida Bar. Accordingly, Defendants' Motion should be denied.

The Standard for Disqualification under Florida Law

In its Order, the Court noted the following three cases: *Herrmann v. Gutterguard, Inc.*, 199 Fed.Appx. 745 (11th Cir. 2006), *Waters v. Kemp*, 845 F.2d 260 (11th Cir. 1988), and *First Impressions Design and Management, Inc. v. All That Style Interiors, Inc.*, 122 F.Supp.2d 1352 (S. D. Fla. 2000). The Court asked Defendants to discuss the effect of these decisions on the continued validity of the appearance of impropriety disqualification standard.

Defendants are correct in noting that *Herrmann* and *Waters* are distinguishable from and inapplicable to the present case. These cases arose out of events in Georgia and are governed by Georgia law, which includes the Georgia Rules of Professional Conduct. In each case, a violation of a specific Rule of the Georgia Rules of Professional Conduct was alleged and considered by the court. In contrast, the present case involves events that occurred in Florida and involves a Florida attorney. This matter is governed by Florida Law and possibly the Rules Regulating the Florida Bar. Thus, the discussion of the validity of the appearance of impropriety standard under Georgia law in the *Herrmann* and *Water* cases does not appear to be applicable to the present action.

However, in *First Impressions*, this Court recognized a dispute concerning whether the mere appearance of impropriety alone suffices to warrant disqualification under Florida law. The Court refused to resolve the issue, as it noted that Plaintiff failed to carry its burden even under appearance of impropriety standard.

Plaintiff is not aware of any authority that expressly overrules the appearance of impropriety standard in Florida. Thus, it appears that the appearance of impropriety standard may still be a viable basis to disqualify an attorney under Florida law.

Appearance of Impropriety

Plaintiff adopts its previous arguments made in its Memorandum in Opposition [DE 400] under the appearance of impropriety standard. In addition, Plaintiff notes that, in reaching its decision that disqualification was not warranted, the *First Impressions* court noted that:

> "Plaintiff's counsel could not point to a specifically identifiable impropriety, *i.e.*, any wrongful use of the confidential or trade secret information. Plaintiff's bare assertion that Malloy has a tactical advantage in the litigation of the suit based on the knowledge gained in the prior suit is not convincing to support Plaintiff's argument that there is an appearance of impropriety."

*First Impressions Design and Management, Inc.*, 122 F.Supp.2d at 1354.

The same bare assertions are all that Defendants stand on in their present motion. Defendants continually parrot their position that confidential information was provided to Mr. Schneider. However, according to the only contemporaneous document describing the content of the conversations in any detail – Mr. Schneider's letter to the law firm of Feldman Gale, it appears that no confidential information was ever disclosed. Tellingly, Defendants have not been able to articulate any specific confidential information that was shared. Even the contemporaneous time records of Ms. DeAngelis from Feldman Gale are general in nature and do not corroborate Defendants' allegations. Therefore, this Court should not entertain Defendants' uncorroborated allegations that confidences and strategy were shared with Mr. Schneider.

Rules Regulating the Florida Bar

Pursuant to Local Rule 11.1(C) of this Court, "[t]he standards of professional conduct of members of the Bar of this Court shall include the current Rules Regulating The Florida Bar." The Rules Regulating the Florida Bar apply in instances in which client seeking the service of an attorney as a legal advisor or advocate. No case law has been cited by Defendant in which these

3

rules are held to apply to attorney experts. Indeed, some courts have held that attorney disciplinary rules do not apply to legal experts. *See Great Lakes Dredge & Dock Co. v. Harnischfeger Corp.*, 734 F.Supp 334, 338-39 (N.D. Ill. 1990); *EEOC v. Locals 14 & 15 Int'l Union of Operating Engineers*, 1981 WL 163, *3-*4 (S.D.N.Y. 1981)(attorney-advocate and expert fulfill different functions; attorney disciplinary rules do not apply to experts). Therefore, the Rules Regulating the Florida Bar discussed below do not apply to Mr. Schneider's potential engagement as an expert and, therefore, are not an appropriate source of disqualification.

Defendant alleges that there are three rules that support disqualification in the present case, essentially taking a buck-shot approach to the rules hoping that one sticks. Defendants spend much time arguing that the present case strikes at the very heart of the Rules Regulating the Florida Bar, yet they struggle in vain to fit the case within one of the enumerated rules. However, in the end, none of the rules are applicable to the present case.

<u>Rules 4-1.9</u>

Rule 4-1.19 applies in an instance where a lawyer has <u>formerly represented</u> a client in a matter and forbids the lawyer from:

(a)     represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent; or

(b)     use information relating to the representation to the disadvantage of the former client except as rule 4-1.6 would permit with respect to a client or when the information has become generally known.

However, it is readily apparent from the plain language of this rule that it does not apply in the present case. Here, there was no prior representation of any of Defendants by Mr.

Schneider. While there may have been a meeting between Defendants' counsel and Mr. Schneider regarding his services as an expert, Defendants did not select him as their expert because his quoted fees were too high. [DE 400-1 at ¶ 17] Mr. Schneider recalls one phone conversation with an attorney from Malloy & Malloy about potentially serving as an expert. [DE 400-1 at ¶ 19] That conversation consisted, as Mr. Schneider recalls it, of a promise to forward a copy of his letter, originally sent to Ms. DeAngelis, to Malloy & Malloy. [*Id.*] Mr. Schneider had no subsequent discussions or interactions with Defendants' former or present counsel and there were no discussions with any Defendant. [DE 400-1 at ¶ 20] Mr. Schneider was never engaged as counsel and/or as an expert for any Defendant in this case. [DE 400-1 at ¶ 21]. Mr. Schneider never provided an expert report or testimony on behalf of any of the Defendants. [DE 400-1 at ¶ 22] Mr. Schneider never received compensation from any of the Defendants. [DE 400-1 at ¶ 23]. Mr. Schneider never interacted with or even met any of the named Defendants directly. [DE 400-1 at ¶ 24] His interactions were limited to discussions with Defendants' counsel, as described above. [*Id.*]

It is clear that there was no former representation of any of the Defendants by Mr. Schneider. Thus, Rule 4-1.9 does not and cannot apply. Notably, Defendants cite no authority in support of their position under this Rule. Thus, Defendants arguments for disqualification under Rule 4-1.9 are without merit and cannot stand.

Rule 4-1.10

Defendants rely on this rule in conjunction with Rule 4-1.9 to disqualify the rest of the attorneys of Mr. Schneider's firm. However, since Rule 4-1.9 is not applicable as set forth above, this Rule is not applicable and further discussion is unnecessary.

Rule 4-1.18

Defendants further point to Rule 4-1.8 in yet another misguided effort to shoehorn the present circumstances into one of the Rules Regulating the Florida Bar. This rule concerns a lawyer's duties to prospective clients. While at first blush this rule may appear to be more relevant to the present situation compared to the other rules noted by Defendants, the inapplicability of this Rule is really no different than those discussed above. Under this rule, a person is considered to be a prospective client if that person "discusses with a lawyer the possibility of forming a client-lawyer relationship with respect to a matter."

In the present case, such a discussion did not occur. Defendants were not seeking representation by Mr. Schneider as an advocate or legal advisor; rather, they sought his knowledge as a testifying expert. Indeed, Mr. Schneider's contemporaneous letter to Defendants' counsel makes clear that his role would be that of a testifying expert. [DE 394-2] This is not a client-lawyer relationship. With this understanding, it is clear that the present circumstances do not fall within Rule 4-1.18, and, as a result, there can be no impropriety here.

Defendants, in apparent recognition of their lack of footing, spend pages in their brief bemoaning the situation, yet there is no substance behind their allegations. Notably, Defendants do not cite a single case in support of their position, despite their having the burden of proving that disqualification is warranted.

In *RJSG Properties, LLC v. Marbella Condominium Developers, LLC*, 2009 WL 3581637 (N.D. Fla. 2009)(slip copy), RJSG moved to disqualify Defendant's counsel under Rule 4-1.18, among other grounds. The court denied RJSG's motion, noting that an attorney subject to Rule 4-1.18(b) is only precluded from representing "a client with interests materially adverse to those of a prospective client in the same or a substantially related matter *if the lawyer received*

6

*information from the prospective client that could be used to the disadvantage of that person in the matter.*"  *Id.* at *6.  The court went on to note that Defendant's counsel "has sworn that he is not in possession of any confidential information regarding RJSG, much less confidential information that could be used to RSJG's disadvantage."  Here, Mr. Schneider has sworn that he believes that he received no confidential information during his meetings/telephone conferences with Defendants' counsel.  [DE 400-1 at ¶ 25].

Moreover, Mr. Schneider's recollection is supported by documentary evidence in the form of a comprehensive, essentially contemporaneous letter summarizing the entire discussion that he prepared immediately following his meeting with Defendants' counsel.  This is the best evidence of the content of the discussion and must trump Defendants' uncorroborated allegations of confidential information and litigation strategy being discussed.

Thus, for the same reasons set forth in *RJSG Properties*, Defendants cannot avail themselves of Rule 4-1.18 as a basis for disqualification.

Conclusion

The law places great importance on the ability of a party to select its own counsel and such selection is not to be overturned without credible justification.  In this case, there are no facts and circumstances that would warrant depriving Plaintiff of its choice of counsel.  Defendants have failed to provide sufficient justification on this record and under the prevailing disqualification standards to penalize Plaintiff, by resorting to the drastic remedy of disqualification under the unique and limited circumstances of this case.

For each of the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendants' Motion to Disqualify Plaintiff's Counsel in all respects.

Respectfully submitted,

Dated:  January 19, 2010    /s/ J. Rodman Steele, Jr.
West Palm Beach, Florida    J. Rodman Steele, Jr. (Florida Bar No. 356786)
E-mail:  rodman.steele@novakdruce.com
Jerold I. Schneider (Florida Bar No. 0026975)
E-mail:  jerold.schneider@novakdruce.com
**NOVAK  DRUCE + QUIGG LLP**
525 Okeechobee Blvd., 15th Floor
West Palm Beach, FL 33401
Telephone: 561-847-7800
Facsimile: 561-847-7801
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that on January 19, 2010, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                      By:  /s/ J. Rodman Steele, Jr.
                            J. Rodman Steele, Jr.

**SERVICE LIST**
Armor Screen Corporation v. Storm Catcher Inc., et al.
Case No. 07-81091-Civ (RYSKAMP/VITUNIC)
United States District Court, Southern District of Florida

JOHN FULTON, JR
jfulton@malloylaw.com
ANDREW WILLIAM RANSOM
aransom@malloylaw.com
BENJAMIN MICHAEL HANRAHAN
bhanrahan@malloylaw.com
DAVID ANDREW GAST
dgast@malloylaw.com
OLIVER ALAN RUIZ
oruiz@malloylaw.com
RAQUEL AURORA REGALADO-HERRERA
rregalado@malloylaw.com
**MALLOY & MALLOY**
2800 S.W. 3rd Avenue
Miami, FL 33129
Telephone:  305-858-8000
Facsimile:   305-858-0008
*Attorneys For Defendants Storm Catcher Inc.*
*Storm Smart Industries, Inc., Storm Smart*
*Building Systems, Inc., Storm Smart Sales, Inc.,*
*Smart Tracks, Inc. and Brian Rist*

Served Via CM/ECF Notice Of Electronic Filing

PETER SCOTT BAUMBERGER
psb@kubickidraper.com
**LAW OFFICES OF KUBICKI DRAPER**
25 W. Flagler Street
Penthouse
Miami, FL 33130
Telephone 305-374-1212
Fax: 305-374-7846
*Attorneys For Intervenor Defendant FCCI*
*Insurance Group, Inc.*

Served Via CM/ECF Notice Of Electronic Filing

CLIFFORD LAWRENCE ROSTIN
clifford.rostin@kaplanzeena.com
**KAPLAN ZEENA**
2 South Biscayne Blvd
One Biscayne Tower, Suite 3050
Miami, Fl 33131
Telephone 305-530-0800
Fax 305-530-0801
*Attorneys For Defendants Storm Catcher Inc.*
*Storm Smart Industries, Inc., Storm Smart*
*Building Systems, Inc., Storm Smart Sales, Inc.,*
*Smart Tracks, Inc. and Brian Rist*

Served Via CM/ECF Notice Of Electronic Filing

THOMAS JOSEPH CALDWELL
tcaldwell@waltonlantaff.com
MICHAEL R. JENKS
mjenks@waltonlantaff.com
LAWRENCE D. SMITH
lsmith@waltonlantaff.com
**WALTON LANTAFF**
9350 S Dixie Highway
10th Floor
Miami, FL 33156
Telephone:  (305) 671-1300
Facsimile: (305) 670-7065
*Attorneys For Defendant Stephen Johnson*

Served Via CM/ECF Notice Of Electronic Filing